UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MARIA JACKSON,

                Plaintiff,

               -against-                                  08 Civ. 1064 (LAK)

THE SCOTTS COMPANY,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        This action was commenced by Maria Jackson against The Scotts Company ("Scott") in New York Supreme Court, Bronx County. Scott removed it to this Court on the basis of diversity of citizenship.

        This is an employment discrimination case. The complaint contains nine claims for relief. The first six are for discrimination and retaliation, and aiding and abetting violations of the New York State and New York City Human Rights Laws. The last three are for common law defamation, "economic discrimination in violation of New York State law," and breach of an implied contract to act in good faith.

        Plaintiff has moved to remand the action to the state court under 28 U.S.C. § 1445(c), which precludes the removal from a state court of a civil action "arising under the workmen's compensation laws of such State." The notice of motion, signed by plaintiff's counsel, Sandra D. Frelix, Esq., states that "[t]he plaintiff in this case has claims of disparate treatment and retaliation against the defendant arising under New York state worker's compensation laws." In violation of S.D.N.Y. Civ. R. 7.1, the motion is unaccompanied by a memorandum of law.

        The motion to remand is patently frivolous, as the 35-page complaint does not even mention, let alone assert a claim arising under, the New York Worker's Compensation Law. Indeed, the word "worker" does not appear in the entire pleading.

        In consequence, the motion to remand [docket item 7] is denied. In addition, it appears to the Court that the quoted statement in the notice of motion is so devoid of legal or factual

2

support as to suggest that plaintiff's counsel, Ms. Frelix, violated Fed. R. Civ. P. 11(b)(2) and/or 11(b)(3). Accordingly, Ms. Frelix shall show cause, on or before March 4, 2008, why she should not be sanctioned accordingly.

It must also be said that our Clerk's Office erred in entering this case on the docket with The Scotts Company as the plaintiff and Ms. Jackson as the defendant. The caption is amended to conform to that on this order. The Clerk shall make the necessary changes.

SO ORDERED.

Dated:     February 21, 2008

_____
Lewis A. Kaplan
United States District Judge