UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA JACKSON,<br><br>                Plaintiff,<br><br>        -against-<br><br>THE SCOTTS COMPANY<br><br>                Defendant. | 08 Civ. 1064 (LAK) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PARTIAL MOTION DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Craig S. Friedman (CF-1988)
Matthew W. Lampe (*pro hac vice*
application pending)
JONES DAY
222 East 41st Street
New York, New York 10017
(212) 326-3939
Attorneys for Defendant

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... iii

PRELIMINARY STATEMENT ................................................................. 1

BACKGROUND AND PROCEDURAL HISTORY.................................. 3

ARGUMENT........................................................................................... 4

POINT I   PLAINTIFF HAS FAILED TO STATE A CLAIM UPON
WHICH RELIEF MAY BE GRANTED IN CAUSES OF
ACTION FOUR THROUGH ELEVEN AND, THEREFORE,
THE COURT SHOULD DISMISS THESE CLAIMS WITH
PREJUDICE ......................................................................... 5

A.   The Court Should Dismiss Plaintiff's New York City Human
Rights Law Claims............................................................. 5

1.   Plaintiff Alleges Only Isolated Incidents Within The City
Of New York........................................................... 5

2.   Plaintiff Alleges No Incident Within The City Of New
York As To Her Retaliation Claim ............................. 6

B.   The Court Should Dismiss Plaintiff's Defamation Claim Because It
Is Barred By The One-Year Statute Of Limitations Of CPLR § 215 ....... 7

C.   The Court Should Dismiss Plaintiff's Claim For Economic
Discrimination Because No Such Cause Of Action Exists Under
New York State Law............................................................. 8

D.   The Court Should Dismiss Plaintiff's Breach Of Implied Contract
To Act In Good Faith Because Plaintiff Has Failed To Plead
That She Had A Written Employment Agreement With Scotts ............... 8

E.   The Court Should Dismiss Plaintiff's Failure To Accommodate
Claim Because She Failed To Plead That She Requested, Or Was
Denied, A Reasonable Accommodation For A Disability...................... 10

1.   Applicable Legal Principles........................................ 10

2.   Plaintiff Failed To Plead That She Requested A Reasonable
Accommodation............................................................ 10

a.   Plaintiff Does Not Allege That She Requested A
Reasonable Accommodation For Her Purported
2005 Back Injury Or That Scotts Refused To
Provide Such An Accommodation................................... 11

# TABLE OF CONTENTS
(continued)

**Page**

          b.     Plaintiff Does Not Specify What Accommodation She Requested After Her 2003 Hernia Surgery And, In Any Event, Concedes That She Could Not Perform The Activities Of Her Position With A Reasonable Accommodation ........................................... 11

    F.    The Court Should Dismiss Plaintiff's Equal Protection Claim Because She Failed To Plead That Scotts Is A State Actor ..................... 13

POINT II    THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR A DECLARATORY JUDGMENT BECAUSE PLAINTIFF HAS ADEQUATE ALTERNATIVE REMEDIES ......................................... 14

POINT III    THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES AND ATTORNEYS' FEES BECAUSE THOSE REMEDIES ARE NOT AVAILABLE UNDER THE NYSHRL ................................................................................................. 14

POINT IV    THE COURT SHOULD DISMISS PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS AS TIME BARRED TO THE EXTENT THEY ARE BASED ON ACTS OCCURRING PRIOR TO DECEMBER 21, 2004 ......................................................................... 15

CONCLUSION ................................................................................................. 17

## **TABLE OF AUTHORITIES**

**Cases**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955 (2007) .................................... 4, 11

*BGW Dev. Corp. v. Mt. Kisco Lodge No. 1552*, 247 A.D.2d 565,
   669 N.Y.S.2d 56 (2d Dep't 1998) ......................................................................... 14

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ....................................... 12

*Cruise v. Doyle*, 07 Civ. 3940 (WHP), 2008 WL 116703 (S.D.N.Y. Jan. 9, 2008) ..................... 4

*Duffy v. Drake Beam Morin*, 96 Civ. 5606, 1998 WL 252063 (S.D.N.Y. May 19, 1998) ........... 5

*Feeney v. Marine Midland Banks, Inc.*, 180 A.D.2d 477,
   579 N.Y.S.2d 670 (1st Dep't 1992) ......................................................................... 9

*Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 786 N.Y.S.2d 382 (2004) ................... 7, 16

*Funcia v. NYSE Group*, 07 Civ. 1745 (RWS),
   2007 WL 4276897 (S.D.N.Y. Dec. 3, 2007) ......................................................... 4, 12

*Gillingham v. Geico Direct*, 06 CV 2915 (NGG) (MLO),
   2008 WL 189671 (E.D.N.Y. Jan. 18, 2008) ............................................................. 13

*Hayut v. State University of N.Y.*, 352 F.3d 733 (2d Cir. 2003) ................................... 13

*Hispanic AIDS Forum v. Estate of Bruno*, 16 Misc.3d 960,
   839 N.Y.S.2d 691 (Sup Ct., N.Y. Cnty. 2007) ................................................... 10, 12

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) ................................................................. 4

*Kassner v. 2nd Avenue Delicatessen, Inc.*, 496 F.3d 229 (2d Cir. 2007) ........................... 16

*Kauffman v. Maxim Healthcare Services, Inc.*, 509 F. Supp. 2d 210 (E.D.N.Y. 2007) ............. 15

*Kendricks v. Westhab, Inc.*, 163 F. Supp. 2d 263 (S.D.N.Y. 2001),
   *aff'd*, 40 Fed. Appx. 619 (2d Cir. 2002)........................................................... 11, 13

*Madera v. Metropolitan Life Ins. Co.*, 99 Civ. 4005 (MBM),
   2002 WL 1453827 (S.D.N.Y. July 3, 2002) ....................................................... 8, 9

*McCormick v. Chase*, 05 Civ. 10576 (TPG),
   2007 WL 2456444 (S.D.N.Y. Aug. 29, 2007)......................................................... 15

*McIntosh v. Covenant House*, 05 Civ. 9973 (CM),
   2007 WL 1946540 (S.D.N.Y. June 28, 2007) ......................................................... 7

## TABLE OF AUTHORITIES
(continued)

**Page**

*McKenzie v. Meridian Capital Group LLC*, 8 Misc.3d 1005,
   801 N.Y.S.2d 778 (Sup. Ct., Kings Cnty. 2005) ............................................................ 10, 12

*McKenzie v. Meridian Capital Group LLC*, 35 A.D.3d 676,
   829 N.Y.S.2d 129 (2d Dep't 2006).................................................................................. 10, 13

*National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061 (2002) ................... 15

*People v. Kern*, 75 N.Y.2d 638, 555 N.Y.S.2d 647 (1990) .................................................... 13-14

*Plant v. Deutsche Bank Securities, Inc.* 07 Civ. 3498 (AKH),
   2007 WL 2187109 (S.D.N.Y July 23, 2007)........................................................................ 16

*Quinn v. Green Tree Credit Corp.*, 159 F.3d 759 (2d Cir. 1998)............................................... 16

*Rahiym-Amir v. Bellamy of Corinth, Inc.*, 1:04 CV 121 (FJS/RFT),
   2007 WL 4573409 (N.D.N.Y. Dec. 26, 2007)...................................................................... 15

*Riccardi v. Cunningham*, 291 A.D.2d 547, 737 N.Y.S.2d 871 (2d Dep't 2002) .......................... 9

*Richards v. City of New York*, 05 CV 1163 (SLT),
   2007 WL 1030294 (E.D.N.Y. March 30, 2007) .................................................................. 17

*Rios v. Metropolitan Transit Authority*, 6 Misc.3d 1006(A),
   800 N.Y.S.2d 355 (Sup. Ct., Richmond Cnty. 2004) ........................................................... 14

*Romanello v. Shiseido Cosmetics Am. Ltd.*, 00 Civ. 7201,
   2002 WL 31190169 (S.D.N.Y. Sept. 30, 2002)................................................................... 10

*Sabetay v. Sterling Drug, Inc.*, 69 N.Y.2d 329, 514 N.Y.S.2d 209 (1987) ................................ 9

*Salvatore v. KLM Royal Dutch Airlines*, 98 Civ. 2450 (LAP),
   1999 WL 796172 (S.D.N.Y. Sept. 30, 1999)................................................................ 5, 6, 7

*Shamley v. ITT Corp.*, 869 F.2d 167 (2d Cir. 1989) .................................................................. 7

*Starr v. Time Warner, Inc.*, 07 Civ. 5871 (DC),
   2007 WL 4144627 (S.D.N.Y. Nov. 21, 2007).............................................................. 4, 5, 6

*Under 21 v. City of New York*, 65 N.Y.2d 344, 492 N.Y.S.2d 522 (1985)................................. 15

*Wahlstrom v. Metro-North Commuter R.R. Co.*, 89 F. Supp. 2d 506 (S.D.N.Y. 2000) ............... 5

**TABLE OF AUTHORITIES**
(continued)

**Page**

<u>**Constitutions, Statutes and Rules**</u>

Federal Rule of Civil Procedure 12(b)(6) ............................................................. 4, 5, 7, 14, 15, 17

N.Y. Const. art. 1, § 11 ............................................................................................... 13

N.Y.C. Admin. Code § 2-201 ....................................................................................... 5

N.Y.C. Admin. Code § 8-502(d) ................................................................................. 16

N.Y.C. Admin. Code § 8-107(1)(a) .............................................................................. 8

N.Y. C.P.L.R. § 214(2) ................................................................................................. 16

N.Y. C.P.L.R. § 215(3) ................................................................................................... 7

N.Y. Exec. L. § 292[21] ........................................................................................... 10, 12

N.Y. Exec. L. § 296(1)(a) .............................................................................................. 8

N.Y. Gen. Mun. L. § 239-s ........................................................................................... 5

## PRELIMINARY STATEMENT

Plaintiff Maria Jackson ("Jackson" or the "Plaintiff") is a former Sales Merchandising Manager for Defendant The Scotts Company LLC (incorrectly named in the Complaint as "The Scotts Company") ("Scotts" or the "Defendant") who, according to the Complaint, "received exemplary job performance appraisals," had a supervisor who "raved about her performance," and received salary increases during her employment with Scotts. Nevertheless, in Causes of Action One through Six of her Complaint, Plaintiff claims that she was terminated on the basis of her race and in retaliation for making a complaint of discrimination in violation of the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"), was harassed on the basis of her race, and that Scotts aided and abetted violations of these statutes. In Causes of Action Seven through Eleven, respectively, Plaintiff asserts claims for defamation, "economic discrimination in violation of New York State law," breach of implied contract to act in good faith, failure to provide a reasonable accommodation, and violations of the Equal Protection provision of the New York State Constitution. Plaintiff also seeks punitive damages and attorneys' fees as remedies for these alleged violations.

Causes of Action Four through Eleven should be dismissed on the grounds that Plaintiff has failed to state a cause of action for any of these claims. Each of these claims suffers from fatal legal flaws that are readily apparent from the face of the Complaint.

First, Plaintiff's NYCHRL claims (Causes of Action Four through Six) should be dismissed because Plaintiff has failed to plead that all or a substantial part of the alleged discrimination occurred in New York City as is required to state a claim under the NYCHRL.

Second, Plaintiff's defamation claim (Cause of Action Seven) should be dismissed because it is time-barred by New York's one-year statute of limitations. The Complaint includes no factual allegations subsequent to her June 2005 termination—meaning her defamation claim

expired (at the latest) in June 2006, more than one year prior to the filing of the Complaint in December 2007.

Third, Plaintiff's claim for "economic discrimination in violation of New York State law" (Cause of Action Eight) should be dismissed because no such cause of action exists under the common law or any New York State or City statute.

Fourth, Plaintiff's claim for breach of implied contract to act in good faith (Cause of Action Nine) should be dismissed because this cause of action is not available to at-will employees and Plaintiff does not allege that she had an employment contract or any other agreement that would overcome the presumption that she was an employee at-will.

Fifth, Plaintiff's NYSHRL failure to accommodate claim (Cause of Action Ten) should be dismissed because she failed to allege that she requested, or was denied, a reasonable accommodation for a disability—both essential elements of her claim. Plaintiff points to two examples of an alleged failure to accommodate. Plaintiff alleges that Defendant failed to accommodate her after "her back went completely out." Plaintiff, however, does not allege that she requested or that Scotts denied any accommodation, much less a reasonable one. To the contrary, the Complaint shows that Scotts granted the only reasonable accommodation requested at the time—a leave of absence. With regard to the second example, a purported failure to accommodate her after hernia surgery, Plaintiff alleges that her doctor provided her supervisor with a statement describing her condition. Nowhere, however, does Plaintiff allege that she requested or was denied a particular accommodation. Regardless, Plaintiff concedes that even with a reasonable accommodation, she could not perform an essential function of her job—an admission fatal to her claim.

Sixth, Plaintiff's Equal Protection claim (Cause of Action Eleven) should be dismissed because Plaintiff failed to allege that Scotts is a state actor, an essential element of her claim.

The Court should likewise dismiss Plaintiff's request for a declaratory judgment because Plaintiff has adequate alternative remedies available for her remaining allegations.

All that remains are Plaintiff's claims under the NYSHRL (Causes of Action One through Three). Punitive damages and attorneys' fees, however, are unavailable under this statute. The Court, therefore, should also dismiss Plaintiff's claims for punitive damages and attorneys' fees.

In any event, Plaintiff's claims of discrimination, retaliation and aiding and abetting under the NYSHRL and NYCHRL (Causes of Action One through Six) should likewise be dismissed to the extent they are based on discrete events occurring prior to the expiration of the three-year NYSHRL and NYCHRL statute of limitations. As Plaintiff did not file the instant action until December 21, 2007, the Court should preclude Plaintiff from asserting any discrete acts occurring prior to December 21, 2004 in support of these claims.

## BACKGROUND AND PROCEDURAL HISTORY[1]

Scotts hired Plaintiff in a seasonal position as a Merchandiser in April 2001 and subsequently promoted her to the position of Sales Marketing Manager on or about December 14, 2001. (Complaint ¶¶ 10-11.)[2] Plaintiff "received exemplary job performance appraisals" and her supervisor District Manager Patrick McGarr ("McGarr") "raved about her performance" and increased her salary. (*Id.* at ¶¶ 14, 81.) In or about January 2005, when Plaintiff's "back went completely out," she was granted a medical leave of absence and received short-term disability

---

[1] Although Defendant denies the material allegations of the Complaint, Defendant will assume them to be true solely for the purposes of this motion.

[2] A copy of the Complaint is Exhibit 1 to the Declaration of Craig S. Friedman, signed on March 7, 2008, submitted in support of Defendant's motion to dismiss, and referred to as "Friedman Decl."

benefits. (*Id.* at ¶ 192.)  Plaintiff was unable to return to work and, in or about June 2005, Defendant terminated Plaintiff's employment. (*Id.* at ¶ 193.)

Plaintiff filed this action in the Supreme Court of the State of New York, Bronx County, on December 21, 2007, and Defendant timely removed the matter to this Court on February 1, 2008. (Friedman Decl., Ex. 2. ¶¶ 2-3.)

## **ARGUMENT**

As the United States Supreme Court recently clarified, to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a complaint must contain "more than labels and conclusions" — it must "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (2007).  The Second Circuit has interpreted this to be a "flexible plausibility standard," meaning that a pleader must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).  Dismissal is warranted when Plaintiff fails to do so. *Id.*  In addition, "[d]ismissal is proper where a plaintiff fails to plead the basic elements of a claim." *Cruise v. Doyle*, 07 Civ. 3940 (WHP), 2008 WL 116703, at *2 (S.D.N.Y. Jan. 9, 2008); *Funcia v. NYSE Group*, 07 Civ. 1745 (RWS), 2007 WL 4276897, at *2 (S.D.N.Y. Dec. 3, 2007) ("dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief") (citation omitted).  Likewise, "bald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations and will not defeat a motion to dismiss." *Starr v. Time Warner, Inc.*, 07 Civ 5871 (DC), 2007 WL 4144627, at *2 (S.D.N.Y. Nov. 21, 2007).  Applying this standard, the Court should dismiss (i) Causes of Action Four through Eleven, (ii) Plaintiff's request for a declaratory judgment (iii) Plaintiff's request for punitive damages and attorneys' fees as to Causes of Action One through Three, and (iv) Causes of Action One

through Three and, to the extent they otherwise survive, Causes of Action Four through Six to

the extent they are based on discrete acts that are time barred by the NYSHRL and NYCHRL.

## POINT I

## PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED IN CAUSES OF ACTION FOUR THROUGH ELEVEN AND, THEREFORE, <u>THE COURT SHOULD DISMISS THESE CLAIMS WITH PREJUDICE</u>

A.    <u>The Court Should Dismiss Plaintiff's New York City Human Rights Law Claims</u>

1.    **Plaintiff Alleges Only Isolated Incidents Within The City Of New York**

In her Fourth, Fifth, and Sixth causes of action, respectively, Plaintiff brings claims for

discrimination, retaliation, and aiding and abetting under the NYCHRL.  (Complaint ¶¶ 209-224.)

To state a claim under the City Human Rights law, "'a plaintiff must allege that he was

discriminated against by the defendant within New York City.'" *Starr*, 2007 WL 4144627 at *5

(quoting *Duffy v. Drake Beam Morin*, 96 Civ. 5606, 1998 WL 252063, at *11 (S.D.N.Y. May 19,

1998)); *see also* N.Y. Gen. Mun. L. § 239-s; N.Y.C. Admin. Code § 2-201.  That is, the "City

HRL applies only to acts occurring within the boundaries of New York City." *Salvatore v. KLM*

*Royal Dutch Airlines*, 98 Civ. 2450 (LAP), 1999 WL 796172, at *16 (S.D.N.Y. Sept. 30, 1999).

Where a plaintiff pleads that some discriminatory acts occurred within New York City, while

others occurred outside of New York City, to avoid dismissal pursuant to FRCP 12(b)(6) the

plaintiff must "allege that the whole or substantial part of the discrimination occurred in New

York City." *Id.* at *17 (dismissing NYCHRL claims where "offensive acts occurred on isolated

incidents in New York City"); *see also Wahlstrom v. Metro-North Commuter R.R. Co.*, 89 F.

Supp. 2d 506, 527 (S.D.N.Y. 2000) (dismissing NYCHRL hostile work environment claim

because the only remark alleged to have been made in New York City, "standing alone, hardly

constitutes sexual harassment, let alone a hostile work environment.")

The Court should dismiss Plaintiff's NYCHRL discrimination, retaliation, and aiding and abetting claims because, in her 34-page, 253-paragraph Complaint, Plaintiff pleads just three isolated incidents "occurring within the boundaries of the City of New York" in four years of employment. Specifically, Plaintiff claims that, in March 2003, she was working from a Home Depot store in The Bronx when McGarr allegedly informed her by telephone that she would have to delay her hernia surgery, and, on two occasions McGarr had advertising materials delivered to Plaintiff's home in Springfield Gardens, Queens. (Complaint ¶¶ 35, 48, 67.)

However, Plaintiff pleads a lengthy series of incidents occurring outside of New York City. *See, e.g.,* Complaint ¶¶ 15-17 (Farmingdale, New York), ¶¶ 22-30 (Naples, Florida), ¶¶ 36 (eastern Long Island), ¶¶ 39-44 (Long Island), ¶¶ 81-85 (Jericho, New York), ¶¶ 87-95 (Jericho, New York), ¶¶ 96-109 (Jericho, New York), ¶¶ 47-78 (Naples, Florida). As to the remainder of the incidents, Plaintiff fails to plead where such incidents occurred. Plaintiff's discrimination, retaliation, and aiding and abetting claims under the NYCHRL, therefore, should be dismissed because Plaintiff has failed to satisfy her burden of pleading that a "whole or substantial part of the discrimination occurred in New York City." *Salvatore*, 1999 WL 796172 at *17 (granting FRCP 12(b)(6) motion to dismiss NYCHRL claims); *Starr*, 2007 WL 4144627 at *5 (same).

**2.    Plaintiff Alleges No Incident Within The City Of New York As To Her Retaliation Claim**

Indeed, Plaintiff's NYCHRL retaliation claim (Fifth Cause of Action) should be dismissed because she failed to plead that she was subject to any adverse employment action within New York City. To state a claim for retaliation under the NYCHRL, Plaintiff must allege that (1) she has engaged in a protected activity, (2) Defendant was aware of the protected activity, (3) she suffered an adverse employment action based upon her activity, and (4) there is a causal

connection between the protected activity and the adverse action.  *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 312-13, 786 N.Y.S.2d 382, 396 (2004).

Plaintiff only alleges one protected activity and one subsequent adverse action: a complaint of discrimination to McGarr in Naples, Florida in December 2004 and her termination in June 2005.  (Complaint ¶¶ 180, 193.)  Plaintiff makes no attempt to allege that her termination "occurred in New York City" because, at the time of her termination, she was not working.  As Plaintiff does not allege that any adverse employment action occurred within New York City, she has failed to state a claim of retaliation under the NYCHRL.  *Salvatore*, 1999 WL 796172 at *17 (dismissing NYCHRL retaliation claim where plaintiff failed to allege substantial retaliatory acts occurring within New York City).  Accordingly, the Court should dismiss Plaintiff's claims under the NYCHRL.

**B.      The Court Should Dismiss Plaintiff's Defamation Claim Because It Is Barred By The One-Year Statute Of Limitations Of CPLR § 215**

In her Seventh Cause of Action, Plaintiff claims that Defendant defamed her.  (Complaint ¶¶ 225-30.)  The statute of limitations for bringing a defamation claim in New York is one year.  N.Y. C.P.L.R. § 215(3); *Shamley v. ITT Corp.* 869 F.2d 167, 172-73 (2d Cir. 1989) (affirming dismissal of defamation claim as time-barred).  The "Factual Allegations" section of the Complaint begins with Plaintiff's hiring in April 2001 and ends with the termination of her employment in June 2005.  (Complaint ¶¶ 10, 193-95.)  This claim is not timely because Plaintiff did not file this action until December 2007—more than one year after the limitations period expired in June 2006.  *McIntosh v. Covenant House*, 05 Civ. 9973 (CM), 2007 WL 1946540, at *6 (S.D.N.Y. June 28, 2007) (dismissing defamation claim pursuant to FRCP 12(b)(6) where limitations period had expired more than one year prior to filing of the complaint).  Accordingly, the Court should dismiss Plaintiff's defamation claim.

**C.    The Court Should Dismiss Plaintiff's Claim For Economic Discrimination**
**Because No Such Cause Of Action Exists Under New York State Law**

In her Eighth Cause of Action, Plaintiff alleges that Defendant "unlawfully subjected

plaintiff to economic discrimination in violation of New York state law." (Complaint ¶¶ 231-

236.)  This is separate from her race discrimination claims under the NYSHRL and NYCHRL

(*Compare* Complaint ¶¶ 196-200 *and* ¶¶ 209-13 *with* ¶¶ 231-36.)  Plaintiff, however, points to no

New York State statute or common law principle to support such a claim.  Not surprisingly,

economic status is not a protected category under either the NYSHRL or NYCHRL.  *See* N.Y.

Exec. L. § 296(1)(a) ("It shall be an unlawful discriminatory practice . . . [f]or an employer . . .

because of the age, race, creed, color, national origin, sexual orientation, military status, sex,

disability, predisposing genetic characteristics, or marital status of any individual" to discharge

or discriminate against such individual in compensation or in terms, conditions, or privileges of

employment.); N.Y.C. Admin. Code § 8-107(1)(a) ("It shall be an unlawful discriminatory

practice . . . [f]or an employer . . . because of the actual or perceived age, race, creed, color,

national origin, gender, disability, marital status, partnership status, sexual orientation or alienage

or citizenship status of any person . . . to discriminate against such person in compensation or in

terms, conditions or privileges of employment.").  Accordingly, the Court should dismiss

Plaintiff's claim of "economic discrimination."

**D.    The Court Should Dismiss Plaintiff's Breach Of Implied Contract**
**To Act In Good Faith Claim Because Plaintiff Has Failed To Plead**
**That She Had A Written Employment Agreement With Scotts**

In her Ninth Cause of Action, Plaintiff claims that Defendant breached its implied

contract to Plaintiff to act in good faith.  (Complaint ¶¶ 237-242.)  In the employment context,

"[i]t is well settled that New York law does not recognize [a breach of implied contract to act in

good faith] cause of action for at-will employees."  *Madera v. Metropolitan Life Ins. Co.*, 99 Civ.

4005 (MBM), 2002 WL 1453827, at *9 (S.D.N.Y. July 3, 2002).  An at-will employment

relationship is presumed absent an agreement fixing the duration of employment.  *Feeney v.*

*Marine Midland Banks, Inc.*, 180 A.D.2d 477, 478, 579 N.Y.S.2d 670, 672 (1st Dep't 1992)

("'absent an agreement establishing a fixed duration, an employment relationship is presumed to

be a hiring at will, terminable at any time by either party'") (quoting *Sabetay v. Sterling Drug*,

*Inc.*, 69 N.Y.2d 329, 333, 514 N.Y.S.2d 209, 211 (1987)).

In the instant case, Plaintiff has failed to plead that she had any employment agreement

with Scotts and makes no allegation that any other agreement existed that limited Defendant's

right to terminate her employment.  Thus, she has made no attempt to overcome the presumption

that she was an employee at will.  Accordingly, this Court should dismiss Plaintiff's claim for

breach of implied contract to act in good faith.  *Madera*, 2002 WL 1453827 at *9 (dismissing

claim for breach of implied covenant of good faith pursuant to FRCP 12(b)(6) because "plaintiff

has failed to allege that he was anything other than an at-will employee"); *see also Riccardi v.*

*Cunningham*, 291 A.D.2d 547, 548, 737 N.Y.S.2d 871, 872 (2d Dep't 2002) (affirming grant of

motion to dismiss because, as an at will employee, plaintiff's claim that defendant violated duty

to terminate her only in good faith "fails to state a cognizable cause of action under New York

law").

**E.    The Court Should Dismiss Plaintiff's Failure To Accommodate Claim Because
She Failed To Plead That She Requested, Or Was Denied,
A Reasonable Accommodation For A Disability**

In her Tenth Cause of Action, Plaintiff claims that Scotts violated the NYSHRL by

failing to provide her with a reasonable accommodation of a "work related injury."  (Complaint

¶¶ 243-48.)  This claim fails as a matter of law, however, because Plaintiff failed to plead that

she requested a reasonable accommodation for a disability or that Scotts denied such a request.

### 1.    Applicable Legal Principles

To state a claim for failure to accommodate a disability under the NYSHRL, a plaintiff must allege that (i) she is an individual with a disability, (ii) an employer covered by the statute had notice of this disability, (iii) with a reasonable accommodation she could perform the essential functions of the position, and (iv) the employer refused to make such accommodations. *Romanello v. Shiseido Cosmetics Am. Ltd.*, 00 Civ. 7201 (JGK), 2002 WL 31190169, at *7 (S.D.N.Y. Sept. 30, 2002). The NYSHRL only applies to "disabilities which, upon the provision of reasonable accommodations, do not prevent the [plaintiff] from performing in a reasonable manner the activities involved in the job or occupation . . . held." N.Y. Exec. L. § 292[21].  To state a claim for failure to accommodate, plaintiff has "the initial burden of alleging that he or she proposed, and was refused, an objectively reasonable accommodation." *Hispanic AIDS Forum v. Estate of Bruno*, 16 Misc.3d 960, 966, 839 N.Y.S.2d 691, 696 (Sup Ct., N.Y. Cnty. 2007).  Moreover, a claim of disability discrimination based on failure to accommodate under the NYSHRL "is not made out unless the employee's request for a reasonable accommodation has been denied by the employer." *McKenzie v. Meridian Capital Group LLC*, 8 Misc.3d 1005(A), 801 N.Y.S.2d 778, at *2 (Sup. Ct., Kings Cnty. 2005), *aff'd*, 35 A.D.3d 676, 829 N.Y.S.2d 129 (2d Dep't 2006) (citation omitted).

### 2.    Plaintiff Failed To Plead That She Requested A Reasonable Accommodation

Plaintiff's failure to accommodate claim fails because she did not plead that she requested, and was denied, a reasonable accommodation.  Plaintiff points to two incidents, neither of which is sufficient to state such a claim.

     a.     Plaintiff Does Not Allege That She Requested A Reasonable
                Accommodation For Her Purported 2005 Back Injury Or That Scotts
                <u>Refused To Provide Such An Accommodation</u>

Plaintiff claims that in January 2005 her "back went completely out which forced her to

go on short-term disability." (Complaint ¶ 192.)  With no further explanation, Plaintiff makes

the conclusory allegation that Scotts "failed to provide her with a reasonable accommodation for

her work related injury." (Complaint ¶ 195.)  This claim fails because Plaintiff did not allege

that she proposed, or that Scotts refused to provide, an accommodation. *Twombly*, 550 U.S. ___,

127 S.Ct. at 1965 (to overcome motion to dismiss, plaintiff must provide "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do").  To the

contrary, Plaintiff concedes that she was granted the only accommodation she requested at this

time—a medical leave of absence.  Based on these allegations, Plaintiff cannot state a claim for

failure to accommodate. *Kendricks v. Westhab, Inc.*, 163 F. Supp. 2d 263, 269-70 (S.D.N.Y.

2001), *aff'd*, 40 Fed. Appx. 619 (2d Cir. 2002) (granting FRCP 12(b)(6) motion to dismiss where

plaintiff failed to plead that he requested an accommodation but did plead that employer granted

a leave of absence, which is a "reasonable accommodation").

     b.     Plaintiff Does Not Specify What Accommodation She Requested
                After Her 2003 Hernia Surgery And, In Any Event, Concedes That
                She Could Not Perform The Activities Of Her Position With
                <u>A Reasonable Accommodation</u>

Plaintiff also claims that Defendant failed to provide a reasonable accommodation

subsequent to surgery in 2003.  Specifically, she claims that she had hernia surgery in June 2003,

was again hospitalized in July 2003, and returned to work in October 2003.  (Complaint ¶¶ 58-

70.)  She alleges that "in 2004" her surgeon wrote two letters to her supervisor McGarr

"requesting a reasonable accommodation" and expressing that "lifting for Mrs. Jackson was

unacceptable," but Defendant "failed to give Mrs. Jackson a reasonable accommodation." (Complaint ¶¶ 71-74.)

For two reasons, these allegations fail to state a claim of disability discrimination. Although she alleges that a doctor's note described her condition, she fails to allege what accommodation, if any, was requested. Plaintiff's vague allegations are insufficient to state a failure to accommodate claim. *McKenzie*, 801 N.Y.S.2d at *3 (granting motion to dismiss for failure to state a claim under NYSHRL where "plaintiff merely alleges that her doctor provided her with a note which stated that she would not be able to return to work prior to April 12, 2004" and "[f]rom the facts pleaded . . . the scope of the reasonable accommodation sought by plaintiff is entirely unclear"); *see also Hispanic AIDS Forum*, 839 N.Y.S.2d at 696 (granting motion to dismiss for failure to state a claim under NYSHRL where "the Complaint fails to allege that plaintiff requested any specific accommodation").

Second, Plaintiff does not state a claim for failure to accommodate because, in alleging that her doctor's note stated that all "lifting . . . was unacceptable," Plaintiff concedes that even "upon the provision of reasonable accommodations" she could not perform "in a reasonable manner the activities involved in the job or occupation . . . held." N.Y. Exec. L. § 292[21]. One of the "activities involved" in, and "minimum requirements" of, Plaintiff's position as a Sales Merchandising Manager was the "[a]bility to lift 60 lbs." (West Decl., Ex. 1.)[3] Because Plaintiff concedes that she could not perform this activity with or without a reasonable accommodation,

---

[3] References to "West Decl., Ex. 1" are to the Declaration of Carmen G. West, signed on March 7, 2008, and the exhibit attached thereto, a copy of the job description for the Sales Merchandising Manager position held by Plaintiff. "On a motion to dismiss, the Court may consider documents attached to the complaint or incorporated by reference, as well as other documents that are integral to the complaint, so long as the pleader has given notice of them or refers to them." *Funcia*, 2007 WL 4276897 at *3 (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)). Here, the Court should consider Plaintiff's job description because she refers to "her responsibilities pursuant to each of her positions" in Paragraph 13 of the Complaint and such responsibilities are integral to her failure to accommodate claim.

she cannot state a claim for failure to accommodate. *McKenzie*, 35 A.D.3d at 677, 829 N.Y.S.2d at 129 (affirming motion to dismiss where "plaintiff failed to set forth in her complaint factual allegations to show that, upon the provision of reasonable accommodations, she could perform the essential functions of her job"); *see also Kendricks*, 163 F. Supp. 2d at 269 (granting FRCP 12(b)(6) motion to dismiss where there was "nothing in the record to suggest that assigning 'light duty' would have been a reasonable accommodation" where lifting heavy objects was an essential function of the job).

Accordingly, the Court should dismiss Plaintiff's claim for failure to provide a reasonable accommodation.

**F.    The Court Should Dismiss Plaintiff's Equal Protection Claim Because She Failed To Plead That Scotts Is A State Actor**

In the Eleventh Cause Of Action, Plaintiff claims that Scotts violated the Equal Protection provision of Article 1, Section 11 of the New York State Constitution. (Complaint ¶¶ 249-53.) Courts analyze equal protection claims pursuant to Section 11 similarly to federal Equal Protection Clause claims. *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 754-55 (2d Cir. 2003). To state a claim under Section 11, therefore, Plaintiff must allege state action. *People v. Kern*, 75 N.Y.2d 638, 653, 555 N.Y.S.2d 647, 655 (1990) ("[O]ur state equal protection provision, like the Federal equal protection right, is directed at discrimination attributed to the government and requires a showing of 'State action'"); *Under 21 v. City of New York*, 65 N.Y.2d 344, 360 n. 6, 492 N.Y.S.2d 522, 529 (1985) (same).

Here, Plaintiff failed to allege that Scotts is a state actor. Because Plaintiff has omitted this essential element, the Court should dismiss Plaintiff's equal protection claim. *Gillingham v. Geico Direct*, 06 CV 2915 (NGG) (MLO), 2008 WL 189671, at *7 (E.D.N.Y. Jan. 18, 2008)

(dismissing state equal protection claim pursuant to FRCP 12(b)(6) where plaintiff "has not alleged any state action by Defendant.")

## POINT II

### THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR A DECLARATORY JUDGMENT BECAUSE PLAINTIFF HAS ADEQUATE ALTERNATIVE REMEDIES

In Paragraph A of the Complaint's "Prayer For Relief," Plaintiff claims that she is entitled to a "declaratory judgment that the actions . . . complained of herein violate the laws of the State of New York and the City of New York." However, "[i]t is well settled that '[a] cause of action for a declaratory judgment is unnecessary and inappropriate when the plaintiff has an adequate alternative remedy in another form of action.'" *Rios v. Metropolitan Transit Authority*, 6 Misc.3d 1006(A), 800 N.Y.S.2d 355, at *8 (Sup. Ct., Richmond Cnty. 2004) (quoting *BGW Dev. Corp. v. Mt. Kisco Lodge No. 1552*, 247 A.D.2d 565, 568, 669 N.Y.S.2d 56, 59 (2d Dep't 1998)). Here, it is plain from the remainder of Plaintiff's "Prayer For Relief" that she has "adequate alternative" remedies available. These include back pay, compensatory damages, and an order directing affirmative action. (Prayer For Relief ¶¶ B, C.) Accordingly, the Court should dismiss Plaintiff's request for a declaratory judgment. *Rios*, 6 Misc.3d 1006(A) at *8 (dismissing declaratory judgment claim because Plaintiff had adequate remedies under NYSHRL and NYCHRL).

## POINT III

### THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES AND ATTORNEYS' FEES BECAUSE THOSE REMEDIES ARE NOT AVAILABLE UNDER THE NYSHRL

In Paragraphs F and G of the Complaint's "Prayer For Relief," Plaintiff claims that she is entitled to punitive damages and attorneys' fees. As discussed above, Plaintiff's common law, New York State Constitution, and NYCHRL claims should be dismissed. (Point I, *supra*).

Therefore, all that remains are Plaintiff's claims of discrimination, retaliation, and aiding and abetting under the NYSHRL.  (Complaint ¶¶ 196-208.)  However, it is well-settled that punitive damages and attorneys' fees are not available under the NYSHRL.  *McCormick v. Chase*, 05 Civ. 10576 (TPG), 2007 WL 2456444, at *3 (S.D.N.Y. Aug. 29, 2007) ("punitive damages and attorneys' fees are unavailable under the state Human Rights Law"); *see also Rahiym-Amir v. Bellamy of Corinth, Inc.*, 1:04 CV 121 (FJS/RFT), 2007 WL 4573409, at *4 n. 3 (N.D.N.Y. Dec. 26, 2007) ("New York Human Rights Law does not provide for an award of attorney's fees"); *Kauffman v. Maxim Healthcare Services, Inc.*, 509 F. Supp. 2d 210, 220 n. 13 (E.D.N.Y. 2007) ("NYSHRL does not allow punitive damages").

Accordingly, the Court should dismiss Plaintiff's claims for punitive damages and attorneys' fees.  *McCormick*, 2007 WL 2456444 at *3 (granting FRCP 12(b)(6) motion to dismiss NYSHRL claims for punitive damages and attorneys' fees).

**POINT IV**

**THE COURT SHOULD DISMISS PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS AS TIME BARRED TO THE EXTENT THEY ARE BASED ON ACTS OCCURRING PRIOR TO DECEMBER 21, 2004**

In Causes of Action One through Six, Plaintiff asserts claims of race discrimination, harassment on the basis of race, retaliation, and aiding and abetting liability under the NYSHRL and NYCHRL.  (Complaint ¶¶ 196 to 224.)  As demonstrated above, Plaintiff's NYCHRL claims (Causes of Action Four through Six) should be dismissed because she has failed to plead that all or a substantial part of the alleged discrimination occurred within New York City.  Regardless, Plaintiff's NYCHRL claims should likewise be dismissed, and so should her NYSHRL claims, to the extent they are based on acts occurring prior to December 21, 2004 because such claims are time-barred.

Claims under the NYSHRL and NYCHRL are governed by a three year statute of limitations, measured from the filing of the action in court. *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998); N.Y. C.P.L.R. § 214(2); N.Y.C. Admin. Code. § 8-502(d). That is, "discrete discriminatory acts are not actionable if time barred . . . Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 2072 (2002). In the Second Circuit, discrete acts include "termination or resignation, job transfer, discontinuance of a job assignment, denial of a promotion or increased pay, or failure to compensate adequately." *Plant v. Deutsche Bank Securities, Inc.*, 07 Civ. 3498 (AKH), 2007 WL 2187109, at *2 (S.D.N.Y July 23, 2007). Although the United States Supreme Court in *Morgan* analyzed the statute of limitations applicable to Title VII, such principles apply with equal force to NYSHRL and NYCHRL claims. *Kassner v. 2nd Avenue Delicatessen, Inc.*, 496 F.3d 229, 239 (2d Cir. 2007) (applying *Morgan* to NYSHRL and NYCHRL claims); *see also Forrest*, 3 N.Y.3d at 305 n. 3, 786 N.Y.S.2d at 391 ("[t]he standards for recovery under the New York State Human Rights Law . . . are the same as the federal standards under title VII of the Civil Rights Act of 1964" and "the human rights provisions of the New York City Administrative Code mirror the provisions of the Executive Law and should therefore be analyzed according to the same standards").

In the instant case, Plaintiff filed her Complaint on December 21, 2007. (Complaint p. 34.) Therefore, applying the three year statute of limitations of the NYSHRL and NYCHRL, the Court should dismiss all of Plaintiff's discrimination claims based on discrete acts occurring prior to December 21, 2004. *See* Complaint ¶¶ 39-43 (February 2003), ¶¶ 46-53 (Spring 2003), ¶¶ 58-62 (June 2003), ¶¶ 64-70 (July to October 2003), ¶¶ 77-79 (Spring 2004), ¶¶ 81-85 (October 2003), ¶¶ 87-94 (Spring 2004), ¶¶ 128-133 (2003). Plaintiff alleges that each of these

acts occurred prior to December 21, 2004 and, therefore, the Court should preclude Plaintiff from asserting them as part for her NYSHRL and NYCHRL claims. *Richards v. City of New York*, 05 CV 1163 (SLT) (MDG), 2007 WL 1030294, at *8 (E.D.N.Y. March 30. 2007) (precluding plaintiff from asserting any discrete acts occurring prior to expiration of statute of limitations as "specific, compensable acts of discrimination" pursuant to FRCP 12(b)(6)).

## CONCLUSION

For the foregoing reasons, the Court should dismiss with prejudice (i) Causes of Action Four through Eleven, (ii) Plaintiff's request for a declaratory judgment, (iii) Plaintiff's request for attorneys' fees and punitive damages, and (iv) Causes of Action One through Three and, to the extent they otherwise survive, Causes of Action Four through Six, to the extent that they are time-barred by the NYSHRL and NYCHRL.

Dated:  March 10, 2008

JONES DAY

Craig S. Friedman (CF-1988)
Matthew W. Lampe (*pro have vice* pending)
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO

DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) to be served

on the following counsel of record this 10th day of March, 2008 by forwarding a copy, by First

Class mail, addressed to:

Sandra D. Frelix, Esq.
110 Wall Street, 11th Floor
New York, New York 10005

Craig S. Friedman