UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/21/08
```

MARIA JACKSON,

                           Plaintiff,

          -against-                                        08 Civ. 1064 (LAK)

THE SCOTTS COMPANY,

                           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

          This is an employment discrimination action. The complaint contains nine claims
for relief. The first six are for discrimination and retaliation in violation, and aiding and abetting
violations, of the New York State and New York City Human Rights Laws. The last three are for
common law defamation, "economic discrimination in violation of New York State law," and breach
of an implied contract to act in good faith.

          Defendant removed the action from the New York Supreme Court on the basis of
diversity of citizenship. Plaintiff moved to remand the action to the state court under 28 U.S.C. §
1445(c), which precludes the removal from a state court of a civil action "arising under the
workmen's compensation laws of such State." The notice of motion, signed by plaintiff's counsel,
Sandra D. Frelix, Esq., states that "[t]he plaintiff in this case has claims of disparate treatment and
retaliation against the defendant arising under New York state worker's compensation laws." In
fact, however, the complaint says nothing whatever about the worker's compensation laws.
Accordingly, by order dated February 21, 2008, the Court (1) denied the motion to remand, and (2)
directed plaintiff's counsel to show cause, on or before March 4, 2008, why she should not be
sanctioned for violating Fed. R. Civ. P. 11(b).

          Ms. Frelix failed to respond to the order to show cause. By order dated March 5,
2008, the Court found that plaintiff's counsel had violated Rule 11(b) and sanctioned her in the
amount of $750.

          Plaintiff now has filed two motions. The first seeks relief, pursuant to Fed. R. Civ.
P. 60(b), from the February 21, 2008 order. The second seeks leave to amend the complaint.

*The Rule 60(b) Motion*

Plaintiff's Rule 60(b) order seeks relief from the February 21 order. It is based on the tacit assumption that the February 21 order was entered as a result of a default. On that premise, it seeks relief from the consequences of the default on the ground that the default was attributable to Ms. Frelix having contracted the flu. She argues that the default therefore was excusable, that there is a meritorious defense, and that defendant would not be prejudiced by relieving plaintiff from the order.

The first problem with this motion is that there was no default prior to the entry of the February 21 order. Plaintiff moved to remand the action to the state court. The Court considered plaintiff's motion and denied it. So plaintiff's motion for relief from the February 21 order quite literally makes no sense at all if it is taken on its face.

Presumably what Ms. Frelix actually meant to do was to seek relief from the March 5 order, which imposed sanctions on her after she defaulted in responding to the order to show cause why sanctions should not be imposed. So the Court will treat the motion as seeking relief from that order. But even on that basis, Ms. Frelix is not entitled to relief.

The Court assumes without deciding that Ms. Frelix's illness excuses her failure to respond to the order to show cause. Even on that assumption, however, nothing she has said in support of the present motion suggests that the Court was wrong in imposing sanctions on her. The plain fact of it is that Ms. Frelix filed a motion to remand in which she asserted that the complaint contained claims "arising under New York state worker's compensation laws." That simply is not so. Having again reviewed the entire complaint, including paragraphs 47-50 and 62-63, to which Ms. Frelix now has drawn particular attention, there is nothing in the complaint that invokes the worker's compensation law and, indeed, nothing that even suggests that plaintiff was treated differently than others or retaliated against for making any claim under that statute. For that matter, the complaint does not even allege that plaintiff ever filed a worker's compensation claim.[1] Saying, as the complaint does, that she was told not to "inform corporate that she's out recovering from surgery" and that her "surgery was never reported to the Company's human resources department" (cpt ¶¶ 62-63) does not rise to the level even of an inartful attempt to assert a claim arising under the worker's compensation law.

---

[1] The Court recognizes that there is a division of authority on the question whether a claim that the plaintiff was discharged in retaliation for filing a worker's compensation claim arises under the relevant state worker's compensation law. 14C CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS 3D § 3729, at 219-20 (1998). In view of plaintiff's failure even to allege that she filed a worker's compensation claim, there is no occasion to express any view as to the proper resolution of this issue.

*The Motion for Leave to Amend*

Plaintiff moves also for leave to amend the complaint, supposedly "to repair jurisdictional allegations." [Docket item 18, at 1]   Counsel presumably means by this that she wishes to amend in order to add allegations that, in her view, might state a claim under the worker's compensation laws and, in consequence, require remand. *[See* docket item 19]

There is at least one insurmountable difficulty with that theory, if indeed it is what counsel intended: the proposed amended complaint attached to Ms. Frelix's affirmation consists only of a caption, but no text. [Docket item 19, at 4] Accordingly, even if the Court were to assume that a post-removal amendment that asserted a claim under the worker's compensation laws could defeat federal jurisdiction *after* a perfectly proper removal,[2] the fact of the matter is that the proposed amended complaint does not state such a claim or, for that matter, any other claim.  It is a sheet of paper that is entirely blank save for the caption.

*Conclusion*

Plaintiff's motions for relief from the February 21 order and for leave to amend [docket items 15 and 18] are denied.

SO ORDERED.

Dated: March 21, 2008

Lewis A. Kaplan
United States District Judge

---

[2] This is doubtful. The statute relied upon in plaintiff's prior motion to remand – 28 U.S.C. § 1445(c) – says only that an action asserting a claim under state worker's compensation law may not be removed, but does not address the question whether a properly removed action must be remanded if the plaintiff later amends the complaint to add such a claim. *See also Pope v. MCI Telecommunications Corp.,* 937 F.2d 258, 263 (5th Cir. 1991) (addition of worker's compensation claim following removal of action did not constitute removal of the action for purposes of 28 U.S.C. § 1445(c)).