UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MARIA JACKSON,

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/08

                                    Plaintiff,


          -against-                                    08 Civ. 1064 (LAK)


THE SCOTTS COMPANY,

                                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

          This is an employment discrimination action. The complaint contains eleven claims
for relief. The first six are for discrimination and retaliation in violation, and aiding and abetting
violations, of the New York State and New York City Human Rights Laws (the "NYSHRL" and
"NYCHRL," respectively.    The next three are for common law defamation, "economic
discrimination in violation of New York State law," and breach of an implied contract to act in good
faith. The last two are for disability discrimination and denial of equal protection in violation of the
State Constitution. Defendant moves to dismiss the Fourth through Eleventh Claims as well as
plaintiff's prayers for a declaratory judgment, punitive damages and attorneys fees, on various
grounds. It moves also to dismiss so much of plaintiff's NYSHRL and NYCHRL claims as are
based on events prior to December 21, 2004. Plaintiff has not responded to the motion.


          1.     The Fourth through Sixth Claims all rest on the NYCHRL and appear to allege
disparate treatment and a hostile work environment ("HWE"), retaliation, and aiding and abetting
the foregoing, respectively.


          In order to state a claim under the NYCHRL, "a plaintiff must allege that he
was discriminated against by the defendant within New York City." *Starr v. Time Warner, Inc.,* No.
07 Civ. 5871 (DC), 2007 WL 4144627, at *5 (S.D.N.Y. Nov. 21, 2007) (internal quotation marks
and citation omitted). Where a complaint asserts some acts within an some without the City, the
complaint must allege that at least "a substantial part of the discrimination occurred" here. *See
Salvatore v. KLM Royal Dutch Airlines,* No. 98 Civ. 2450 (LAP), 1999 WL 796172, at *17
(S.D.N.Y. Sept. 30, 1999). In this case, the complaint alleges only three isolated events in New York
City while alleging many that occurred elsewhere. *Compare* Cpt ¶¶ 35, 48, 67 *with id.* ¶¶ 15-17, 22-
30, 39-44, 47,-48, 81-85, 87-95, 96-109. As the complaint does not allege that a substantial part of

the discrimination occurred here, and alleges nothing in New York City with respect to her retaliation claim, the Fourth through Sixth Claims must be dismissed.

2.      The Seventh Claim, after incorporating by reference the 224 preceding paragraphs of this prolix complaint, alleges generally that defendant defamed plaintiff. There appears to be nothing in those 224 paragraphs, however, that alleges defamation. Even if there were, the complaint alleges that plaintiff left defendant's employ in June 2005, far more than one year prior to the commencement of this action. There is no allegation of a defamatory statement within one year prior to the commencement of this action. Accordingly, the Seventh Claim is barred by N.Y. CPLR § 215, subd. 3, New York's one year statute on defamation claims.

3.      The Eighth Claim alleges that defendant "subjected plaintiff to economic discrimination in violation of New York state law." The problem with this claim, however, is that there is no basis whatever for supposing that "economic discrimination," whatever precisely plaintiff may mean by that, is unlawful in New York. To the extent that plaintiff's grievance is alleged discrimination on the basis of race, she is at liberty to pursue her claims under the NYSHRL.

4.      The Ninth Claim purports to allege breach of a duty, implied in the contract of employment, to act in good faith. But there is nothing in the complaint that suggests that plaintiff was anything other than an employee-at-will. In the absence of such an allegation, plaintiff is presumed to be an at-will employee. *Feeney v. Marine Midland Banks, Inc.,* 180 A.D.2d 477, 478, 579 N.Y.S.2d 670, 672 (1st Dept. 1992). New York law not recognize such a cause of action for at-will employees. *Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, 304-05 (1983).

5.      The Tenth Claim asserts that defendant failed to provide plaintiff with a reasonable accommodation of a work related injury. But there is no allegation that plaintiff ever requested such an accommodation. As plaintiff has "the initial burden of alleging that . . . she proposed and was refused, an objectively reasonable accommodation" and otherwise came within this aspect of the NYSHRL, *Hispanic AIDS Forum v. Estate of Bruno,* 16 M.3d 960, 966, 839 N.Y.S.2d 691, 696 (Sup. Ct. N.Y. Co. 2007), this claim is legally insufficient.

6.      The Eleventh Claim purports to allege that defendant violated the Equal Protection Clause of the New York Constitution. N.Y. Const., art. I, § 11. The New York Equal Protection Clause, however, like its federal counterpart, requires state action. *People v. Kern,* 75 N.Y.2d 638, 653 (1990). There is no allegation of state action in the complaint.

7.      There is no basis for a declaratory judgment here in view of the existence of adequate alternative coercive remedies.

8.      Punitive damages and attorneys' fees are not available under the NYSHRL, which is the only surviving basis for the complaint.

3

9.    This action was commenced on December 21, 2007. The statute of limitations under the NYSHRL is three years. N.Y. CPLR § 214, subd. 2. Accordingly, plaintiff's NYSHRL claim, to the extent it is based on events prior to December 21, 2004, is time-barred.

Accordingly, defendant's motion is granted in all respects. The Fourth through the Eleventh Claims, as well as the claims for declaratory relief, punitive damages, and attorneys fees, all are dismissed. The First through the Third Claims, to the extent they are based on events prior to December 21, 2004 also are dismissed.

SO ORDERED.

Dated:    March 27, 2008

Lewis A. Kaplan
United States District Judge