UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MARIA JACKSON,

                Plaintiff,

         -against-                               08 Civ. 1064 (LAK)

THE SCOTTS COMPANY,

                Defendant.
------------------------------------x

                  **ORDER**

LEWIS A. KAPLAN, *District Judge.*

        This is an employment discrimination action that was removed from state court on the basis of diversity of citizenship. Plaintiff obviously is unhappy with the fact of the removal and has undertaken repeated and fruitless efforts to return to state court. The matter is before the Court on the latest of these, plaintiff's so-called amended motion and notice of motion to remand.

        Plaintiff initially moved to remand [docket item 7], asserting that the complaint asserted a claim under the New York Worker's Compensation Law. That motion was denied as frivolous on February 21, 2008 on the ground that the complaint did not assert a claim under the Worker's Compensation Law – indeed, it did not even contain the word "worker." [Docket item 9]

        Plaintiff then moved for leave to amend the complaint, evidently to attempt to allege a claim under the Worker's Compensation Law, assuming that such an amendment would require remand. [Docket item 18] That motion too was denied, this one on the grounds that the proposed amended complaint attached to the motion consisted exclusively of a caption, without any text. In the course of denying that motion, the Court expressed skepticism also that an amendment to assert a claim under the Worker's Compensation Law would require remand. [Docket item 21]

        Now plaintiff has filed a so-called amended motion and notice of motion to remand to the state court. [Docket item 23]

        As defendant has not answered the complaint, leave of court is not required to

2

amend.[1] Accordingly, the Court deems the proposed amended complaint attached to plaintiff's motion to have been served and filed, which takes us to the motion to remand.

The amended complaint differs from its predecessor in that it adds a twelfth cause of action. It alleges in material part only this: "Defendant knowingly or recklessly violated plaintiff's New York State Workers' Compensation Rights by subjecting plaintiff to treatment that no Caucasian employee of the defendants' [*sic*] has been subjected to." Am Cpt ¶ 265.

Racial discrimination in employment is prohibited by the New York State Human Rights Law as well as federal statutes and other provisions of law. The New York Workers' Compensation Law, however, whatever else it might proscribe, it does not appear to bar discrimination on the basis of race.

Accordingly, plaintiff shall show cause, on or before April 8, 2008, why the twelfth cause of action should not be dismissed for failure to state a claim upon which relief may be granted. Insofar as plaintiff's motion [docket item 23] seeks leave to amend, it is denied as unnecessary. Insofar as it seeks an order remanding the action, it is denied without prejudice to renewal in the event the sufficiency of the twelfth cause of action is sustained.

SO ORDERED.

Dated:     April 1, 2008

_____
Lewis A. Kaplan
United States District Judge

---

[1] As noted, the Court previously denied plaintiff's prior motion to amend. In so doing, it mistakenly adopted plaintiff's erroneous assumption that leave to amend was required.