UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MARIA JACKSON,

                Plaintiff,

      -against-                                  08 Civ. 1064 (LAK)

THE SCOTTS COMPANY,

                Defendant.
------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

      Plaintiff's counsel has advised the Court that it reached a stipulation with defendant's counsel on March 27 which, although it never was filed or approved by the Court, embodied an agreement between counsel extending plaintiff's time to respond to defendant's motion to dismiss the complaint. She requests that the Court "withdraw" its order of March 28, 2008, which granted defendant's motion, in light of that stipulation. The Court treats the letter as a motion for reconsideration.

      The motion to dismiss was served and filed on March 10. Under the individual practices of the undersigned, answering papers were due on March 24.[1] By March 28, when the Court decided the motion, no answering papers and no request for an extension of time had been granted, this against the background of a prior default by plaintiff's counsel in responding to a prior motion. *See* docket item 10. Accordingly, the Court did not overlook anything in resolving the motion before it, and plaintiff therefore is not entitled to reconsideration. *See* S.D.N.Y. CIV. R. 6.3.

      As plaintiff now has interposed an amended complaint that incorporates the causes of action previously dismiss, defendant presumably again will move to dismiss those claims on the same grounds advanced before. Plaintiff is free to resist that motion. If she offers persuasive reasons for thinking the prior ruling incorrect, the Court will not be obliged to treat the prior ruling as the law of the case.

      The motion for reconsideration is denied.

      SO ORDERED.

Dated:      April 1, 2008

                                              Lewis A. Kaplan
                                              United States District Judge

---

[1] Even if plaintiff were entitled to the benefit of Fed. R. Civ. P. 6(d) notwithstanding the Court's individual practices, they would have been due on March 27.