UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MARIA JACKSON,                                          Index No. 08 CV 1064 (LAK)

            Plaintiff,

    -against-

THE SCOTTS COMPANY,

           Defendant.
------------------------------------------------------X

---

**MEMORANDUM OF LAW IN SUPPORT OF NEW YORK WORKERS'
COMPENSATION LAW BARS DISCRIMINATION ON THE OF RACE**

---

SANDRA D. FRELIX, ESQ. (SF-0421)
110 Wall Street
11th Floor
New York, New York 10005
(212) 859-3509
Attorney for Plaintiff

# TABLE OF CONTENTS

Table of Authorities............................................................................i

Preliminary Statement.........................................................................1

Statement of Facts..............................................................................1

Procedural History.............................................................................1

Argument.........................................................................................3

    I.    NEW YORK WORKERS' COMPENSATION LAW BARS DISCRIMINATION ON THE BASIS OF RACE...............3

        A.    Legal Standard........................................................3

Conclusion.......................................................................................5

# TABLE OF AUTHORITIES

## FEDERAL STATUTES

Page

28 U.S.C. § 1441(b)..............................................................................1

28 U.S.C. § 1445(c)...........................................................................1, 2

Fed.R.Civ.P. 11(b)(2).............................................................................2

Fed.R.Civ.P. 11(b)(2).............................................................................3

## NEW YORK STATE STATUTE

McKinney's Workers Compensation Law § 120............................3, 4

## PRELIMINARY STATEMENT

On February 21, 2008 this court dismissed Plaintiff's Motion and Notice of Motion to Remand Action to State Court under 28 U.S.C.§1445(c) on the grounds that it was not accompanied by a memorandum of law, in violation of S.D.N.Y. Civ.R.7.1. Moreover, this Court assessed the undersigned with sanctions in the amount of $750.00.

## STATEMENT OF FACTS

Maria Jackson ("the Plaintiff") was an employee of The Scotts Company ("the Defendant") from April 2001 until the Defendant unlawfully terminated her in June 2005. As a result of her unlawful termination the Plaintiff filed a summons and verified complaint against the Defendant on December 21, 2007.

## PROCEDURAL HISTORY

On December 21, 2007 Plaintiff filed a summons and complaint in the Supreme Court of the State of New York, County of Bronx. The same was served upon the Defendant on January 4, 2008. The Defendant then moved this Court with a Notice of Removal of Action under 28 U.S.C. §1441(b) dated February 1, 2008. The Plaintiff responded by filing and serving a Motion and Notice of Motion to Remand Action to State Court under 28 U.S.C.§1445(c) on February 20, 2008.

However, during a February 6, 2008 telephone discussion between the undersigned and Craig S. Friedman, Esq. ("Mr. Friedman"), counsel for the Defendant, Mr. Friedman, an attorney of the law firm Jones Day, only requested an extension of time to answer the complaint from February 8, 2008 to March 10, 2008. On February 14,

1

2008 the Honorable Lewis A. Kaplan ("Judge Kaplan") granted the Defendant's Time to Answer, Move or Otherwise Respond to the Complaint to March 10, 2008.

Defendant served Plaintiff with a Partial Motion to Dismiss on March 10, 2008.

The undersigned never received the electronic notice of Judge Kaplan's February 14, 2008 endorsement letter.

As previously stated the undersigned filed and served a Motion and Notice of Motion to Remand Action to State Court under 28 U.S.C.§1445(c) on February 20, 2008. Also, on or about February 20, 2008 the undersigned began to experiencing flu like symptoms that caused the undersigned to fail to acknowledge and respond timely to Judge Kaplan's February 21, 2008 Order denying Plaintiff's Motion to Remand to State Court. The flu suffered by the undersigned lasted for about two (2) weeks.

As an unfortunate result of the undersigned's excusable neglect to respond due to illness, Judge Kaplan found that the undersigned violated Fed.R.Civ.P. 11(b)(2) and 11(b)(3) and sanctioned the undersigned to $750.00 that is to be paid on or before March 19, 2008.

It is worthy to note that the undersigned did not become aware of Judge Kaplan's February 21, 2008 electronic notice until his March 5, 2008 electronic notice.

On March 19, 2008 Plaintiff filed a Motion and Notice of Motion for Relief From Order and a Motion and Notice of Motion for Leave to Amend Pleading both were denied by Judge Kaplan on March 21, 2008.

On April 1, 2008 Judge Kaplan rendered and filed and Order requiring Plaintiff to sustain the sufficiency of the twelfth cause of action in Plaintiff's complaint.

## ARGUMENT

### I. NEW YORK WORKERS' COMPENSATION LAW BARS DISCRIMINATION ON THE BASIS OF RACE

A. <u>The Legal Standard</u>

(1) McKinney's Workers' Compensation Law §120

"It shall be unlawful for any employer or his or her duly authorized agent to discharge or in any other manner discriminate against an employee as to his or her employment because such employee has claimed or attempted to claim compensation from such employer, or because he or she has testified or is about to testify in a proceeding under this chapter and no other valid reason is shown to exist for such action by the employer."

In regard to the twelfth cause of action in plaintiff's amended complaint, Judge Kaplan in his April 1, 2008 Order states in part that: "Racial discrimination in employment is prohibited by the New York State Human Rights Law as well as federal statutes and other provisions of law. The New York Workers' Compensation Law, however, whatever else it might proscribe, it does not appear to bar discrimination on the basis of race.

However, as stated previously, McKinney's Workers' Compensation Law § 120 ("§ 120") provides in part that: "It shall be unlawful for any employer or his or her duly authorized agent to discharge *or in any other manner discriminate against an employee* (emphasis added) as to his or her employment because such employee has claimed or attempted to claim compensation from such employer, or because he or she has testified or is about to testify in a proceeding under this chapter and no other valid reason is shown to exist for such action by the employer."

3

Therefore, it is the steadfast contention of the Plaintiff and her attorney that the twelfth cause of action must be sustained due to the fact that it does indeed state a claim upon which relief may be granted. The operative language in § 120 that establishes that the twelfth cause of action is sustainable and is supported by a claim upon which relief may be granted is as follows:

"It shall be unlawful for any employer or his or her duly authorized agent to discharge *or in any other manner discriminate against an employee* (emphasis added) as to his or her employment because such employee has claimed or attempted to claim compensation from such employer, ... and no other valid reason is shown to exist for such action by the employer."

It is simply irrefutable that § 120 pronounces that it is unlawful to discriminate in **any** manner. As a result of this declaration all brands and types of discrimination are included and represented. Since the declaration does not exclude race discrimination then it is unlawful to discriminate based on race.

Although § 120 further states: "Any complaint alleging such an unlawful discriminatory practice must be filed within two years of the commission of such practice...." The New York State Workers' Compensation Board accepted her Employees' Claim for Compensation on February 20, 2008 due to the egregious conduct of the Defendant. Currently, the New York State Workers' Compensation Board is investigating her claims. (Exhibit 1)

Accordingly, the twelfth cause of action absolutely makes a charge against the Defendant based on race under Workers' Compensation Law § 120. Furthermore, said

4

charge is sustainable and must not be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing we earnestly pray that the Court will grant Plaintiff's remand motion together with such other and further relief as to this Court may deem just and proper.

Dated: New York, New York
       April 8, 2008

Yours, etc.,

SANDRA D. FRELIX, ESQ.

By:    /s/ Sandra D. Frelix
      Sandra D. Frelix, Esq. (SF-0421)
      110 Wall Street
      11th Floor
      New York, New York 10005
      (212) 859-3509

      ATTORNEY FOR PLAINTIFF

To: Craig S. Friedman, Esq. (CF-1988)
    Matthew W. Lampe, Esq. (Pro Hac Vice application pending)
    JONES DAY
    322 East 41st Street
    New York, New York 10017

    ATTORNEY FOR DEFENDANT

# EXHIBIT INDEX
# FOR PLAINTIFF'S MEMORANDUM OF LAW

1. Plaintiff's Employee's Claim for Compensation dated February 20, 2008.

**EXHIBIT 1**

# WORKERS' COMPENSATION BOARD
## EMPLOYEE'S CLAIM FOR COMPENSATION

IMPORTANT: Your Social Security Number Must Be Entered:
IMPORTANTE: El Numero de su Seguro Social Debe Ser Indicado: `0 5 6 6 4 4 2 8 6`

ANSWER ALL QUESTIONS FULLY - TYPE OR PRINT CLEARLY

WCB Case No. (If known) _____  Carrier Case No.(if known) _____

### A. Injured Person
1. Name: **MARIA** (First) **L.** (Middle) **JACKSON** (Last)
2. Mailing Address: 184-12 144 Road, Springfield Gardens, NY, 11413
3. Residential Address (if different from mailing address): 
4. Sex: ☐ Male ☑ Female  Date of Birth: 04-09-61  Telephone No. (718) 525-6637
5. Do you speak English? ☑ Yes ☐ No  If no, what language do you speak?
6. Name of union and local number, if member: N/A
7. State what your regular work/occupation was: Sales Merchandise Manager (SMM)
8. Wages or average earnings per day, including overtime, board, rent and other allowances: 650.00 Weekly Net
9. Were you paid full wages for the day of injury? ☑ Yes ☐ No
10. Your work week at time of injury was: ☐ Five day ☐ Six day ☐ Seven day ☑ Other 6½ day per week

### B. Employer(s)
1. Employer: The Scotts Company  Telephone No (900) 221-1760
2. Employer's Address: 1114 Scottslawn Road
3. Were you employed by any other employer or employers at the time of your injury/illness? ☐ Yes ☑ No
4. If yes, did you lose time from work at this other employment as a result of your injury/illness? ☐ Yes ☐ No

### C. Place/Time
1. Address where injury occurred: Home Depot Hempstead L.I.  County: Nassau
2. Date of Injury: 1-8-05  at 7:00 o'clock, ☑ AM ☐ PM

### D. The Injury
1. How did injury/illness occur? While I was lifting Boxes of Miracle Gro Fertilizer I felt a pop and then a pulling in my back, then pain in my lower back
2. Did anyone witness the injury? ☐ Yes ☑ No  If yes, name(s)
3. Is the injury the result of the use or operation of a motor vehicle? ☐ Yes ☑ No  If Yes, ☐ your vehicle ☐ employer's vehicle  If your vehicle was involved, give name & address of your motor vehicle (No-Fault) insurance carrier.

### E. Nature and Extent of Injury/Illness
1. State fully the nature of your injury/illness, including all parts of body injured: L 3-4-5-6-7 Herniated Disk Lumbar my lower Back, Right Arm, Neck Disc Bulges
2. Date you stopped work because of this injury/illness?
3. Have you returned to work? ☐ Yes ☑ No  If yes, on what date?
4. Does injury/illness keep you from work? ☑ Yes ☐ No
5. Have you done any work during period of disability? ☐ Yes ☑ No
6. Have you received any wages since your injury/illness? ☐ Yes ☑ No

### F. Medical Benefits
1. Did you receive or are you now receiving medical care? ☑ Yes ☐ No
2. Are you now in need of medical care? ☑ Yes ☐ No
3. Name of attending doctor: Richard Matteo, James Liguori, Richard OBEDIEN
   Doctor's address:
4. If you were in a hospital, give the dates hospitalized: No
   Name of hospital:
   Hospital's Address:

### G. Comp. Payments
1. Have you received or are you now receiving workers' compensation payments for the injury reported above? ☐ Yes ☑ No
2. Do you claim further workers' compensation payments? ☑ Yes ☐ No

### H. Notice
1. Have you given your employer (or supervisor) notice of injury? ☑ Yes ☐ No
2. If yes, notice was given ☑ orally ☐ in writing, on 1-10-05 to Patrick McGarr Direct Supervisor

I hereby present my claim to the Chair, Workers' Compensation Board, for compensation for disability resulting from an accidental injury or occupational disease arising out of and in the course of my employment and not occasioned by my willful intention or solely through intoxication, and in support of it I make the foregoing statement of facts.

ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD PRESENTS, CAUSES TO BE PRESENTED, OR PREPARES WITH KNOWLEDGE OR BELIEF THAT IT WILL BE PRESENTED TO, OR BY AN INSURER, OR SELF INSURER, ANY INFORMATION CONTAINING ANY FALSE MATERIAL STATEMENT OR CONCEALS ANY MATERIAL FACT SHALL BE GUILTY OF A CRIME AND SUBJECT TO SUBSTANTIAL FINES AND IMPRISONMENT.

Signed by: *Maria Jackson* (Claimant)  Dated: 2-10-08

SEE OTHER SIDE FOR IMPORTANT INFORMATION - VEASE AL DORSO PARA INFORMACION DE IMPORTANCIA

THE WORKERS' COMPENSATION BOARD EMPLOYS AND SERVES PEOPLE WITH DISABILITIES WITHOUT DISCRIMINATION
LA JUNTA DE COMPENSACION OBRERA EMPLEA Y SIRVE A PERSONAS INCAPACITADAS SIN DISCRIMINAR

C-3 (11-06)  www.wcb.state.ny.us

## ON-THE-JOB INJURY OR OCCUPATIONAL DISEASE.

1. Immediately tell your employer or supervisor when, where and how you were injured.
2. Secure medical care immediately.
3. Tell your doctor to file medical reports with the Board and with your employer or its insurance carrier.
4. Make out this claim for compensation and send it to the nearest Workers' Compensation Board Office. (See below.) Failure to file within two years after the date of injury may result in your claim being denied. If you need help in completing this form, telephone or visit the nearest Workers' Compensation Board Office listed below.
5. Go to all hearings when notified to appear.
6. Go back to work as soon as you are able, compensation is never as high as your wage.

### YOUR RIGHTS:

1. Generally, you are entitled to be treated by a doctor of your choice, provided he/she is authorized by the Board. If your employer is involved in a preferred provider organization (PPO) arrangement, you must obtain initial treatment from the preferred provider organization which has been designated to provide health care services for workers' compensation injuries.
2. DO NOT pay your doctor or hospital. Their bills will be paid by the insurance carrier if your case is not disputed. If your case is disputed, the doctor or hospital must wait for payment until the Board decides your case. In the event you fail to prosecute your case or the Board decides against you, you will have to pay the doctor or hospital.
3. You are also entitled to be reimbursed for drugs, crutches, and any matter properly prescribed by your doctor and for carfares or other necessary expenses going to and from your doctor's office or the hospital. (Get receipts for such expenses.)
4. You are entitled to compensation if your injury keeps you from work for more than seven days, compels you to work at lower wages, or results in permanent disability to any part of your body.
5. Compensation is payable directly and without waiting for an award, except when the claim is disputed.
6. You are entitled to a hearing. You are not required to obtain anyone to represent you at a hearing, but you have the right to be represented by an attorney or licensed representative, if you so choose. If you obtain representation, do not pay your attorney or representative directly. When the Workers' Compensation Board rules on your case, the attorney's or representative's fee will be set by the Board and paid to him or her by your employer or by your employer's insurance carrier. The amount so paid will be deducted from your award.
7. If you need help returning to work, or with family or financial problems because of your injury, contact the Workers' Compensation Board office nearest you and ask for a rehabilitation counselor or social worker.

## CASO DE LESION O ENFERMEDAD OCUPACIONAL.

1. Avisar inmediatamente a su patrono ó a su supervisor cuando, donde y como sufrio la lesión.
2. Obtener atención médica inmediatamente.
3. Pedirle a su médico que presente informes a la Junta y a su patrono, ó a la compañia de seguros.
4. Llenar esta forma de reclamación para compensación y enviarla a la oficina mas cercana de la Junta de Compensación. (vease abajo.) El no presentar reclamación dentro de dos años a partir de la fecha de la lesión puede ser motivo de que se le rechace la reclamación. Si necesita que le ayuden a llenar esta forma, llame por telefono o vaya a la oficina mas cercana de la Junta de Compensación Obrera.
5. Acudir a todas las audiencias cuando se le notifique que comparezca.
6. Volver a su trabajo lo mas pronto que le sea posible, la compensación nunca es tan alta como su sueldo.

### SUS DERECHOS:

1. Por lo general usted tiene derecho a ser atendido por el medico de su preferencia, siempre y cuando esté autorizado por la Junta. Si su patrono está participando en un acuerdo de organización de proveedores con preferencia (P.P.O.) su tratamiento inicial deberá obtenerlo de la entidad que su patrono haya designado para proveer cuidado medico para lesiones relacionadas con la compensación obrera.
2. NO PAGUE NADA a su médico ni al hospital. Esas facturas seran pagadas por la compañia de seguros si su caso no ha sido cuestionado. Si el caso es disputado, el medico o el hospital deberan esperar hasta que la Junta decida el caso. Si usted llegara a no proseguir su caso o si la Junta fallara en su contra, le corresponde pagarle a su médico y al hospital.
3. Tambien tiene usted derecho a ser reembolsado por gastos de medicamentos, muletas, o cualquier aparato apropiadamente prescrito por su medico y por transportación u otros gastos necesarios para visitar el consultorio de su médico ó el hospital. (Obtenga comprobantes de esos gastos.)
4. Usted tiene derecho a compensación si su lesión le deja impedido de trabajar por mas de siete días, o le obliga a trabajar a sueldo mas bajo ó resulta con incapacidad permanente en alguna parte de su cuerpo.
5. La compensación es pagadera directamente y sin tener que esperar la decisión, excepto cuando se cuestione la reclamación.
6. Usted tiene derecho a una audiencia. Usted no está obligado a conseguir quien le represente en la audiencia, pero tiene derecho a ser representado por un abogado o por un representante licenciado, si usted lo prefiere. En caso de obtener usted representación, no pague nada directamente a su abogado o representante. Cuando la Junta de Compensación Obrera decida su caso los honorarios de su abogado o representante seran fijados por la Junta y seran pagados por el patrono ó por la compañia de seguros. La suma pagada en esta forma sera deducida de la cantidad adjudicada a usted.
7. Si necesita ayuda para volver al trabajo, ó si tiene problemas familiares o economicos por motivo de su lesión, comuniquese con la oficina de la Junta de Compensación Obrera, que le quede mas cerca y pida una reunión con un consejero de rehabilitación o con un trabajador social.

---

**WORKERS' COMPENSATION BOARD DISTRICT OFFICES AND COUNTIES SERVED**
**OFICINAS DE DISTRITO DE LA JUNTA DE COMPENSACION OBRERA Y LOS CONDADOS SERVIDOS**

**ALBANY 12241** - 100 Broadway, Menands. (866) 750-5157  For all accidents in following counties: Albany, Clinton, Columbia, Dutchess, Essex, Franklin, Fulton, Greene, Hamilton, Montgomery, Rensselaer, Saratoga, Schenectady, Schoharie, Ulster, Warren, Washington

**BINGHAMTON 13901** - State Office Building, 44 Hawley Street. (866) 802-3604  For all accidents in following counties: Broome, Chemung, Chenango, Cortland, Delaware, Otsego, Schuyler, Sullivan, Tioga, Tompkins.

**BUFFALO 14202** - Statler Towers, 107 Delaware Ave. (866) 211-0645  For all accidents in following counties: Cattaraugus, Chautauqua, Erie, Niagara.

**ROCHESTER 14614** - 130 Main Street West. (866) 211-0644  For all accidents in following counties: Allegany, Genesee, Livingston, Monroe, Ontario, Orleans, Seneca, Steuben, Wayne, Wyoming, Yates.

**SYRACUSE 13203** - 935 James Street. (866) 802-3730 For all accidents in following counties: Cayuga, Herkimer, Jefferson, Lewis, Madison, Oneida, Onondaga, Oswego, St. Lawrence.

**DOWNSTATE CENTRALIZED MAILING** (for New York City, Hempstead, Hauppauge & Peekskill district offices) - PO Box 5205, Binghamton, NY 13902-5205.  NYC (800) 877-1373  Hemp. (866) 805-3630   Haup. (866) 681-5354   Peek. (866) 746-0552  For all accidents in following counties: Bronx, Kings, Nassau, New York, Orange, Putnam, Queens, Richmond, Rockland, Suffolk, Westchester.

(Claims for compensation, inquiries, medical and other reports should be sent to the District Office of the County in which the accident occurred. Be sure to notify this office of any change in your address.)

(Reclamaciones para compensación, preguntas, informes medicos y de otra naturaleza deben enviarse a la oficina de distrito del condado donde ocurrio el accidente. No deje de avisar a esta oficina acerca de cambios en su dirección.)

---

**Notification Pursuant to the New York Personal Privacy Protection Law (Public Officers Law Article 6-A) and the Federal Privacy Act of 1974 (5 U.S.C. Sec. 552a).**  The Workers' Compensation Board's ("Board") authority to request personal information from claimants is derived from Sections 20 and 142 of the Workers' Compensation Law. This information is collected to assist the Board in processing claims in an efficient manner and to help it maintain accurate claim records.  The Board is strongly committed to protecting the confidentiality of all personal information that it collects. Such information will be disclosed within the agency only to Board personnel and agents in furtherance of their official duties. Personal information will be disclosed outside the agency only in accordance with applicable state and federal law.  The Board's Director of Operations, located at 100 Broadway, Menands, New York 12241 (518-474-6674), is primarily responsible for the maintenance of agency records containing personal claimant information.  Failure to provide the information requested on this form will not result in the denial of your claim, but may delay the processing of your claim. The voluntary release of your social security number enables the Board to ensure that information is associated with, and quick action is taken on, your claim.

**Notificación conforme a la Ley de Protección de la Privacidad de Nueva York (Ley de Servidores Públicos 6-A) y el Acta Federal de Privacidad de 1974 (5 U.S.C. Sec.552a].**  La autoridad de la Junta de Compensación Obrera para requerir información personal de los reclamantes surge de las Secciones 20 y 142 de la Ley de Compensación Obrera. Esta información se utiliza para ayudar a la Junta a procesar reclamaciones en forma eficiente y mantener expedientes precisos.  La Junta guarda celosamente la información confidencial de la información personal que requiere. Esa información solo se comparte con personal de la Junta y sus agentes en relación al cumplimiento de sus deberes oficiales. Información personal recopilada por la Junta solo sera compartida con personas o entidades fuera de la Junta cuando sea requerido por leyes estatales o federales.  El Director de Operaciones de la Junta con oficinas en 100 Broadway, Menands, New York 12241 (518-474-6674), es responsable directo del mantenimiento de los expedientes de la agencia que contienen información personal de los reclamantes.  Si usted no suministra la información requerida en ésta forma, esto no quiere decir que su reclamación sera denegada, pero puede retrasar el procesamiento de su caso. El tener su seguro social permite a la Junta tomar acción rápida en todo lo concerniente a la información relacionada con su reclamación.

---

**HIPAA Notice**
In order to adjudicate a workers' compensation claim, WCL 13-a(4)(a) and 12 NYCRR 325-1.3 require health care providers to regularly file medical reports of treatment with the Board and the carrier or employer. Pursuant to 45 CFR 164.512 these legally required medical reports are exempt from HIPAA's restrictions on disclosure of health information.

**Aviso de HIPAA**
Como requisito para adjudicar una reclamación, la ley de compensación obrera WCL 13-a(4) (a) y 12 NYCRR 325-1.3 requiere a los proveedores de salud radicar regularmente ante la Junta, el asegurador o al patrono informes sobre el tratamiento médico. Conforme a 45CFR 164.512 estos informes médicos requeridos por ley estan exentos de las restricciones sobre información médica impuestos por HIPAA.

---

The Workers' Compensation Board assures hearing locations accessible to the disabled. Contact the nearest Board office if you have special accessibility needs.

Proveemos locales accesibles para la vista de sus casos. Comunicate con nuestra oficina mas cercana si tienes algun requerimiento especial de acceso.

C-3 (11-06) Reverse

DOWNSTATE CENTRALIZED MAILING
(for New York City, Hempstead, Hauppauge & Peekskill Districts)
PO Box 5205  Binghamton, NY 13902-5205
NYC (800)877-1373 / Hemp. (866)805-3630 / Haup. (866)681-5354 / Peek. (866)746-0552

100 Broadway—State Office Building—Menands
44 Hawley Street    107 Delaware Ave.    130 Main Street W    935 James St.
ALBANY 12241  BINGHAMTON 13901  BUFFALO 14202  ROCHESTER 14614  SYRACUSE 13203
(866) 750-5157    (866) 802-3604    (866) 211-0645    (866) 211-0644    (866) 802-3730

# State of New York
## WORKERS' COMPENSATION BOARD
### CLAIMANT'S AUTHORIZATION TO DISCLOSE WORKERS' COMPENSATION RECORDS
(Pursuant to Workers' Compensation Law Section 110-a)

**PLEASE COMPLETE ALL ITEMS. AN INCOMPLETE FORM WILL DELAY THE PROCESSING OF YOUR REQUEST.**

Claimant's Name: MARIA L. JACKSON

Claimant's Social Security No: 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

Case Number and/or Date of Accident: ☐WCB  ☐DB  ☐Discrimination

IF RELEASE IS AUTHORIZED FOR ADDITIONAL CASE FILE(S) IDENTIFY BELOW BY WCB/DB/DC CASE NUMBER AND/OR DATE OF ACCIDENT(S)

**CLAIMANT IS PROHIBITED FROM AUTHORIZING RELEASE OF WORKERS' COMPENSATION INFORMATION TO PROSPECTIVE EMPLOYERS OR IN CONNECTION WITH ASSESSING FITNESS OR CAPABILITY OF EMPLOYMENT.**

**INSTRUCTIONS:**
Submit original to the Workers' Compensation Board and retain a copy for your records. *Authorization for disclosure of records for certain purposes is not valid under the law. See excerpt of WCL Section 110-a on the reverse of this form.* This authorization is effective until it is revoked by the claimant. Claimant may revoke this authorization at any time upon written notice to the Workers' Compensation Board.
**THIS AUTHORIZATION DOES NOT PERMIT eCASE ACCESS.**

Pursuant to Section 110-a of the Workers' Compensation Law, I, **Maria Jackson**, represent that I am a person who is/was the subject of the Workers' Compensation case(s) indicated above, and I authorize the Workers' Compensation Board to discuss the above-referenced Workers' Compensation Board records with and/or release a copy of the above-referenced records to **Sandra D. Frelix ESQ. 110 Wall Street 11 Fl N.Y. N.Y. 10005**, at **110 Wall Street New York, NY 10005 11 Fl**.

I understand that the requesting party may be required to pay a statutory fee prior to being provided copies of these records by the Workers' Compensation Board.

Claimant's Signature (ink only): *Maria Jackson*    Date: 2-20-08

Failure to provide the information requested on this form will not result in the denial of your authorization, but may delay the processing of your request. The voluntary release of your social security number enables the Board to ensure that information is associated with, and quick action is taken on, your request.

OC-110A (12-03)    Prescribed by the Chair, Workers' Compensation Board    www.wcb.state.ny.us

3. Individual authorization. Notwithstanding the restrictions on disclosure set forth under subdivision one of this section, a person who is the subject of a workers' compensation record may authorize the release, re-release or publication of his or her record to a specific person not otherwise authorized to receive such record, by submitting written authorization for such release to the board on a form prescribed by the chair or by a notarized original authorization specifically directing the board to release workers' compensation records to such person. However, in accordance with section one hundred twenty-five of this article, no such authorization directing disclosure of records to a prospective employer shall be valid; nor shall an authorization permitting disclosure of records in connection with assessing fitness or capability for employment be valid, and no disclosure of records shall be made pursuant thereto. It shall be unlawful for any person to consider for the purpose of assessing eligibility for a benefit, or as the basis for an employment-related action, an individual's failure to provide authorization under this subdivision.

4. It shall be unlawful for any person who has obtained copies of board records or individually identifiable information from board records to disclose such information to any person who is not otherwise lawfully entitled to obtain these records.

5. Any person who knowingly and willfully obtains workers' compensation records which contain individually identifiable information under false pretenses or otherwise violates this section shall be guilty of a class A misdemeanor and shall be subject upon conviction, to a fine of not more than one thousand dollars.

6. In addition to or in lieu of any criminal proceeding available under this section, whenever there shall be a violation of this section, application may be made by the attorney general in the name of the people of the state of New York to a court or justice having jurisdiction by a special proceeding to issue an injunction, and upon notice to the defendant of not less than five days, to enjoin and restrain the continuance of such violations; and if it shall appear to the satisfaction of the court or justice that the defendant has, in fact, violated this section, an injunction may be issued by such court or justice, enjoining and restraining any further violation, without requiring proof that any person has, in fact, been injured or damaged thereby. In any such proceeding, the court may make allowances to the attorney general as provided in paragraph six of subdivision (a) of section eighty-three hundred three of the civil practice law and rules, and direct restitution. Whenever the court shall determine that a violation of this section has occurred, the court may impose a civil penalty of not more than five hundred dollars for the first violation, and not more than one thousand dollars for the second or subsequent violation within a three year period. In connection with any such proposed application, the attorney general is authorized to take proof and make a determination of the relevant facts and to issue subpoenas in accordance with the civil practice law and rules.

OC-110A (12-03) Reverse