UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MARIA JACKSON,

                Plaintiff,


        -against-                             08 Civ. 1064 (LAK)


THE SCOTTS COMPANY,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*


        This state law employment discrimination action was removed from state court on the basis of diversity of citizenship.  Plaintiff obviously is unhappy with the fact of the removal and has undertaken repeated and fruitless efforts to return to state court.  The matter is before the Court on the Court's order of April 1, 2008 [docket item 26], which among other things directed plaintiff to show cause why the twelfth cause of action in the amended complaint should not be dismissed for legal insufficiency and plaintiff's recent motion for relief from the order of April 1, 2008 [docket item 29].


*Facts*

*Prior Proceedings*

        Plaintiff initially moved to remand [docket item 7], claiming that the complaint asserted a claim under the New York Workers' Compensation Law.  That motion was denied as frivolous on February 21, 2008 on the ground that the complaint did not assert a claim under the Worker's Compensation Law – indeed, it did not even contain the word "worker."  [Docket item 9]

        Plaintiff then moved for leave to amend the complaint, evidently to attempt to allege a claim under the Workers' Compensation Law.[1]  [Docket item 18]  That motion was denied on the

---

[1]      This motion apparently was motivated by a belief that the addition of such a claim would have required a remand to the state courts under 28 U.S.C. § 1445(c).

ground that the proposed amended complaint attached to the motion consisted exclusively of a caption, without any text, and thus failed to state any workers' compensation claim.[2]  In the course of denying that motion, the Court expressed skepticism that an amendment sufficiently asserting a claim under the Workers' Compensation Law would require remand.  [Docket item 21]

Then plaintiff filed a so-called amended motion and notice of motion to remand to the state court.  [Docket item 23]   The order of April 1, 2008 now at issue denied so much of the motion as sought leave to amend on the ground that leave to amend was unnecessary, directed plaintiff to show cause why the twelfth cause of action – which purported to allege a claim under the Workers' Compensation Law – should not be dismissed, and denied the motion to remand without prejudice to renewal in the event the sufficiency of the twelfth cause of action were sustained.

*The Twelfth Cause of Action*

The amended complaint, like its predecessor, alleges facts which, if true, perhaps make out a claim that defendant discriminated against plaintiff on the basis of her race.  The twelfth cause of action adds a claim that alleges in material part only this:  "Defendant knowingly or recklessly violated plaintiff's New York State Workers' Compensation Rights by subjecting plaintiff to treatment that no Caucasian employee of the defendants' [*sic*] has been subjected to."  Am. Cpt. ¶ 265.

*Discussion*

In response to the Court's order to show cause and in support of her own motion for relief from the April 1, 2008 order, plaintiff argues that "New York Workers' Compensation Law Bars Discrimination on the Basis of Race."  Pl. Mem. [docket item 30], at 3.  She relies on Section 120 of the Workers' Compensation Law

The statute in question provides in relevant part as follows:

"**§ 120.         Discrimination against employees who bring proceedings**

It shall be unlawful for any employer . . . to discharge or in any other manner discriminate against an employee as to his or her employment *because such employee has claimed or attempted to claim compensation from such employer,* or because he or she has testified or is about to testify in a proceeding under this chapter and no other valid reason is shown to exist for such action by the employer."  (Emphasis added)

---

[2]

Both counsel and the Court mistakenly believed that leave to amend was required.

3

After quoting Section 120, plaintiff argues that "[i]t is simply irrefutable that § 120 pronounces that it is unlawful to discriminate in **any** manner." Pl. Mem. [docket item 30], at 4 (emphasis in original). But that argument is baseless.

The verb "discriminate" means:

"– *intr.* **1a.** To make a clear distinction: distinguish: *discriminate among the options available.* **b.** To make sensible decisions; judge wisely. **2.** To make distinctions on the basis of class or category without regard to individual merit; show preference or prejudice: *was accused of discriminating against women; discriminated in favor of his cronies. – tr.* **1.** To perceive the distinguishing features of; recognize as distinct: *discriminate right from wrong.* **2.** To distinguish by noting differences; differentiate: *unable to discriminate colors.* **3.** To make or constitute a distinction in or between: *methods that discriminate science from pseudoscience.*"[3] (Emphasis in original).

The verb therefore is virtually devoid of content in the absence of knowledge of the objects of the basis of the discrimination to which reference is made. And Section 120 makes clear that the only discrimination that is proscribed is discrimination on the basis that an "employee has claimed or attempted to claim compensation . . . or . . . testified or is about to testify in a [workers' compensation] proceeding." Plaintiff's argument thus would read the limiting language out of the statute.

Not only is plaintiff's argument inconsistent with the explicit language of Section 120, its adoption would lead to results that the Legislature could not possibly have intended. If in fact "§ 120 pronounces that it is unlawful to discriminate in **any** manner," as plaintiff argues, then the Workers' Compensation Law prohibits discrimination on the basis of such characteristics as an employee's preference for mustard versus sauerkraut on hot dogs, Chevrolets versus Fords, blue versus white, Mets versus Yankees, hockey rather than baseball, rock versus classical music, and an unimaginable number of other things.

Accordingly, plaintiff's motion for relief from the April 1, 2008 order [docket item 29] is denied. The twelfth cause of action of the amended complaint is dismissed. In addition, plaintiff's counsel, Sandra D. Frelix, Esq., shall show cause, on or before April 16, 2008, why she should not be sanctioned on the basis that her signatures on her motion and memorandum of law

---

[3]

THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 517 (4th ed. 2000).

4

[docket items 29-30] violated Fed. R. Civ. P. 11(b)(2) on the ground that the contention that Section 120 of the Workers' Compensation Law prohibits discrimination on the basis of race is not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

SO ORDERED.

Dated:          April 9, 2008

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)