Craig S. Friedman (CF-1988)
Matthew W. Lampe (*pro hac vice* application pending)
JONES DAY
222 East 41st Street
New York, New York 10017
(212) 326-3939
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARIA JACKSON,** | **08 Civ. 1064 (LAK)** |
| **Plaintiff,** | |
| -against- | **ANSWER TO** |
| **THE SCOTTS COMPANY** | **AMENDED COMPLAINT** |
| **Defendant.** | |

Defendant The Scotts Company LLC (incorrectly named in the Complaint as "The Scotts Company") ("Defendant" or "Scotts"), by and through its undersigned counsel, hereby answers the Proposed Amended Verified Complaint ("Complaint") of Plaintiff Maria Jackson ("Plaintiff"), as follows:

## NATURE OF THE CLAIMS

1.      Denies each and every allegation in Paragraph 1 of the Complaint, except admits that Plaintiff purports to bring claims under the New York State Human Rights Law (N.Y. Exec. L. § 290 et seq.), New York City Human Rights Law (Admin. Code of the City of New York § 8-101 et seq.), New York State Workers' Compensation Law, and the Constitution of the State of New York, as well as claims of defamation, "economic discrimination," breach of implied contract to act in good faith, and failure to provide a reasonable accommodation, and further admits that Plaintiff seeks the relief described therein.

## JURISDICTION AND VENUE

2.      Denies each and every allegation in Paragraph 2 of the Complaint, except admits that Plaintiff asserts jurisdiction on the grounds cited therein.

3.      Denies each and every allegation in Paragraph 3 of the Complaint, except admits that Plaintiff asserts jurisdiction on the grounds cited therein.

4.      Denies each and every allegation in Paragraph 4 of the Complaint, except admits that the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5.      Denies each and every allegation in Paragraph 5 of the Complaint, except admits that venue is proper in the United States District Court for the Southern District of New York.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

## PARTIES

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, except admits that Plaintiff is a female and was employed by Scotts.

8.      Denies each and every allegation in Paragraph 8 of the Complaint, except admits that Scotts is a corporation incorporated under the laws of the State of Ohio with its principal place of business at 14111 Scottslawn Road, Marysville, Ohio 43041.

9.      Denies each and every allegation in Paragraph 9 of the Complaint, except admits that Defendant's principal place of business is at 14111 Scottslawn Road, Marysville, Ohio 43041.

## FACTUAL ALLEGATIONS

10.     Denies each and every allegation in Paragraph 10 of the Complaint, except admits that Scotts hired Plaintiff as a Merchandiser on April 19, 2001.

11.    Denies each and every allegation in Paragraph 11 of the Complaint, except admits that Plaintiff was offered the position of Sales Merchandising Manager on December 26, 2001, and Plaintiff accepted this offer on January 4, 2002.

12.    Denies each and every allegation in Paragraph 12 of the Complaint, except admits that Plaintiff was hired as Merchandiser on April 19, 2001, Plaintiff accepted an offer to become a Sales Merchandising Manager Position on January 4, 2002, and her employment with Defendant was terminated on July 9, 2005.

13.    Denies each and every allegation in Paragraph 13 of the Complaint, except admits that Plaintiff held the positions of Merchandiser and Sales Merchandising Manager while employed by Scotts.

14.    Denies each and every allegation in Paragraph 14 of the Complaint, and except admits that Plaintiff received written performance evaluations and refers to those evaluations for their contents.

15.    Denies each and every allegation in Paragraph 15 of the Complaint, except admits that McGarr never stated that "Maria's not Black she is Italian."

16.    Denies each and every allegation in Paragraph 16 of the Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, except denies that Defendant was sued for gender discrimination for not hiring women in the 04 District.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, except denies that Defendant directed District Manager Patrick McGarr ("McGarr") to hire a black woman.

20.    Denies each and every allegation in Paragraph 20 of the Complaint.

21.    Denies each and every allegation in Paragraph 21 of the Complaint.

22.    Admits the allegations in Paragraph 22 of the Complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint

26.    Denies each and every allegation in Paragraph 26 of the Complaint, except admits that Patrick Flagherty ("Flagherty") may have told Plaintiff that she could sit with the employees in his district.

27.    Denies each and every allegation in Paragraph 27 of the Complaint.

28.    Denies each and every allegation in Paragraph 28 of the Complaint, except admits that McGarr may have signaled one of Plaintiff's co-workers to move down so that Plaintiff could sit with her co-workers in her district.

29.    Denies each and every allegation in Paragraph 29 of the Complaint.

30.    Denies each and every allegation in Paragraph 30 of the Complaint

31.    Denies each and every allegation in Paragraph 31 of the Complaint.

32.     Denies each and every allegation in Paragraph 32 of the Complaint, except admits that Point of Purchase advertising is a type of advertising used by Scotts to promote its products.

33.     Denies each and every allegation in Paragraph 33 of the Complaint, except admits that Scotts has reimbursed Sales Merchandising Managers, including Plaintiff, for the cost of housing advertising materials at storage facilities.

34.     Denies each and every allegation in Paragraph 34 of the Complaint, except admits that McGarr may have discussed with Plaintiff limiting the cost of using storage facilities to house Point of Purchase advertising materials.

35.     Denies each and every allegation in Paragraph 35 of the Complaint.

36.     Denies each and every allegation in Paragraph 36 of the Complaint.

37.     Denies each and every allegation in Paragraph 37 of the Complaint.

38.     Denies each and every allegation in Paragraph 38 of the Complaint.

39.     Denies each and every allegation in Paragraph 39 of the Complaint, except admits that a training session for Home Depot employees was held at Ivy Acres on Long Island in Spring 2003.

40.     Denies each and every allegation in Paragraph 40 of the Complaint, except admits that a training session for Home Depot employees was held at Ivy Acres on Long Island in Spring 2003 and that a luncheon followed the event.

41.     Denies each and every allegation in Paragraph 41 of the Complaint.

42.     Denies each and every allegation in Paragraph 42 of the Complaint.

43.     Denies each and every allegation in Paragraph 43 of the Complaint.

44.     Denies each and every allegation in Paragraph 44 of the Complaint.

45.     Denies each and every allegation in Paragraph 45 of the Complaint, except admits that Plaintiff was employed by Scotts.

46.     Denies each and every allegation in Paragraph 46 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff "was scheduled to have a hernia operation in March 2003."

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48.     Denies each and every allegation in Paragraph 48 of the Complaint, except admits that Plaintiff may have discussed with McGarr that she would be out of work for a few days due to surgery.

49.     Denies each and every allegation in Paragraph 49 of the Complaint.

50.     Denies each and every allegation in Paragraph 50 of the Complaint.

51.     Denies each and every allegation in Paragraph 51 of the Complaint.

52.     Denies each and every allegation in Paragraph 52 of the Complaint, except admits that Gabriele was not absent from work due to a rotator cuff injury.

53.     Denies each and every allegation in Paragraph 53 of the Complaint.

54.     Admits the allegations contained in Paragraph 54 of the Complaint.

55.     Denies each and every allegation in Paragraph 55 of the Complaint, except admits that Gabriele was not absent from work due to a rotator cuff injury.

56.     Denies each and every allegation in Paragraph 56 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff's "physician advised her against postponing the operation."

57.     Denies each and every allegation in Paragraph 57 of the Complaint.

58.     Denies each and every allegation in Paragraph 58 of the Complaint.

59.     Denies each and every allegation in Paragraph 59 of the Complaint.

60.     Denies each and every allegation in Paragraph 60 of the Complaint, except admits that McGarr may have telephoned Plaintiff while she was in the hospital and they may have discussed work-related matters during their conversation.

61.     Denies each and every allegation in Paragraph 61 of the Complaint.

62.     Denies each and every allegation in Paragraph 62 of the Complaint.

63.     Denies each and every allegation in Paragraph 63 of the Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65.     Denies each and every allegation in Paragraph 65 of the Complaint.

66.     Denies each and every allegation in Paragraph 66 of the Complaint.

67.     Denies each and every allegation in Paragraph 67 of the Complaint.

68.     Denies each and every allegation in Paragraph 68 of the Complaint.

69.     Denies each and every allegation in Paragraph 69 of the Complaint.

70.     Denies each and every allegation in Paragraph 70 of the Complaint.

71.     Denies each and every allegation in Paragraph 71 of the Complaint.

72.     Denies each and every allegation in Paragraph 72 of the Complaint, except refers to the "two letters" for their contents.

73.     Denies each and every allegation in Paragraph 73 of the Complaint, except refers to the "two letters" described in Paragraph 72 of the Complaint for their contents.

74.     Denies each and every allegation in Paragraph 74 of the Complaint.

75.     Denies each and every allegation in Paragraph 75 of the Complaint.

76.     Denies each and every allegation in Paragraph 76 of the Complaint.

77.     Denies each and every allegation in Paragraph 77 of the Complaint.

78.     Denies each and every allegation in Paragraph 78 of the Complaint.

79.     Denies each and every allegation in Paragraph 79 of the Complaint, except admits that McGarr may have allowed Fitch time off to take his son to a baseball game.

80.     Denies each and every allegation in Paragraph 80 of the Complaint.

81.     Denies each and every allegation in Paragraph 81 of the Complaint, except refers to Plaintiff's October 2003 written performance evaluation for its contents and admits that Plaintiff received a $1400 raise in 2003.

82.     Denies each and every allegation in Paragraph 82 of the Complaint.

83.     Denies each and every allegation in Paragraph 83 of the Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84, except denies that Plaintiff's "Caucasian male co-workers had each received a $1500.00 raise."

85.     Denies each and every allegation in Paragraph 85 of the Complaint.

86.     Denies each and every allegation in Paragraph 86 of the Complaint.

87.     Denies each and every allegation in Paragraph 87 of the Complaint.

88.     Denies each and every allegation in Paragraph 88 of the Complaint.

89.     Denies each and every allegation in Paragraph 89 of the Complaint, except admits that Dominic Balducci ("Balducci") has been assigned to the Home Depot store in Jericho, New York.

90.     Denies each and every allegation in Paragraph 90 of the Complaint.

91.     Denies each and every allegation in Paragraph 91 of the Complaint.

92.    Denies each and every allegation in Paragraph 92 of the Complaint.

93.    Denies each and every allegation in Paragraph 93 of the Complaint.

94.    Denies each and every allegation in Paragraph 94 of the Complaint, except admits that Michael Carbonara ("Carbonara") may have allocated additional merchandising time in 2003.

95.    Denies each and every allegation in Paragraph 95 of the Complaint, except admits that McGarr may have requested that Plaintiff assign any additional merchandising hours to the Jericho Home Depot store.

96.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint.

98.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103.    Denies each and every allegation in Paragraph 103 of the Complaint.

104.    Denies each and every allegation in Paragraph 104 of the Complaint.

105.    Denies each and every allegation in Paragraph 105 of the Complaint.

106.    Denies each and every allegation in Paragraph 106 of the Complaint.

107.    Denies each and every allegation in Paragraph 107 of the Complaint.

108.    Denies each and every allegation in Paragraph 108 of the Complaint.

109.    Denies each and every allegation in Paragraph 109 of the Complaint.

110.    Denies each and every allegation in Paragraph 110 of the Complaint.

111.    Denies each and every allegation in Paragraph 111 of the Complaint.

112.    Denies each and every allegation in Paragraph 112 of the Complaint.

113.    Denies each and every allegation in Paragraph 113 of the Complaint.

114.    Denies each and every allegation in Paragraph 114 of the Complaint.

115.    Denies each and every allegation in Paragraph 115 of the Complaint.

116.    Denies each and every allegation in Paragraph 116 of the Complaint, except admits that Carbonara may have allocated additional merchandising time in 2004.

117.    Denies each and every allegation in Paragraph 117 of the Complaint.

118.    Denies each and every allegation in Paragraph 118 of the Complaint, except admits that Plaintiff was responsible for hiring Tyrone Jackson and Ebony Snow as Scotts Merchandisers in 2004.

119.    Denies each and every allegation in Paragraph 119 of the Complaint.

120.    Denies each and every allegation in Paragraph 120 of the Complaint.

121.    Denies each and every allegation in Paragraph 121 of the Complaint.

122.    Denies each and every allegation in Paragraph 122 of the Complaint.

123.    Denies each and every allegation in Paragraph 123 of the Complaint.

124.     Denies each and every allegation in Paragraph 124 of the Complaint.

125.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint.

126.     Denies each and every allegation in Paragraph 126 of the Complaint.

127.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Complaint, except refers to the Sales Merchandising Manager Job Description for the requirements of that position.

128.     Admits the allegations contained in Paragraph 128.

129.     Denies each and every allegation in Paragraph 129 of the Complaint.

130.     Denies each and every allegation in Paragraph 130 of the Complaint, except admits that Plaintiff reconfigured the cake display so it would stand up firmly.

131.     Denies each and every allegation in Paragraph 131 of the Complaint, except admits that McGarr gave Plaintiff a $100 incentive for each cake display built in Plaintiff's assigned stores.

132.     Denies each and every allegation in Paragraph 132 of the Complaint.

133.     Denies each and every allegation in Paragraph 133 of the Complaint.

134.     Denies each and every allegation in Paragraph 134 of the Complaint.

135.     Denies each and every allegation in Paragraph 135 of the Complaint, except admits that Plaintiff may have emailed photos of her completed contest entry to McGarr.

136.     Denies each and every allegation in Paragraph 136 of the Complaint, except admits that McGarr and Plaintiff may have discussed the contest.

137.     Denies each and every allegation in Paragraph 137 of the Complaint, except admits that McGarr and Plaintiff may have discussed the contest.

138.    Denies each and every allegation in Paragraph 138 of the Complaint, except admits that McGarr and Plaintiff may have discussed the contest.

139.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint.

140.    Denies each and every allegation in Paragraph 140 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff was unable to resubmit photos "[d]ue to other commitments."

141.    Admits the allegations contained in Paragraph 141 of the Complaint.

142.    Denies each and every allegation in Paragraph 142 of the Complaint.

143.    Admits the allegations contained in Paragraph 143 of the Complaint.

144.    Admits the allegations contained in Paragraph 144 of the Complaint.

145.    Denies each and every allegation in Paragraph 145 of the Complaint.

146.    Denies each and every allegation in Paragraph 146 of the Complaint.

147.    Denies each and every allegation in Paragraph 147 of the Complaint.

148.    Denies each and every allegation in Paragraph 148 of the Complaint, except admits that employees who were driving home from the conference were permitted to take Miracle Gro products.

149.    Denies each and every allegation in Paragraph 149 of the Complaint.

150.    Denies each and every allegation in Paragraph 150 of the Complaint, except admits that Keith Conard ("Conard") may have inquired as to what Plaintiff was doing with the Miracle Gro products.

151.     Denies each and every allegation in Paragraph 151 of the Complaint, except admits that Conard told Plaintiff, and others who were flying home from the conference, that they should not take the product.

152.     Denies each and every allegation in Paragraph 152 of the Complaint, except admits that Conard told Plaintiff, and others who were flying home from the conference, that they should not take the product.

153.     Denies each and every allegation in Paragraph 153 of the Complaint, except admits that Rob Lamp ("Lamp") may have discussed with Plaintiff "airline travel constraints" associated with Miracle Gro products.

154.     Denies each and every allegation in Paragraph 154 of the Complaint, except admits that Lamp may have discussed with Plaintiff "airline travel constraints" associated with Miracle Gro products.

155.     Denies each and every allegation in Paragraph 155 of the Complaint, except admits that Lamp may have boxed up products along with Plaintiff.

156.     Denies each and every allegation in Paragraph 156 of the Complaint.

157.     Denies each and every allegation in Paragraph 157 of the Complaint, except admits that Lamp may have walked with Plaintiff to the elevators and carried boxes of product.

158.     Denies each and every allegation in Paragraph 158 of the Complaint, except admits that Lamp may have walked with Plaintiff to the elevators and carried boxes of product.

159.     Denies each and every allegation contained in Paragraph 159 of the Complaint, except admits that Conard may have been on an elevator with Plaintiff during the conference.

160.    Denies each and every allegation contained in Paragraph 160 of the Complaint, except admits that Conard may have commented to Plaintiff regarding the fact that she took the Miracle Gro product after he had told her not to do so.

161.    Denies each and every allegation contained in Paragraph 161 of the Complaint, except admits that Conard may have been on an elevator with Plaintiff and other Scotts employees.

162.    Denies each and every allegation contained in Paragraph 162 of the Complaint, except admits that that Conard may have been on an elevator with Plaintiff and other Scotts employees.

163.    Denies each and every allegation contained in Paragraph 163 of the Complaint.

164.    Denies each and every allegation contained in Paragraph 164 of the Complaint.

165.    Denies each and every allegation contained in Paragraph 165 of the Complaint.

166.    Denies each and every allegation contained in Paragraph 166 of the Complaint.

167.    Denies each and every allegation contained in Paragraph 167 of the Complaint.

168.    Denies each and every allegation contained in Paragraph 168 of the Complaint.

169.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the Complaint.

170.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 of the Complaint, except denies that Conard subjected Plaintiff to "unbearable embarrassment and humiliation."

171.    Denies each and every allegation in Paragraph 171 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that

Jackson called McGarr a first time and did not leave a message, and further admits that Plaintiff may have called McGarr and left him a voice message.

172.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 of the Complaint, except admits that Botz previously supervised Plaintiff.

173.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173. of the Complaint.

174.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 of the Complaint.

175.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 of the Complaint.

176.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 of the Complaint.

177.    Denies each and every allegation in Paragraph 177 of the Complaint, except admits that McGarr may have returned Plaintiff's telephone call and further admits that McGarr met with Plaintiff in the hotel lobby.

178.    Denies each and every allegation in Paragraph 178 of the Complaint, except admits that McGarr asked Plaintiff about what had transpired between Plaintiff and Conard.

179.    Denies each and every allegation in Paragraph 179 of the Complaint.

180.    Denies each and every allegation in Paragraph 180 of the Complaint.

181.    Denies each and every allegation in Paragraph 181 of the Complaint, except admits that McGarr told Plaintiff she could purchase samples of the products after she returned to New York and expense the cost of the products to Scotts.

182.    Denies each and every allegation in Paragraph 182 of the Complaint.

183.    Denies each and every allegation in Paragraph 183 of the Complaint, except admits that McGarr may have suggested to Plaintiff that she should apologize to Conard.

184.    Denies each and every allegation in Paragraph 184 of the Complaint.

185.    Denies each and every allegation in Paragraph 185 of the Complaint, except admits that Plaintiff may have returned the Miracle Gro and apologized to Conard.

186.    Denies each and every allegation in Paragraph 186 of the Complaint.

187.    Denies each and every allegation in Paragraph 187 of the Complaint.

188.    Denies each and every allegation in Paragraph 188 of the Complaint.

189.    Denies each and every allegation in Paragraph 189 of the Complaint.

190.    Denies each and every allegation in Paragraph 190 of the Complaint.

191.    Denies each and every allegation in Paragraph 191 of the Complaint.

192.    Denies each and every allegation in Paragraph 192 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's "back went completely out," and further admits that Plaintiff was granted a medical leave of absence and received short-term disability benefits.

193.    Denies each and every allegation in Paragraph 193 of the Complaint.

194.    Denies each and every allegation in Paragraph 194 of the Complaint.

195.    Denies each and every allegation in Paragraph 195 of the Complaint.

196.    Denies each and every allegation in Paragraph 196 of the Complaint.

197.    Denies each and every allegation in Paragraph 197 of the Complaint.

198.    Denies each and every allegation in Paragraph 198 of the Complaint, except admits that McGarr did not "command" Plaintiff to not inform Defendant about her alleged injuries.

199.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 of the Complaint, except admits that Plaintiff was employed by Scotts on January 8, 2005.

200.    Denies each and every allegation in Paragraph 200 of the Complaint, except admits that Plaintiff was employed by Scotts and that Plaintiff did not participate in 2004 or 2005 in any medical insurance plan available through her employment at Scotts.

201.    Denies each and every allegation in Paragraph 201 of the Complaint, except admits that Plaintiff may have discussed with McGarr purported injuries allegedly suffered "[o]n or about January 8, 2005."

202.    Denies each and every allegation in Paragraph 202 of the Complaint.

203.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 of the Complaint.

204.    Denies each and every allegation in Paragraph 204 of the Complaint, except admits that Plaintiff filed an Employee's Claim For Compensation with the State of New York Workers' Compensation Board on or about February 20, 2008.

### FIRST CAUSE OF ACTION
**(Discrimination and Harassment
In Violation of New York State Human Rights Law)**

205.    With regard to Paragraph 205 of the Complaint, repeats and realleges its responses to Paragraphs 1-204 of the Complaint, as if each were fully set forth therein.

206.    Denies each and every allegation in Paragraph 206 of the Complaint.

207.    Denies each and every allegation in Paragraph 207 of the Complaint.

208.    Denies each and every allegation in Paragraph 208 of the Complaint.

209.    Denies each and every allegation in Paragraph 209 of the Complaint.

## SECOND CAUSE OF ACTION
### (Retaliation In Violation of New York State Human Rights Law)

210.    With regard to Paragraph 210 of the Complaint, repeats and realleges its responses to Paragraphs 1-209 of the Complaint, as if each were fully set forth therein.

211.    Denies each and every allegation in Paragraph 211 of the Complaint.

212.    Denies each and every allegation in Paragraph 212 of the Complaint.

213.    Denies each and every allegation in Paragraph 213 of the Complaint.

## THIRD CAUSE OF ACTION
### (Aiding and Abetting Violations of New York State Human Rights Law)

214.    With regard to Paragraph 214 of the Complaint, repeats and realleges its responses to Paragraphs 1-213 of the Complaint, as if each were fully set forth therein.

215.    Denies each and every allegation in Paragraph 215 of the Complaint.

216.    Denies each and every allegation in Paragraph 216 of the Complaint.

217.    Denies each and every allegation in Paragraph 217 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Discrimination and Harassment
### in Violation of New York City Human Rights Law)

218.    With regard to Paragraph 218 of the Complaint, repeats and realleges its responses to Paragraphs 1-217 of the Complaint, as if each were fully set forth therein.

219.    Denies each and every allegation in Paragraph 219 of the Complaint.

220.    Denies each and every allegation in Paragraph 220 of the Complaint.

221.    Denies each and every allegation in Paragraph 221 of the Complaint.

222.    Denies each and every allegation in Paragraph 222 of the Complaint.

223.    Denies each and every allegation in Paragraph 223 of the Complaint.

## FIFTH CAUSE OF ACTION
**(Retaliation in Violation of New York City Human Rights Law)**

224.    With regard to Paragraph 224 of the Complaint, repeats and realleges its responses to Paragraphs 1-223 of the Complaint, as if each were fully set forth therein.

225.    Denies each and every allegation in Paragraph 225 of the Complaint.

226.    Denies each and every allegation in Paragraph 226 of the Complaint.

227.    Denies each and every allegation in Paragraph 227 of the Complaint.

228.    Denies each and every allegation in Paragraph 228 of the Complaint.

## SIXTH CAUSE OF ACTION
**(Aiding and Abetting Violations of New York City Human Rights Law)**

229.    With regard to Paragraph 229 of the Complaint, repeats and realleges its responses to Paragraphs 1-228 of the Complaint, as if each were fully set forth therein.

230.    Denies each and every allegation in Paragraph 230 of the Complaint.

231.    Denies each and every allegation in Paragraph 231 of the Complaint.

232.    Denies each and every allegation in Paragraph 232 of the Complaint.

233.    Denies each and every allegation in Paragraph 233 of the Complaint.

## SEVENTH CAUSE OF ACTION
**(Defamation)**

234.    With regard to Paragraph 234 of the Complaint, repeats and realleges its responses to Paragraphs 1-233 of the Complaint, as if each were fully set forth therein.

235.    Denies each and every allegation in Paragraph 235 of the Complaint.

236.    Denies each and every allegation in Paragraph 236 of the Complaint.

237.    Denies each and every allegation in Paragraph 237 of the Complaint.

238.    Denies each and every allegation in Paragraph 238 of the Complaint.

239.    Denies each and every allegation in Paragraph 239 of the Complaint.

## EIGHTH CAUSE OF ACTION
### (Economic Discrimination)

240.    With regard to Paragraph 240 of the Complaint, repeats and realleges its responses to Paragraphs 1-239 of the Complaint, as if each were fully set forth therein.

241.    Denies each and every allegation in Paragraph 241 of the Complaint.

242.    Denies each and every allegation in Paragraph 242 of the Complaint.

243.    Denies each and every allegation in Paragraph 243 of the Complaint.

244.    Denies each and every allegation in Paragraph 244 of the Complaint.

245.    Denies each and every allegation in Paragraph 245 of the Complaint.

## NINTH CAUSE OF ACTION
### (Breach of Implied Contract To Act In Good Faith)

246.    With regard to Paragraph 246 of the Complaint, repeats and realleges its responses to Paragraphs 1-245 of the Complaint, as if each were fully set forth therein.

247.    Denies each and every allegation in Paragraph 247 of the Complaint.

248.    Denies each and every allegation in Paragraph 248 of the Complaint.

249.    Denies each and every allegation in Paragraph 249 of the Complaint.

250.    Denies each and every allegation in Paragraph 250 of the Complaint.

251.    Denies each and every allegation in Paragraph 251 of the Complaint.

## TENTH CAUSE OF ACTION
### (Failure To Provide A Reasonable Accommodation)

252.    With regard to Paragraph 252 of the Complaint, repeats and realleges its responses to Paragraphs 1-251 of the Complaint, as if each were fully set forth therein.

253.    Denies each and every allegation in Paragraph 253 of the Complaint.

254.    Denies each and every allegation in Paragraph 254 of the Complaint.

255.    Denies each and every allegation in Paragraph 255 of the Complaint.

256.    Denies each and every allegation in Paragraph 256 of the Complaint.

257.    Denies each and every allegation in Paragraph 257 of the Complaint.

## ELEVENTH CAUSE OF ACTION
### (Violation of Equal Protection Laws)

258.    With regard to Paragraph 258 of the Complaint, repeats and realleges its

responses to Paragraphs 1-257 of the Complaint, as if each were fully set forth therein.

259.    Denies each and every allegation in Paragraph 259 of the Complaint.

260.    Denies each and every allegation in Paragraph 260 of the Complaint.

261.    Denies each and every allegation in Paragraph 261 of the Complaint.

262.    Denies each and every allegation in Paragraph 262 of the Complaint.

## TWELFTH CAUSE OF ACTION
### (Violation of New York State Workers' Compensation Rights)

263.    With regard to Paragraph 263 of the Complaint, repeats and realleges its

responses to Paragraphs 1-262 of the Complaint, as if each were fully set forth therein.

264.    With regard to Paragraph 264 of the Complaint, Defendant states that this Court,

in its Memorandum and Order dated April 9, 2008, dismissed the Twelfth Cause of Action for

failure to state a claim.  As such, the allegations set forth in the Twelfth Cause of Action require

no answer.  Regardless, Defendant denies each and every allegation in Paragraph 264 of the

Complaint.

265.    With regard to Paragraph 265 of the Complaint, Defendant states that this Court,

in its Memorandum and Order dated April 9, 2008, dismissed the Twelfth Cause of Action for

failure to state a claim.  As such, the allegations set forth in the Twelfth Cause of Action require

no answer.  Regardless, Defendant denies each and every allegation in Paragraph 265 of the

Complaint.

266.    With regard to Paragraph 266 of the Complaint, Defendant states that this Court, in its Memorandum and Order dated April 9, 2008, dismissed the Twelfth Cause of Action for failure to state a claim.  As such, the allegations set forth in the Twelfth Cause of Action require no answer.  Regardless, Defendant denies each and every allegation in Paragraph 266 of the Complaint.

267.    With regard to Paragraph 267 of the Complaint, Defendant states that this Court, in its Memorandum and Order dated April 9, 2008, dismissed the Twelfth Cause of Action for failure to state a claim.  As such, the allegations set forth in the Twelfth Cause of Action require no answer.  Regardless, Defendant denies each and every allegation in Paragraph 267 of the Complaint.

268.    Denies each and every allegation not specifically admitted herein.

## PRAYER FOR RELIEF

269.    Denies that Plaintiff is entitled to any of the relief requested in the "Wherefore" clause.

## JURY DEMAND

270.    Admits that Plaintiff "demands a trial by jury on all issues of fact and damages stated herein."

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

271.    The Complaint fails to state a cause of action, in whole or in part, on which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

272.    Scotts exercised reasonable care to prevent and promptly correct any discriminatory conduct involving its employees by having anti-discrimination and anti-retaliation policies with a complaint procedure.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

273.    Scotts has policies prohibiting discrimination and procedures for investigation and preventing discrimination and retaliation and Plaintiff unreasonably failed to take action, pursuant to those policies and procedures or otherwise, to be free from discrimination.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

274.    Plaintiff's claims are barred, in whole or in part, because policies and procedures for the prevention, detection, and investigation of discrimination and retaliation were established by Scotts and there is no record of prior incidents of discriminatory conduct by any employee, agent, or independent contractor of Scotts who is alleged by Plaintiff to have discriminated or retaliated against her.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

275.    Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her alleged damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

276.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

277.    Plaintiff's claims are barred, in whole or in part, because Defendant did not authorize, participate in, consent to, or otherwise ratify, the conduct about which Plaintiff complains.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

278.    Plaintiff's claims are barred, in whole or in part, by the exclusive remedies provision of the New York Workers' Compensation Law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

279.    Plaintiff's defamation claim is barred, in whole or in part, by a qualified privilege.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

280.    Plaintiff's failure to accommodate claim is barred, in whole or in part, because any accommodation not provided would have constituted an undue hardship.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

281.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

282.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just.

Dated:  April 11, 2008                                JONES DAY


                                                            /s/ Craig S. Friedman
                                                    _____
                                                    Craig S. Friedman (CF-1988)
                                                    Matthew W. Lampe (*pro have vice* admission
                                                    pending)
                                                    222 East 41st Street
                                                    New York, New York 10017-6702
                                                    (212) 326-3939
                                                    Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused a true and correct copy of the foregoing ANSWER TO

AMENDED COMPLAINT to be served on the following counsel of record this 11th day of April,

2008 by forwarding a copy, by First Class mail, addressed to:


Sandra D. Frelix, Esq.
110 Wall Street, 11th Floor
New York, New York 10005



/s/ Craig S. Friedman

_____

Craig S. Friedman