UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

MARIA JACKSON,                                          Index No. 08 CV 1064 (LAK)

               Plaintiff,

    -against-

THE SCOTTS COMPANY,

               Defendant.

-------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION AND NOTICE OF MOTION FOR LEAVE TO AMEND COMPLAINT AND REMAND ACTION TO STATE COURT

SANDRA D. FRELIX, ESQ. (SF-0421)
110 Wall Street
11th Floor
New York, New York 10005
(212) 859-3509
Attorney for Plaintiff

# TABLE OF CONTENTS

Table of Authorities............................................................................i

Preliminary Statement......................................................................1

Statement of Facts...........................................................................1

Procedural History..........................................................................1

Argument.......................................................................................3

    I.     PLAINTIFF'S MOTION TO AMEND THE
           COMPLAINT MUST BE GRANTED PURSUANT
           TO FEDERAL RULE OF CIVIL PROCEDURE 15............3

          A.    Legal Standard................................................3

    II.    PLAINTIFF'S MOTION TO HAVE THIS CASE
           REMANDED UNDER 28 U.S.C.A.(C) MUST
           BE GRANTED......................................................4

          A.    Legal Standard................................................4

Conclusion....................................................................................7

# TABLE OF AUTHORITIES

## FEDERAL CASES

Evans v. Syracuse City School District,
       704 F.2nd 44 (C.A.N.Y., 1983)………......………………………….....3

Horton v. Liberty Mutual Insurance Co.,
       367 U.S. 348, 81 S.Ct. 1570, 4 Fed.R.Serv.2d 179…………………....5

Richardson Greenshields Securities, Inc. v. Lau,
       825 F.2d 647, 653 n. 6 (2d. Cir.1987)…………...…………………….3

State Teachers Retirement Bd. v. Fluor Corp.,
       654 F.2d 843, 856 (2d Cir.1981)………...………...............................3

Tokio Marine & Fire Ins. Co. v. Employers Ins. Of Wausau,
       786 F.2d 101, 103 (2d Cir.1986) …………………………………….3

Wilson v. Lowe's Home Center, Inc.,
       401 F.Supp.2d 186 (Nov. 21, 2005).......................................................5

## STATUTES

Fed.R.Civ. P. 11(b)(2)…………………………………………………...2

Fed.R.Civ. P. Rule 11(b)(3)……………………………………………….2

Fed.R.Civ. P. Rule 15……………………………………………………..3

28 U.S.C.A. § 1441(b)……………………………………………….......1

28 U.S.C.A. § 1445(c)…………………………………….............1, 2, 4, 6, 7

## CONGRESSIONAL DOCUMENT

S.Rep. No. 85-1830 (1958),
        reprinted in 1958 U.S.C.C.A.N. 3099, 3106...............................5

## LOCAL RULE

S.D.N.Y. Civ.R.7.1.....................................................................1

## TREATISE

14C Wright et al., supra, § 3729, at 215..........................................5

## PRELIMINARY STATEMENT

On February 21, 2008 this court dismissed Plaintiff's Motion and Notice of Motion to Remand Action to State Court under 28 U.S.C.§1445(c) on the grounds that it was not accompanied by a memorandum of law, in violation of S.D.N.Y. Civ.R.7.1. Moreover, this Court assessed the undersigned with sanctions in the amount of $750.00.

## STATEMENT OF FACTS

Maria Jackson ("the Plaintiff") was an employee of The Scotts Company ("the Defendant") from April 2001 until the Defendant unlawfully terminated her in June 2005. As a result of her unlawful termination the Plaintiff filed a summons and verified complaint against the Defendant on December 21, 2007.

## PROCEDURAL HISTORY

On December 21, 2007 Plaintiff filed a summons and complaint in the Supreme Court of the State of New York, County of Bronx. The same was served upon the Defendant on January 4, 2008. The Defendant then moved this Court with a Notice of Removal of Action under 28 U.S.C. §1441(b) dated February 1, 2008. The Plaintiff responded by filing and serving a Motion and Notice of Motion to Remand Action to State Court under 28 U.S.C.§1445(c) on February 20, 2008.

However, during a February 6, 2008 telephone discussion between the undersigned and Craig S. Friedman, Esq. ("Mr. Friedman"), counsel for the Defendant, Mr. Friedman, an attorney of the law firm Jones Day, only requested an extension of time to answer the complaint from February 8, 2008 to March 10, 2008. On February 14, 2008 the Honorable Lewis A. Kaplan ("Judge Kaplan") granted the Defendant's Time to Answer, Move or Otherwise Respond to the Complaint to March 10, 2008.

Defendant served Plaintiff with a Partial Motion to Dismiss on March 10, 2008.

The undersigned never received the electronic notice of Judge Kaplan's February 14, 2008 endorsement letter.

As previously stated the undersigned filed and served a Motion and Notice of Motion to Remand Action to State Court under 28 U.S.C.§1445(c) on February 20, 2008. Also, on or about February 20, 2008 the undersigned began to experiencing flu like symptoms that caused the undersigned to fail to acknowledge and respond timely to Judge Kaplan's February 21, 2008 Order denying Plaintiff's Motion to Remand to State Court. The flu suffered by the undersigned lasted for about two (2) weeks.

As an unfortunate result of the undersigned's excusable neglect to respond due to illness, Judge Kaplan found that the undersigned violated Fed.R.Civ.P. 11(b)(2) and 11(b)(3) and sanctioned the undersigned to $750.00 that is to be paid on or before March 19, 2008.

It is worthy to note that the undersigned did not become aware of Judge Kaplan's February 21, 2008 Order until his March 5, 2008 Order.

On March 19, 2008 Plaintiff filed a Motion and Notice of Motion for Relief From Order and a Motion and Notice of Motion for Leave to Amend the Pleading. Both motions were denied by Judge Kaplan on March 21, 2008.

On April 1, 2008 Judge Kaplan rendered and filed an Order requiring Plaintiff to sustain the sufficiency of the twelfth cause of action in Plaintiff's complaint.

On April 9, 2008 Judge Kaplan denied the twelfth cause of action contained in Plaintiff's proposed amended complaint and ordered Plaintiff's counsel to "show cause, on or before April 16, 2008, why she should not be sanctioned on the basis that her

2

signature on her motion and memorandum of law [docket items 29-30] violated

Fed.R.Civ.P. 11(b)(2) on the grounds that the contention that Section 120 of the Workers'

Compensation Law prohibits discrimination on the basis of race is not warranted by

existing law or by a nonfrivolous argument for extending, modifying, or reversing

existing law or for establishing new law."

On May 2, 2008 the undersigned argued that plaintiff's counsel made a

"reasonable inquiry" prior to submitting plaintiff's April 8, 2008 motion and

memorandum of law.

On May 14, 2008 Judge Kaplan in his Memorandum and Order ordered that the

undersigned pay a monetary sanction of $750.00 no later than May 30, 2008 (regarding

plaintiff's April 8, 2008).

## **ARGUMENT**

### I.    **PLAINTIFF'S MOTION TO AMEND THE COMPLAINT MUST BE GRANTED PURSUANT FEDERAL RULE OF CIVIL PROCEDURE 15**

A.    The Legal Standard

Federal Rule of Civil Procedure 15

(a) AMENDMENTS. States in part: "… Otherwise a party may amend the

party's pleading only by leave of court or by written consent of the adverse party; and

leave shall be freely given when justice so requires…."

Moreover, Federal Rule of Civil Procedure 15(a) "provides that leave to

amend 'shall be freely given.' Reasons for a proper denial of leave to amend include

undue delay, bad faith, futility of the amendment, and perhaps most important, the

resulting prejudice to the opposing party." *State Teachers Retirement Bd. v. Fluor Corp.*,

654 F.2d 843, 856 (2d Cir.1981); *see also Richardson Greenshields Securities, Inc. v.*

3

*Lau*, 825 F.2d 647, 653 n. 6 (2d Cir.1987); *Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir.1986).

"Although grant or denial of leave to amend is within the discretion of district court, a decision without any justifying reason may be an abuse of that discretion and inconsistent with spirit of federal rules." *Evans v. Syracuse City School District*, 704 F.2d 44 (C.A.N.Y., 1983).

Even though there's been substantial activity in this case, nevertheless, it is still relatively in its infancy and it does not meet any of the requirements that would allow a basis for a proper denial. There is no evidence of "undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party."

## II.    PLAINTIFF'S MOTION TO HAVE THIS CASE REMANDED UNDER 28 U.S.C.A. §1445(C) MUST BE GRANTED

### A.  The Legal Standard

28 U.S.C.A. §1445(c)

The Plaintiff respectfully requests that this matter be remanded back to the Supreme Court State of New York Bronx County under 28 U.S.C.A. §1445(c) which states the following: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

The legislative history of § 1445(c) shows that Congress enacted the statute to serve two objectives. Congress's primary objective was to reduce the number of diversity cases in federal court by preventing removal of workers' compensation claims against nonresident employers. At the same time, Congress wanted to relieve workers of the

expense and delay associated with litigation in federal court. *Wilson v. Lowe's Home Center, Inc.* 401 F.Supp.2d 186 *See* S.Rep. No. 85-1830 (1958), *reprinted in* 1958 U.S.C.C.A.N. 3099, 3106; *see also Horton v. Liberty Mutual Insurance Co.,* 367 U.S. at 351-52, 81 S.Ct. 1570, 4 Fed.R.Serv.2d 179 (noting congressional concern for federal court congestion and potential burdens on workers' compensation plaintiffs if forced to litigate in federal courts); 14C Wright et al., *supra,* § 3729, at 215 (explaining that Congress sought to "limit[ ] the flow of these essentially local disputes into the federal courts").

The Plaintiff suffered two (2) work related injuries. One occurred in February of 2003 and the second work related injury occurred in January 2005.

As a result of her February 2003 work related injury her supervisor District Manager Patrick McGarr ("Mr. McGarr") instructed the Plaintiff and her co-workers not to inform the Defendant of the Plaintiff's work related injury. The Plaintiff complied with Mr. McGarr's command because she believed that she would be fired if she did not comply.

As she did with respect to the February 2003 work related injury the Plaintiff informed Mr. McGarr about her January 2005 work related injury. She did not receive any counseling pursuant to her Workers' Compensation benefits by any employee of the Defendant. Plaintiff did not inquire about her rights under Workers' Compensation because she believed by doing so would adversely affect her employment with the Defendant. The reason the Plaintiff did not inquire about her rights is based on Mr. McGarr's instructions commanding her and her co-workers not to inform the Defendant of her February 2003 work related injury.

5

The New York State Workers' Compensation Board demands that employers file Form C-2, Employers Report of Accident/Occupational Disease within ten (10) days of the work related accident. (Exhibit 1)

On February 20, 2008 Plaintiff visited the Kings County Workers' Compensation Board office to ascertain whether the Defendant filed the mandatory C-2 forms on her behalf for her February 2003 and January 2005 work related injuries. After a thorough system-wide search of its records; the Kings County Workers' Compensation Board office determined that the Defendant had breached its duty by having never filed C-2 forms for the February 2003 and the January 2005 injuries. (Exhibit 2)

Upon learning of that the Defendant violated its mandatory filing of the C-2 forms for both of Plaintiff's injuries, the Kings County Workers' Compensation Board promptly accepted her January 2005 work related injury claim. (Exhibit 3)

In light of the foregoing, it is quite evident that the Defendant has violated its responsibilities under the New York State Workers' Compensation mandatory requirements. This breach by the Defendant has resulted in financial and medical injury to the Plaintiff. Moreover, there is an open Workers' Compensation claim pursuant to Plaintiff's work related injury that she suffered while employed by the Defendant.

Therefore, again, under 28 U.S.C.A. §1445(c) which provides: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Accordingly, this Court must remand this case to Bronx County Supreme Court forthwith.

6

## CONCLUSION

For all the reasons set forth above, it is respectfully requested that Plaintiff's Motion and Notice of Motion for Leave to Amend be granted, together with such other and further relief as to this Court may deem just and proper. Moreover, the instant case is precisely the type of case that Congress intended to remain in state court.

Therefore, the Congressional intent of 28 U.S.C.A. §1445(c) and justice will be achieved by granting this motion.


Dated: New York, New York
       May 20, 2008


                                        Yours, etc.,


                                        SANDRA D. FRELIX, ESQ.


                                        By:___/s/ Sandra D. Frelix_____
                                              Sandra D. Frelix, Esq. (SF-0421)
                                              110 Wall Street
                                              11th Floor
                                              New York, New York 10005
                                              (212) 859-3509

                                              ATTORNEY FOR PLAINTIFF

To: Craig S. Friedman, Esq. (CF-1988)
    Matthew W. Lampe, Esq. (Pro Hac Vice application pending)
    JONES DAY
    322 East 41st Street
    New York, New York 10017

    ATTORNEY FOR DEFENDANT

## EXHIBIT INDEX

1. New York State Workers' Compensation Board Employers' Rights and Responsibilities document.

2. State of New York Workers' Compensation Board Disability Benefits Bureau document indicating that no C-2 form has been filed by the Defendant with the Board.

3. Plaintiff's Workers' Compensation Board Employees' Claim for Compensation dated February 20, 2008.

**EXHIBIT 1**

# *Your Business and Workers' Compensation*

# Employers' Rights and Responsibilities

## Employers' Responsibilities

- Employers must obtain and keep in effect workers' compensation coverage for their employees; there must be no lapse in coverage even when switching insurance carriers.

  *The law requires almost all employers operating in New York State to have workers' compensation coverage for their employees. This requirement can be fulfilled by purchasing insurance coverage through an insurance carrier or by obtaining authorization from the Board to be self-insured.*

- Employers must post a notice of workers' compensation coverage and employee rights.

  *This notice is in a form prescribed by the Workers' Compensation Board. Employers obtain the notice from their insurance carrier or, if self-insured, from the Board. The notice includes the name and address of the insurance carrier and the policy number of the employer. It must be posted in a conspicuous place in the employer's place of business. Violations of this requirement can result in a fine of up to $250 per violation.*

- An employer may not discriminate against an employee or applicant because he or she has claimed or attempted to claim workers' compensation.

- An employer must report most injuries to the Board and the insurance company, if insured, on **Form C-2, Employer's Report of Accident/Occupational Disease**(PDF) [ **On-line Version** ] within 10 days after an accident. An employer shall furnish a report of an occupational disease incurred by an employee on the same form.

  *A C-2 report must be filed with the Board and carrier if the accident results in personal injury which has caused or will cause a loss of time from regular duties of one day beyond the working day or shift on which the accident*

*occurred, or which has required or will require medical treatment beyond ordinary first aid or more than two treatments by a person rendering first aid. Failure to file a C-2 or failure to file it timely may result in a penalty of up to $2,500.*

- C-2 forms (Employer's Report of Work-Related Accident/ Occupational Disease) must be maintained by the employer or designated third party for at least 18 years and are subject to review by the Board at any time.

- A record must be made and maintained on Form C-2 of any injury or illness incurred by an employee in the course of employment, even if the extent of the injury does not require that the C-2 be filed with the Board or carrier.

- An employer must report an injured worker's wages or other compensation to the Board. **Form C-240, Employer's Statement of Wage Earnings**(PDF) [ **On-line Version** ].

- An employer must report any changes in an injured worker's pay or work status to the Board. **Form C-11, Employer's Report of Injured Employee's Change in Employment Status Resulting from Injury**(PDF) [ **On-line Version** ].

- Certain employers must undergo safety consultations if directed to do so.

    *If an employer has an experience modification factor of greater than 1.2 and a payroll in excess of $800,000, they must participate in a mandatory safety and loss prevention program, as outlined by the New York State Department of Labor.*

- An employer must provide the Workers' Compensation Board with access to all books, records and payrolls related to employees upon request.

## Employers' Rights

- An employer has the right to request that the insurance carrier contest the compensability of a claim.

    *A claim can be contested for a variety of reasons, including, for example, that the injury was not related to work or that the employee is not injured to the extent he or she is claiming. An employer can request that the insurance carrier contest the claim, but since the carrier has assumed liability for the claim, it is not required to comply with the employer's request. In addition, employers or carriers who engage in dilatory tactics will be penalized.*

- An employer has the right to attend any hearings related to a claim filed by

one of the employer's workers.

- An employer has the right to electronically access the Board's case file for a claim filed by the employer's worker by visiting one of the Board's customer service centers.

*The Board's <u>Electronic Case Folder (eCase)</u> allows parties of interest to view the documents in the claim file electronically. Employers should go to one of the eleven district offices or 30 Customer Service Centers with identification to obtain a password to access the files. Based on the confidentiality of workers' compensation records, please be prepared to offer proof that you are the employer of record in the claim.*

- A self-insured employer, or an employer who has failed his or her obligation to secure workers' compensation coverage, has the right to participate in the hearing and present relevant evidence about disputed issues at a hearing.

*Employers may request that a hearing be scheduled on a particular issue by writing to the appropriate district office in a timely manner. Corporations must be represented by counsel in proceedings before the Board. Certain defenses will be waived if they are not promptly raised or if the employer or carrier does not timely file a Form C-7, Notice that Right to Compensation is Controverted.*

- An employer has the right to report suspected workers' compensation fraud to the Fraud Inspector General.

*Fraud Referral Hotline: 1-888-363-6001.*

- An employer has the right to appeal or, if insured, to request that the insurance carrier appeal on appropriate grounds a decision of a Workers' Compensation Law Judge regarding a claim filed by an employee.

*Any party may appeal a notice of decision within 30 days by writing to the Board requesting Board review; however, a party filing a frivolous appeal will be penalized.*

*The Board recommends using the <u>latest version of Adobe Reader</u> which is available as a free download from Adobe's web site.*

**EXHIBIT 2**



**STATE OF NEW YORK**
**WORKERS' COMPENSATION BOARD**
DISABILITY BENEFITS BUREAU
100 Broadway - Menands
Albany, NY 12241

(800) 353-3092

THIS AGENCY EMPLOYS AND
SERVES PEOPLE WITH DISABILITIES
WITHOUT DISCRIMINATION

DONNA FERRARA
CHAIR

To: _____     Date: 3/20/08
         (Agency)

On this date, _Maria Jackson_____, Social Security Number
_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_, appeared in this office.

1. ☐   A Disability Benefits claim form has been given to the above-named person.

2. a. ☐   The above-named person is eligible for Disability Benefits

   b. ☐   The above-named person is not eligible for Disability Benefits for the following

        reasons: _____

        _____

        _____

3. a. ☐   The claimant informed the Board that Disability Benefits have been paid.

   b. ☐   The claimant informed the Board that Disability Benefits have not been paid.

                    Disability Benefits Bureau
                    DEBORAH BUSH

             By _____
        Telephone No. _718-802-6778_____

_We have had No Record of Comp. Case or Disability in files_

DB-890 (8-06)

**EXHIBIT 3**

# WORKERS' COMPENSATION BOARD

**ANSWER ALL QUESTIONS FULLY - TYPE OR PRINT CLEARLY**

IMPORTANT: Your Social Security Number Must Be Entered:
IMPORTANTE: El Numero de su Seguro Social Debe Ser Indicado:

Social Security No.: 0 5 6 6 4 4 2 8 6

WCB Case No. (If known) _____    Carrier Case No.(if known) _____

| | |
|---|---|
| **A.** **Injured Person** | 1. Name *MARIA* (First Name)   *L.* (Middle Name)   *Jackson* (Last Name) |
| | 2. Mailing Address *184-12 144 Road* (Number and Street (include Apartment No.)) *Springfield Gardens* (City) *NY* (State) *11413* (Zip Code) |
| | 3. Residential Address (if different from mailing address) |
| | 4. Sex ☐ Male ☑ Female   Date of Birth *04-09-61*   Telephone No. ( *718* ) *525-6637* |
| | 5. Do you speak English? ☑ Yes ☐ No   If no, what language do you speak? |
| | 6. Name of union and local number, if member. *N/A* |
| | 7. State what your regular work/occupation was *Sales Merchandise Manager (SMM)* |
| | 8. Wages or average earnings per day, including overtime, board, rent and other allowances *650.00 Weekly Net* |
| | 9. Were you paid full wages for the day of injury? ☑ Yes ☐ No |
| | 10. Your work week at time of injury was: ☐ Five day ☐ Six day ☐ Seven day ☑ Other *6½ day per week* |
| **B.** **Employer(s)** | 1. Employer *The Scotts Company*   Telephone No. ( *800* ) *221-1760* |
| | 2. Employer's Address *1114 Scottslawn Road* |
| | 3. Were you employed by any other employer or employers at the time of your injury/illness? ☐ Yes ☑ No |
| | 4. If yes, did you lose time from work at this other employment as a result of your injury/illness? ☐ Yes ☐ No |
| **C.** **Place/Time** | 1. Address where injury occurred *Home Depot Hempstead L.I.*   County *Nassau* |
| | 2. Date of Injury *1-8-05*   at *7:00* o'clock. ☑ AM ☐ PM |
| **D.** **The Injury** | 1. How did injury/illness occur? *While I was lifting Boxes of Miracle Gro Fertilizer I felt a pop and then a pulling in my back, then pain in my lower back* |
| | 2. Did anyone witness the injury? ☐ Yes ☑ No If yes, name(s): |
| | 3. Is the injury the result of the use or operation of a motor vehicle? ☐ Yes ☑ No   If Yes, ☐ your vehicle ☐ employer's vehicle |
| | If your vehicle was involved, give name & address of your motor vehicle (No-Fault) insurance carrier |
| **E.** **Nature and Extent of Injury/ Illness** | 1. State fully the nature of your injury/illness, including all parts of body injured *L-3-4-5-6-7 Herniated Disk Lumbar my lower Back, Right ARM, Neck Disc Bulges* |
| | 2. Date you stopped work because of this injury/illness? |
| | 3. Have you returned to work? ☐ Yes ☑ No   If yes, on what date? |
| | 4. Does injury/illness keep you from work? ☑ Yes ☐ No |
| | 5. Have you done any work during period of disability? ☐ Yes ☑ No |
| | 6. Have you received any wages since your injury/illness? ☐ Yes ☑ No |
| **F.** **Medical Benefits** | 1. Did you receive or are you now receiving medical care? ☑ Yes ☐ No |
| | 2. Are you now in need of medical care? ☑ Yes ☐ No |
| | 3. Name of attending doctor *Richard Matteo, James Liguori, Richard OBedian* |
| | Doctor's address |
| | 4. If you were in a hospital, give the dates hospitalized *No* |
| | Name of hospital |
| | Hospital's Address |
| **G.** **Comp. Payments** | 1. Have you received or are you now receiving workers' compensation payments for the injury reported above? ☐ Yes ☑ No |
| | 2. Do you claim further workers' compensation payments? ☑ Yes ☐ No |
| **H.** **Notice** | 1. Have you given your employer (or supervisor) notice of injury? ☑ Yes ☐ No |
| | 2. If yes, notice was given, ☑ orally ☐ in writing, on *1-10-05* |
| | to *Patrick Mc Garr Direct Supervison* |

I hereby present my claim to the Chair, Workers' Compensation Board, for compensation for disability resulting from an accidental injury or occupational disease arising out of and in the course of my employment and not occasioned by my willful intention or solely through intoxication, and in support of it I make the foregoing statement of facts.

ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD PRESENTS, CAUSES TO BE PRESENTED, OR PREPARES WITH KNOWLEDGE OR BELIEF THAT IT WILL BE PRESENTED TO, OR BY AN INSURER, OR SELF INSURER, ANY INFORMATION CONTAINING ANY FALSE MATERIAL STATEMENT OR CONCEALS ANY MATERIAL FACT SHALL BE GUILTY OF A CRIME AND SUBJECT TO SUBSTANTIAL FINES AND IMPRISONMENT.

Signed by *Maria Jackson* (Claimant)    Dated *2-20-08*

SEE OTHER SIDE FOR IMPORTANT INFORMATION - VEASE AL DORSO PARA INFORMACION DE IMPORTANCIA

THE WORKERS' COMPENSATION BOARD EMPLOYS AND SERVES PEOPLE WITH DISABILITIES WITHOUT DISCRIMINATION.
LA JUNTA DE COMPENSACION OBRERA EMPLEA Y SIRVE A PERSONAS INCAPACITADAS SIN DISCRIMINAR.

C-3 (11-06)    www.wcb.state.ny.us

1. Immediately tell your Employer or Supervisor when, where and how you became injured
2. Secure medical care immediately.
3. Tell your doctor to file medical reports with the Board and with your employer or its insurance carrier
4. Make out this claim for compensation and send it to the nearest Workers' Compensation Board Office. (See below.)  Failure to file within two years after the date of injury may result in your claim being denied. If you need help in completing this form, telephone or visit the nearest Workers' Compensation Board Office listed below.
5. Go to all hearings when notified to appear
6. Go back to work as soon as you are able  compensation is never as high as your wage

**YOUR RIGHTS**

1. Generally, you are entitled to be treated by a doctor of your choice provided he she is authorized by the Board. If your employer is involved in a preferred provider organization (PPO) arrangement  you must obtain initial treatment from the preferred provider organization which has been designated to provide health care services for workers compensation injuries.
2. DO NOT pay your doctor or hospital. Their bills will be paid by the insurance carrier if your case is not disputed. If your case is disputed, the doctor or hospital must continue treatment until the Board decides your case. In the event your case is disputed, the doctor or hospital should wait until the Board has determined your case.
3. [illegible]
4. You are entitled to compensation if your injury keeps you from work for more than seven days compels you to work at lower wages or results in permanent disability to any part of your body.
5. Compensation is payable directly and without waiting for an award except when the claim is disputed
6. You are entitled to a hearing.  You are not required to retain anyone to represent you at a hearing, but you have the right to be represented by an attorney or licensed representative, if you so choose.  If you obtain representation do not pay your attorney, or representative directly. When the Workers' Compensation Board rules on your case, the attorney's or representative's fee will be set by the Board and paid to him or her by your employer or by your employer's insurance carrier. The amount so paid will be deducted from your award
7. If you need help returning to work, or with family or financial problems because of your injury, contact the Workers' Compensation Board office nearest you and ask for a rehabilitation counselor or social worker.

1. Inmediatamente avisar a su patrón o supervisor cuándo, dónde y cómo sufrió la lesión.
2. Obtener atención médica inmediatamente.
3. Pedirle a su médico que presente informes a la Junta y a su patrón, o a la compañía de seguros
4. Llenar esta forma de reclamación para compensación y  enviarla a la oficina más cercana de la Junta de Compensación.  (vease abajo.)  El no presentar reclamación dentro de dos años a partir de la fecha de la lesión puede ser motivo de que se le rechace la reclamación.  Si necesita que le ayuden a llenar esta forma  llame por teléfono o  vaya a la oficina más cercana de la Junta de Compensación Obrera
5. Acudir a todas las audiencias cuando se le notifique que comparezca
6. Volver a su trabajo tan pronto que le sea posible  la compensación nunca es tanta como su sueldo

**SUS DERECHOS**

1. Por lo general usted tiene derecho a ser atendido por el médico de su preferencia, siempre y cuando esté autorizado por la Junta. Si su patrón está participando en un acuerdo de organización de proveedores con preferencia(P P O) su tratamiento inicial deberá obtenerlo de la entidad que su patrono haya designado para proveer cuidado médico para lesiones relacionadas con la compensación obrera
2. NO PAGUE NADA a su médico ni al hospital. Esas facturas serán pagadas por la compañía de seguros si su caso no ha sido cuestionado. En el caso es disputado su médico u el hospital deberán esperar hasta que la Junta de su caso. Si su caso es disputado  el médico u el hospital deberá esperar hasta que la Junta haya determinado su caso.
3. [illegible]
4. Usted tiene derecho a compensación si su lesión le deja impedido de trabajar por más de siete días, o le obliga a trabajar a sueldo más bajo ó resulta con incapacidad permanente en alguna parte de su cuerpo.
5. La compensación es pagadera directamente y sin tener que esperar la decisión, excepto cuando se cuestione la reclamación.
6. Usted tiene derecho a una audiencia. Usted no está obligado a conseguir quien le represente en la audiencia, pero tiene derecho a ser representado por un abogado o por un representante licenciado, si usted lo prefiere. En caso de obtener usted representación no pague nada directamente a su abogado o representante. Cuando la Junta de Compensación Obrera decida su caso los honorarios de su abogado o representante serán fijados por la Junta y serán pagados  por el patrono o por la compañía de seguros. La suma  pagada en esta forma será deducida de la cantidad adjudicada a usted
7. Si necesita ayuda para volver al trabajo, ó si tiene problemas familiares o económicos por motivo de su lesión, comuníquese con la oficina de la Junta de Compensación Obrera que le quede más cerca y pida una reunión con un consejero de rehabilitación o con un trabajador social.

---

**"WORKERS' COMPENSATION BOARD DISTRICT OFFICES AND COUNTIES SERVED**
OFICINAS DE DISTRITO DE LA JUNTA DE COMPENSACION OBRERA Y LOS CONDADOS SERVIDOS

**ALBANY** 12241 - 100 Broadway, Menands.  (866) 750-5157  For all accidents in following counties:  Albany,  Clinton, Columbia, Dutchess, Essex, Franklin, Fulton, Greene, Hamilton, Montgomery, Rensselaer, Saratoga, Schenectady, Schoharie, Ulster, Warren, Washington.

**BINGHAMTON** 13901 - State Office Building, 44 Hawley Street, (866) 802-3604  For all accidents in following counties: Broome, Chemung, Chenango, Cortland, Delaware, Otsego, Schuyler, Sullivan, Tioga, Tompkins.

**BUFFALO** 14202 - Statler Towers, 107 Delaware Ave. (866) 211-0645  For all accidents in following counties: Cattaraugus, Chautauqua, Erie, Niagara.

**ROCHESTER** 14614 - 130 Main Street West, (866) 211-0644  For all accidents in following counties: Allegany, Genesee, Livingston, Monroe, Ontario, Orleans, Seneca, Steuben, Wayne, Wyoming, Yates.

**SYRACUSE** 13203 - 935 James Street, (866) 802-3730  For all accidents in following counties: Cayuga, Herkimer, Jefferson, Lewis, Madison, Oneida, Onondaga, Oswego, St. Lawrence.

**DOWNSTATE CENTRALIZED MAILING** For New York City, Hempstead, Hauppauge & Peekskill district offices) - PO Box 5205, Binghamton, NY 13902-5205.  **NYC** (800) 877-1373  **Hemp.** (866) 805-3630  **Haup.** (866) 681-5354  **Peek.** (866) 746-0552  For all accidents in following counties: Bronx, Kings, Nassau, New York, Orange, Putnam, Queens, Richmond, Rockland, Suffolk, Westchester.

(Claims for compensation, inquiries, medical and other reports should be sent to the District Office of the County in which the accident occurred  Be sure to notify this office of any change in your address )

(Reclamaciones para compensación, preguntas, informes médicos y de otra naturaleza deben enviarse a la oficina del distrito del condado donde ocurrió el accidente.  No deje de avisar a esta oficina acerca de cambios en su dirección.)

---

**Notification Pursuant to the New York Personal Privacy Protection Law (Public Officers Law Article 6-A) and the Federal Privacy Act of 1974 (5 U.S.C. Sec. 552a).**    The Workers' Compensation Board's ("Board") authority to request personal information from claimants is derived from Sections 20 and 142 of the Workers' Compensation Law. This information is collected to assist the Board in processing claims in an efficient manner and to help it maintain accurate claim records.
    The Board is strongly  committed to protecting the confidentiality of all personal information that it collects  Such information will be disclosed within this agency  only to Board personnel and agents in furtherance of their official duties. Personal information will be disclosed outside the agency only in accordance with applicable state and federal law.
    The Board's Director of Operations, located  at 100 Broadway, Menands, New York  12241  (518-474-6674), is primarily  responsible for the maintenance of agency records containing personal claimant information.
    Failure to provide the information requested on this form will not  result in the denial of your claim, but may  delay  the processing of the claim. The voluntary release of your social security number enables the Board to ensure that  information is associated with, and quick  action is taken on your claim.

**HIPAA Notice**
In order to adjudicate a workers' compensation claim, WCL13-a(4)(a) and 12 NYCRR 325-1.3 require health care providers to regularly file medical reports of treatment with the Board and the carrier or employer. Pursuant to 45 CFR 164.512 these legally required medical reports are exempt from HIPAA's restrictions on disclosure of health information.

The Workers' Compensation Board assures hearing facilities accessible to the disabled. Contact the nearest Board office if you have special accessibility needs.

---

**Notificación conforme a la Ley de Protección de la Privacidad de Nueva York [Ley de Servidores Públicos 6-A] y el Acta Federal de Privacidad de 1974 [5 U.S.C. Sec.552a]**    La autoridad de la Junta de Compensación Obrera para requerir información personal de los reclamantes surge de las Secciones 20 y 142 de la Ley de Compensación Obrera. Esta información se utiliza para ayudar a la Junta a procesar reclamaciones en forma eficiente y mantener expedientes precisos
    La Junta guarda celosamente la información confidencial de la información personal que requiere. Esa información solo se comparte con personal de la Junta y sus agentes en relación al cumplimiento de sus deberes oficiales. Información personal recopilada por la Junta solo sera compartida con personas o entidades fuera de la Junta cuando sea requerido por leyes estatales o federales.
    El Director de Operaciones de la Junta con oficinas en 100 Broadway, Menands, New York 12241 (518-474-6674), es responsable directo del mantenimiento de los expedientes de la agencia que contienen información personal de los reclamantes
    Si usted no suministra la información requerida en esta forma, esto no quiere decir que su reclamación sera denegada, pero puede retrasar el procesamiento de su caso. El tener  su seguro social permite a la Junta tomar acción rápida en todo lo concerniente a la información relacionada con su reclamación.

**Aviso de HIPAA**
Como requisito para adjudicar una reclamación, la ley de compensación obrera WCL 13-a(4) (a)  y 12 NYCRR 325-1.3 requiere a los proveedores de salud radicar regularmente ante la Junta, el asegurador o el patrono informes sobre el tratamiento médico. Conforme a 45CFR 164.512 estos informes médicos requeridos por ley están exentos de las restricciones sobre información médica impuestos por HIPAA.

Proveemos locales accesibles para la vista de sus casos. Comuníquese con nuestra oficina más cercana si tienes algún requerimiento especial de acceso.