UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA JACKSON,

    Plaintiff,

  -against-

THE SCOTTS COMPANY

    Defendant.

08 Civ. 1064 (LAK)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927
<u>AND THE COURT'S INHERENT POWER</u>**

Craig S. Friedman (CF-1988)
csfriedman@jonesday.com
Matthew W. Lampe (*pro hac vice*)
mwlampe@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017
(212) 326-3939
Attorneys for Defendant

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... iii

PRELIMINARY STATEMENT ...................................................................................... 1

BACKGROUND AND PROCEDURAL HISTORY .................................................... 3

A.    The Court Sanctions Ms. Frelix Under Rule 11 Because Statements In Plaintiff's February 20 Motion To Remand Were Devoid Of Legal And Factual Support ............... 3

B.    Plaintiff Files An Amended Complaint Adding A Claim Of  Race Discrimination Under The WCL And Again Moves To Remand ........................................................... 4

C.    The Court Dismisses Plaintiff's Claim That WCL § 120 Prohibits Discrimination On The Basis Of Race ........................................................................................................... 5

D.    The Court Grants Defendant's Partial Motion To Dismiss As Law Of The Case ............. 5

E.    The Court Enters A Consent Scheduling Order Which Precludes Amendments To The Pleadings After May 12, 2008 .......................................................................................... 6

F.    The Court Sanctions Ms. Frelix Under Rule 11 On The Grounds That Plaintiff's Claim That WCL § 120 Prohibits Race Discrimination Is Frivolous ........................................... 6

G.    Plaintiff Again Moves For Leave To Amend And To Remand To State Court, Seeking To Reintroduce Her Claim That The WCL Prohibits Race Discrimination And The Other Claims That Were Dismissed As The Law Of The Case ..................................................... 7

ARGUMENT ................................................................................................................... 8

THE COURT SHOULD SANCTION PLAINTIFF AND MS. FRELIX PURSUANT TO 28 U.S.C. § 1927 AND THIS COURT'S INHERENT POWER ........................................... 8

A.    Applicable Legal Principles .............................................................................................. 8

B.    Plaintiff's Motions For Leave To Amend And To Remand Have No Colorable Basis ..... 9

1.    Plaintiff's Proposed Claim Of Race Discrimination Under The WCL Is Without A Colorable Basis Because The WCL Does Not Bar Race Discrimination And This Court Has Already Sanctioned Ms. Frelix For Asserting This Same Claim ................ 9

2.    Plaintiff's Proposed WCL Claim Is Without A Colorable Basis Because The Workers' Compensation Board Is The Exclusive Forum For WCL Claims ............. 10

3.    Plaintiff's Proposed Causes Of Action Four Through Eleven, Proposed Causes Of Action One Through Three To The Extent They Are Based On Events Prior to December 21, 2004, and Proposed Claims For Attorneys' Fees, Punitive Damages,

# TABLE OF CONTENTS
### (continued)

**Page**

And A Declaratory Judgment, Are Without A Colorable Basis Because They Are Barred By The Law Of The Case Doctrine ................................................................. 11

4.    Plaintiff's Motion To Remand Is Without A Colorable Basis Because It Is Based Upon A Claim Over Which The Courts Do Not Have Jurisdiction .......................... 12

C.    Plaintiff's Motions For Leave To Amend And Remand Were Brought In Bad Faith...... 13

1.    Plaintiff And Her Counsel Have Acted In Bad Faith Through A Pattern Of Sanctionable Conduct, Including Plaintiff's Most Recent Motion, Which Stems From Plaintiff's Unsupportable Position That This Case Should Be Remanded................. 13

2.    Plaintiff's Repeated Motions For Leave To Amend Have Been Brought In Bad Faith Because She Concedes That She Is Seeking A Remedy For Her WCL Claims Before The New York State Workers' Compensation Board................................................. 14

3.    Plaintiff Has Acted In Bad Faith By Repeatedly Ignoring Court Deadlines, Including The Consent Scheduling Order's Deadline To Amend The Pleadings...................... 15

D.    The Court Should Compel Plaintiff And Ms. Frelix To Reimburse Defendant For The Costs, Expenses, And Attorneys' Fees Reasonably Incurred As A Result Of Their Unreasonable And Vexatious Multiplication Of The Proceedings................................... 16

CONCLUSION......................................................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

### CASES

Page

*Botwinick v. Ogden*, 59 N.Y.2d 909, 466 N.Y.S.2d 291 (1983)....................................................10

*Casale v. Reo*, 04-CV-1013, 2005 WL 1660743 (N.D.N.Y. 2005).............................................10

*Chambers v. Heidelberg, Inc.*, 04-583 (RBK), 2007 WL 1544255 (D.N.J. May 25, 2007) ..........1

*Cunningham v. State of New York*, 60 N.Y.2d 248, 469 N.Y.S.2d 588 (1983)..............................10

*High, Veronica v. Reuters America, Inc.*, 7 Misc. 3d 1006,
 801 N.Y.S.2d 234 (Sup Ct., Bronx Cnty. March 9, 2005).......................................................10

*Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK),
 2008 WL 1700224 (S.D.N.Y. Mar. 27, 2008) ...........................................................................4

*Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK),
 2008 WL 1748454 (S.D.N.Y. Apr. 9, 2008)...............................................................................5

*Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK),
 2008 WL 2117244 (S.D.N.Y. May 14, 2008) .....................................................................7, 9

*Lazzarino v. Kenton Associates, Ltd.*, 998 F. Supp. 364 (S.D.N.Y. 1998)..................................16

*Morley v. Ciba-Geigy Corp.*, 66 F.3d 21 (2d Cir. 1995) .....................................................12, 15

*Ramashwar v. Espinoza*, 05 Civ. 2012 (AJP),
 2006 WL 36752 (S.D.N.Y. Jan. 6, 2006) ................................................................................17

*Rubio v. City of New York*, 03 CV 1349 (SJ) (KAM),
 2005 WL 1498283 (E.D.N.Y. May 31, 2005) ....................................................................8, 17

*Schlaifer Nance & Company, Inc. v. Estate of Warhol*, 194 F.3d 323 (2d Cir. 1999) .............8, 16

*Shackelford v. Courtesy Ford, Inc.*, 96 F. Supp. 2d 1140 (D. Colo. 2000) ...................................9

*Shafti v. British Airways, PLC*, 83 F.3d 566 (2d Cir. 1996) ........................................................8

*Torres v. Amerada Hess Corp.*, 240 Fed. Appx. 946 (2007) ........................................................1

*Thomas America Corp. v. Fitzgerald*, 175 F.R.D. 462 (S.D.N.Y. 1997) ......................................8

*U.S. v. International Board of Teamsters*, 948 F.2d 1338 (2d Cir. 1991) ......................................8

*Wehling v. Bayex, Inc.*, 248 A.D.2d 973, 670 N.Y.S.2d 973 (4th Dep't 1998) ............................10

## STATUTES

**Page**

28 U.S.C. § 1445(c) ...................................................................................................3, 8, 12, 13, 14

28 U.S.C. § 1927.......................................................................................................2, 8, 9, 16, 17

N.Y. W.C.L. § 120............................................................................................................ 5, 6, 10

## RULES

Federal Rule of Civil Procedure 11 ...................................................1, 2, 3, 5, 6, 8, 12, 13

Federal Rule of Civil Procedure 11(b)(1) ............................................................................15

Federal Rule of Civil Procedure 11(b)(2)  ....................................................................4, 5, 9, 13

Federal Rule of Civil Procedure 11(b)(3) ........................................................................4, 13

Federal Rule of Civil Procedure 11(c)(2) ...............................................................................8

Federal Rule of Civil Procedure 12(b)(6) ...............................................................................4

## PRELIMINARY STATEMENT

By continuing to assert frivolous claims and positions, most recently in the May 20, 2008 Motion And Notice Of Motion For Leave To Amend Complaint And Remand Action To State Court (the "May 20 motion"), Plaintiff Maria Jackson ("Plaintiff") and her attorney Sandra Frelix, Esq., ("Ms. Frelix") have engaged in blatantly sanctionable conduct in their effort to escape the Court's jurisdiction. And Defendant The Scotts Company LLC ("Defendant" or "Scotts") continues to suffer because of it, in the form of attorneys' fees, costs, and expenses incurred in dealing with Plaintiff's bad-faith tactics.

What is more, Ms. Frelix has not learned her lesson—she continues to engage in her frivolous remand campaign notwithstanding having been twice sanctioned by the Court. The Court has already held on multiple occasions, and even noted at oral argument, that Ms. Frelix has engaged in frivolous conduct. As the Court said, she has "filed some pleadings that are really . . . indefensible." Indeed, Ms. Frelix's conduct is just the latest episode in a pattern of improper conduct in federal court cases. In *Torres v. Amerada Hess Corp.*, 240 Fed. Appx. 946 (2007), the Third Circuit affirmed the sanction of dismissal of the case with prejudice because Ms. Frelix and her client willfully disregarded discovery orders, finding that due to repeated violations "less onerous sanctions proved futile." Similarly, in *Chambers v. Heidelberg, Inc.*, 04-583 (RBK), 2007 WL 1544255 (D.N.J. May 25, 2007), the District of New Jersey sanctioned Ms. Frelix by revoking her *pro hac vice* admission because she wrote co-counsel's electronic signature on a document, without his permission, and filed that document with the court.

In bringing the May 20 motion, Ms. Frelix has filed yet another indefensible, and sanctionable, pleading. This Court should respond to Ms. Frelix's latest tactic with the sternest form of judicial rebuke by dismissing the instant action and awarding Defendant monetary sanctions. Concurrently with the filing of this motion, Defendant is serving a Rule 11 motion for

sanctions (including dismissal of the action) on Plaintiff and Ms. Frelix.  Should Plaintiff fail to withdraw her May 20 motion within the safe harbor period, Defendant will file the Rule 11 motion with the Court.

Meanwhile, in the instant motion, which is not subject to a safe harbor period, Defendant seeks sanctions under 28 U.S.C. § 1927.  Section 1927 does not authorize the sanction of dismissal of an action, but it does authorize the awarding of monetary sanctions.  Specifically, Section 1927 provides that an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Similar remedies are available against represented parties pursuant to the Court's inherent power.  The same test applies when analyzing claims under 28 U.S.C. § 1927 or the Court's inherent power: sanctions are appropriate where a claim is both without a colorable basis and the claim was brought in bad faith.

Such sanctions are plainly warranted here.  Plaintiff and Ms. Frelix have repeatedly asserted claims, most recently in the May 20 motion, that are without a colorable basis.  First, Plaintiff has made repeated attempts to add to this case a claim of race discrimination under the New York State Workers' Compensation Law ("WCL"). This claim is without a colorable basis because the WCL does not bar race discrimination, this Court has already so held, and the Court has already sanctioned Ms. Frelix for making this argument.  Second, Plaintiff's repeated attempts to add a WCL claim are additionally without a colorable basis because the New York State Workers' Compensation Board ("WCB") is the exclusive forum for claims under the WCL.  Third, Plaintiff's attempt in the May 20 motion to add claims dismissed by this Court on March 27 is without a colorable basis because, on April 30, this Court deemed the May 27 dismissal the

law of the case.  Fourth, the portion of the May 20 motion seeking remand to state court under 28

U.S.C. § 1445(c) (and all previous attempts to remand to state court under this statute) are

frivolous because they are supported only by the argument, which is unsupportable as a matter of

law, that the courts have jurisdiction over WCL claims.

In addition, in repeatedly bringing these frivolous motions, Plaintiff and Ms. Frelix have

acted in bad faith.  Bad faith may be inferred from the filing of multiple motions (including the

May 20 motion) based on frivolous arguments.  As a result of these violations, the Court should

compel Ms. Frelix and Plaintiff to reimburse Defendant for the costs, expenses, and attorneys'

fees incurred due to this vexatious conduct.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this action in the Supreme Court of the State of New York, Bronx County,

on December 21, 2007, and Defendant removed the matter to this Court on February 1, 2008 on

the basis of diversity of citizenship.  (Friedman Decl., Ex. A.)[1]

**A.    The Court Sanctions Ms. Frelix Under Rule 11 Because Statements In Plaintiff's February 20 Motion To Remand Were Devoid Of Legal And Factual Support**

On February 20, 2008, Plaintiff moved to remand the action to state court, claiming that

the Complaint[2] included a claim under the WCL and, as a result, remand was required pursuant

to 28 U.S.C. § 1445(c).  (Friedman Decl., Ex. B.)  The following day, the Court denied the

motion as "patently frivolous" and found that "the 35-page complaint does not even mention, let

alone assert a claim arising under, the New York Worker's Compensation Law," noting that "the

---

[1] References to "Friedman Decl." are to the Declaration of Craig S. Friedman, signed on June 4, 2008, and submitted in support of the instant motion.

[2] References to "Complaint" are to the Verified Complaint in the instant action, filed on December 21, 2007 in the Supreme Court of the State of New York, Bronx County.  A copy of the Complaint is attached to Defendant's Notice of Removal, which is Exhibit A to the Declaration of Craig S. Friedman.

word 'worker' does not appear in the entire pleading." (February 21 Order.)[3] The Court also

ordered Ms. Frelix to show cause why she should not be sanctioned for violating Rule 11(b)(2)

or Rule 11(b)(3) on the ground that the notice of motion to remand was devoid of legal or factual

support. (*Id.*) On March 5, 2008, after Ms. Frelix failed to respond to the order to show cause,

the Court found that the February 20 notice of motion violated Rules 11(b)(2) and 11(b)(3) and

ordered Ms. Frelix to pay $750 to the Clerk of Court as a sanction for this violation.

**B.    Plaintiff Files An Amended Complaint Adding A Claim Of
Race Discrimination Under The WCL And Again Moves To Remand**

On March 10, 2008, Defendant filed a partial motion to dismiss with prejudice pursuant

to Federal Rule of Civil Procedure 12(b)(6) and, on March 27, 2008, the Court granted

Defendant's motion in its entirety. *Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK), 2008

WL 1700224, at *1-2 (S.D.N.Y. Mar. 27, 2008). On the same day, Plaintiff moved for leave to

amend her Complaint and to remand the action to state court. (Friedman Decl., Ex. D) The

proposed Amended Complaint included all the same causes of action and factual allegations as

the Complaint, with the exception of a newly added cause of action purporting to state a claim

under the WCL. (Am. Compl. ¶¶ 196-204, 263-67.)[4] Specifically, Plaintiff claimed that

"Defendant knowingly or recklessly violated plaintiff's New York State Workers' Compensation

Rights by subjecting plaintiff to treatment that no Caucasian employee of the defendants' has

been subjected to." (Am. Compl. ¶ 265.)

On April 1, 2008, the Court deemed the proposed Amended Complaint as filed and

served on the grounds that, as Defendant had yet to answer the Complaint, leave of court was not

---

[3] A copy of the Court's February 21, 2008 Order is Exhibit C to the Declaration of Craig S. Friedman.

[4] References to "Am. Compl." and "Amended Complaint" are to the Proposed Amended Verified Complaint, filed on March 27, 2008 as an attachment to Plaintiff's motion for leave to amend. A copy of the Amended Complaint is Exhibit E to the Declaration of Craig S. Friedman.

required to amend.  (April 1 Order.)[5]  With regard to the newly added WCL claim, the Court

stated that "whatever else it might proscribe, [the WCL] does not appear to bar discrimination on

the basis of race" and ordered Plaintiff to show cause why her WCL claim should not be

dismissed.  (*Id.*)

**C.      The Court Dismisses Plaintiff's Claim That WCL § 120**
**        Prohibits Discrimination On The Basis Of Race**

         On April 8, in response to the order to show cause, Plaintiff submitted a brief arguing that

WCL § 120 prohibits race discrimination and, further, this statute "pronounces that it is unlawful

to discriminate in **any** manner" (emphasis in original).  (Friedman Decl., Ex. G.)  The following

day, the Court dismissed Plaintiff's WCL claim.  *Jackson v. The Scotts Company*, 08 Civ. 1064

(LAK), 2008 WL 1748454, at *2 (S.D.N.Y. Apr. 9, 2008).  The Court rejected Plaintiff's

argument that WCL § 120 prohibits discrimination in any manner as "baseless," finding that the

"plain language of WCL § 120 proscribes discrimination only on the basis that an employee has

claimed or attempted to claim compensation or testified or is about to testify in workers'

compensation proceeding."  (*Id.*)  In the Order, the Court further noted that "Plaintiff obviously

is unhappy with the fact of removal and has undertaken repeated and fruitless efforts to return to

state court" and ordered Ms. Frelix to show cause why she should not be sanctioned on the basis

that her contention that WCL § 120 prohibits discrimination on the basis of race violates Rule

11(b)(2).  (*Id.* at *2.)

**D.      The Court Grants Defendant's Partial Motion To Dismiss As Law Of The Case**

         On April 10, 2008, Defendant filed a partial motion to dismiss the portions of the

Amended Complaint that corresponded to those in the original Complaint dismissed by the

---

[5] A copy of the April 1 Order is Exhibit F to the Declaration of Craig S. Friedman.

Court's March 27 Order. (April 30 Order.)[6] Plaintiff did not respond to the motion and, on April 30, the Court granted Defendant's motion on the grounds that the March 27 Order was the law of the case. (*Id.*)

### E.    The Court Enters A Consent Scheduling Order Which Precludes Amendments To The Pleadings After May 12, 2008

On April 11, 2008, the Court 'so ordered' a Consent Scheduling Order, agreed to and signed by counsel for the parties. The Consent Scheduling Order states that "[n]o amendments to the pleadings will be permitted after May 12, 2008." (April 11 Order ¶ 2.)[7]

### F.    The Court Sanctions Ms. Frelix Under Rule 11 On The Grounds That Plaintiff's Claim That WCL § 120 Prohibits Race Discrimination Is Frivolous

On May 2, 2008, the Court held oral argument to give Ms. Frelix an opportunity to show cause why she should not be sanctioned under Rule 11. (Tr. 1-13.)[8] In referring to Plaintiff's repeated attempts to add a WCL claim, Ms. Frelix stated that "I guess this all stems from the fact that it's our position that Ms. Jackson should be—this case should be remanded back to Bronx Supreme Court." (Tr. 6.) In response, the Court theorized that Ms. Frelix "began to see whether [she] could figure out any possible way of getting out of federal court and back to a Bronx jury and Bronx judge because [she] view[s] that as a much more favorable forum." (Tr. 7.) In describing Plaintiff's previous attempts at remand, the Court said that the "first motion was inappropriate because there was no workers' comp claim in the complaint and when you said there was, that wasn't true." (*Id.*) With regard to the next attempt to remand, predicated upon a claim that WCL bars race discrimination, the Court said that "[t]here is no workers' compensation claim" under this theory "[a]nd it's not like you hadn't been warned." (*Id.*)

---

[6] A copy of the April 30 Order is Exhibit H to the Declaration of Craig S. Friedman.

[7] A copy of the April 11 Order is Exhibit I to the Declaration of Craig S. Friedman.

[8] References to "Tr. p. __" are to the transcript of the May 2, 2008 oral argument held before the Court, a copy of which is Exhibit J to the Friedman Declaration.

On May 14, the Court sanctioned Ms. Frelix a second time, ordering her to pay $750 to the Clerk of Court. *Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK), 2008 WL 2117244, at *1-2 (S.D.N.Y. May 14, 2008). The Court again confirmed that the WCL "does not address, let alone proscribe, employment discrimination on the basis of race or other suspect characteristics" and the Court failed "to see how Ms. Frelix's allegation [under the WCL] was anything but frivolous." (*Id.* at *1.) In the May 14 Order, the Court noted that he had "previously sanctioned [Ms. Frelix] in this action for a prior frivolous filing of a like nature." (*Id.*)

**G.    Plaintiff Again Moves For Leave To Amend And To Remand To State Court, Seeking To Reintroduce Her Claim That The WCL Prohibits Race Discrimination And The Other Claims That Were Dismissed As The Law Of The Case**

On May 20, Plaintiff served yet another "Motion And Notice Of Motion For Leave To Amend Complaint And Remand Action To State Court." (Friedman Decl., Ex. K.) Attached to Plaintiff's motion is a Proposed Amended Verified Complaint ("Proposed Amended Complaint"), which includes all the claims (supported by identical factual allegations) as those dismissed on April 30 as the law of the case. (*Compare* Am. Compl. ¶¶ 10 to 267 *with* Prop. Am. Compl. ¶¶ 10 to 272.)[9] The Proposed Amended Complaint also contains the claim that "Defendant knowingly or recklessly violated plaintiff's New York State Workers' Compensation Rights by subjecting plaintiff to treatment that no Caucasian employee of the defendants' has been subjected to," which is identical to the WCL claim previously dismissed and which led to the Court imposing sanctions on Ms. Frelix. (*Compare* Am. Compl. ¶ 265 *with* Prop. Am. Comp. ¶ 270.) The only difference between the Amended Complaint, and the May 20 Proposed Amended Complaint, is that as part of her WCL claim Plaintiff adds the allegation that Defendant failed "to filed the mandatory C-2 Workers' Compensation form when she suffered

_____

[9] References to "Prop. Am. Compl." or "Proposed Amended Complaint" are to the Proposed Amended Verified Complaint filed as an exhibit to Plaintiff's May 20 motion. A copy of the Proposed Amended Complaint is Exhibit L to the Declaration of Craig S. Friedman.

work related injuries in February 2003 and January 2005."  (Prop. Am. Compl. ¶ 204.)  Based on

the Proposed Amended Complaint, Plaintiff again claims that 28 U.S.C. § 1445(c) requires

remand of the instant action to state court.

## ARGUMENT

### THE COURT SHOULD SANCTION PLAINTIFF AND MS. FRELIX PURSUANT TO 28 U.S.C. § 1927 AND THIS COURT'S INHERENT POWER[10]

**A.**    **Applicable Legal Principles**

Pursuant to 28 U.S.C. § 1927, an attorney who "so multiplies the proceedings in any case

unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

expenses, and attorneys' fees reasonably incurred because of such conduct."  Sanctions are

appropriate under this statute where an attorney's actions "are so completely without merit as to

require the conclusion they must have been undertaken for some improper purpose, such as

delay."  *Shafti v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996); *Thomas America Corp.*

*v. Fitzgerald*, 175 F.R.D. 462 (S.D.N.Y. 1997) (imposing sanctions under 28 U.S.C. § 1927 for

filing a frivolous motion).  Section 1927 "applies 'to a continuing course of conduct, and

imposes a continuing obligation on attorneys to avoid dilatory tactics.'"  *Rubio v. City of New*

*York*, 03 CV 1349 (SJ) (KAM), 2005 WL 1498283, at *3 (E.D.N.Y. May 31, 2005) (quoting

*U.S. v. Int'l. Bd. of Teamsters*, 948 F.2d 1338 1344 (2d Cir. 1991)).

Likewise, a district court has the inherent power to impose sanctions where (1) the

challenged claim was without a colorable basis, and (2) the claim was brought in bad faith, i.e.,

motivated by improper purposes such as harassment or delay.  *Schlaifer Nance & Company, Inc.*

*v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir 1999).  The Second Circuit has held that the only

---

[10] Defendant also intends to serve Plaintiff with a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, including the sanction of dismissal of the action with prejudice.  Defendant will file this motion with the Court should Plaintiff fail to withdraw the May 20 motion before the completion of the 21-day safe harbor period.  Fed. R. Civ. P. 11(c)(2).

meaningful difference between an award under § 1927 and the Court's inherent power is that § 1927 awards are made only against attorneys while an award under the court's inherent power may be made against an attorney, a party, or both.  *Id.*

Here, a more clear-cut case of sanctionable conduct is difficult to imagine. Plaintiff and Ms. Frelix have flouted the Court's orders and the law at every turn—and because of this, the Court and Defendant have continuously been distracted from the conduct of this litigation and Defendant has incurred costs and attorneys' fees.

**B.    Plaintiff's Motions For Leave To Amend And To Remand Have No Colorable Basis**

1.    Plaintiff's Proposed Claim Of Race Discrimination Under The WCL Is Without A Colorable Basis Because The WCL Does Not Bar Race Discrimination And This Court Has Already Sanctioned Ms. Frelix For Asserting This Same Claim

In the Amended Complaint, filed March 27, 2008, Plaintiff claimed that "Defendant knowingly or recklessly violated plaintiff's New York State Workers' Compensation Rights by subjecting plaintiff to treatment that no Caucasian employee of defendants' has been subjected to."  (Am. Comp. ¶ 265.)  The Court dismissed this claim "for the eminently simple reason that the [WCL] . . . . does not even address, let alone proscribe discrimination on the basis of race or other suspect characteristics."  *Jackson*, 2008 WL 2117244 at *1.  The Court then sanctioned Ms. Frelix under Rule 11(b)(2), finding that "it is perfectly plain that, on an objective basis, Ms. Frelix's contention . . . . was not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  *Id.* at *2.

Now, Plaintiff moves for leave to filed a Proposed Amended Complaint which includes an identical claim of race discrimination under the WCL.  (*Compare* Am. Compl. ¶ 265 *with* Proposed Am. Compl. ¶ 270.)  This claim is frivolous for the simple reason that the Court has already held that an identical claim asserted earlier in the case is frivolous.  *Shackelford v. Courtesy Ford, Inc.*, 96 F. Supp. 2d 1140 (D. Colo. 2000) (imposing sanctions for litigation of

- 9 -

claim in bad faith after counsel warned of frivolous nature of claim and it was clear claim was

without any foundation).

      2.     Plaintiff's Proposed WCL Claim Is Without A Colorable Basis Because The
           <u>Workers' Compensation Board Is The Exclusive Forum For WCL Claims</u>

In any event, even if the WCL did prohibit race discrimination (which it does not),

Plaintiff's WCL claim is without a colorable basis because neither this Court, nor any other

court, has jurisdiction to hear such a claim.  This is because the New York State Workers'

Compensation Board is the exclusive forum for claims under the WCL.  It is well-settled "that

primary jurisdiction with respect to determinations as to the applicability of the Workers'

Compensation Law has been vested in the Workers' Compensation Board."  *Botwinick v. Ogden*,

59 N.Y.2d 909, 911, 466 N.Y.S.2d 291 (1983); *High, Veronica v. Reuters America, Inc.*, 7 Misc.

3d 1006(A), 801 N.Y.S.2d 234, at *2 (Sup Ct., Bronx Cnty. March 9, 2005) (same).  In the State

of New York, the "Legislature has placed the responsibility for such factual determinations in the

Workers' Compensation Board, and claimants may not circumvent this procedure and choose the

courts as the forum for resolution of such questions."  *Cunningham v. State of New York*, 60

N.Y.2d 248, 252, 469 N.Y.S.2d 588 (1983); *High, Veronica*, 7 Misc.3d 1006(A) at *2 ("a litigant

may not circumvent the WCB's jurisdiction and procedures by seeking relief in the courts

system").

This principle applies with full force to claims of discrimination under § 120.  *Casale v.

Reo*, 04-CV-1013, 2005 WL 1660743, at *3 (N.D.N.Y. July 13, 2005) ("Plaintiff's exclusive

remedy for a violation of [WCL] Section 120 is to seek redress through the Workers'

Compensation Board"); *see also Wehling v. Bayex, Inc.*, 248 A.D.2d 973, 974, 670 N.Y.S.2d

973, 278 (4th Dep't 1998) (same).  This is confirmed by the plain language of WCL § 120,

which vests the WCB with the authority to remedy violations of this section.  N.Y. W.C.L. § 120

("[u]pon finding that an employer has violated this section, the board shall make an order that any employee so discriminated against shall be restored to employment").

Therefore, it is well-settled that the courts do not have jurisdiction over WCL claims. Thus, even if race discrimination was a cognizable claim under the WCL (which it is not), Plaintiff's attempt to avoid this Court's jurisdiction by adding such a claim would still be without a colorable basis.

      3.      Plaintiff's Proposed Causes Of Action Four Through Eleven, Proposed Causes Of Action One Through Three To The Extent They Are Based On Events Prior to December 21, 2004, and Proposed Claims For Attorneys' Fees, Punitive Damages, And A Declaratory Judgment, Are Without A Colorable Basis Because They Are Barred By The Law Of The Case Doctrine

On March 27, 2008, after Plaintiff failed to respond to Defendant's partial motion for dismissal of the original Complaint, the Court granted Defendant's motion and dismissed the Fourth through Eleventh Causes of Action, and the claims for declaratory relief, punitive damages, and attorney's fees, in their entirety and also dismissed the First through Third Claims to the extend they are based on events prior to December 21, 2004.  (March 27 Order.)  Plaintiff subsequently filed an amended complaint which "was identical in all material respects to the original complaint."  (April 30 Order.)  Again, Defendant was forced to move to dismiss the portions of the Amended Complaint that corresponded to those dismissed in the March 27 Order. Plaintiff, again, filed no opposition.  As a result, the Court granted Defendant's second motion to dismiss on the grounds that "[t]he law of the case doctrine precludes reconsideration of . . . question[s previously determined] here absent cogent or compelling reasons" and, in failing to respond, Plaintiff "failed to demonstrate any reason whatever for reaching a different result." (April 30 Order.)

Plaintiff now moves for leave to file a Proposed Amended Complaint that includes Causes Of Action One through Eleven identical to those in the both the original Complaint and

- 11 -

the Amended Complaint. (*Compare* Proposed Am. Compl. ¶¶ 208-265 *with* Complaint ¶¶ 196-253 *and* Am. Compl. ¶¶ 205-262.) Moreover, the underlying factual allegations contained in the Proposed Amended Complaint are identical to those in both the original Complaint and the Amended Complaint. (*Compare* Proposed Am. Compl. ¶¶ 10-195 *with* Complaint ¶¶ 10-195 *and* Am. Compl. ¶¶ 10-195.) Plaintiff has already had two opportunities to address the deficiencies of these claims and, as a result of her failure to do so, the Court has deemed the dismissal of the above-described claims the law of the case. As a result, her new attempt to reintroduce these claims is without a colorable basis. *Cf. Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995) (applying FRCP 11, Second Circuit held that "once the court had ruled that it would not allow compensatory and punitive damages for the alleged ADEA violations, the demand for such damages in the supplemental complaint was frivolous because it was barred by the law of the case").

    4.    Plaintiff's Motion To Remand Is Without A Colorable Basis Because It Is Based Upon A Claim Over Which The Courts Do Not Have Jurisdiction

In addition to a frivolous motion for leave to amend, Plaintiff's May 20 papers include an equally frivolous motion to remand the instant action to state court pursuant to 28 U.S.C. § 1445(c), which provides that a "civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." This motion is predicated entirely on the argument that Plaintiff may assert a WCL claim in the instant action. As it is well-settled that neither this nor any other Court has jurisdiction over WCL claims, the instant motion to remand is unsupportable as a matter of law. The conclusion that the instant motion to remand is frivolous is confirmed by the fact that, in her memorandum of law, Plaintiff has failed to cite to even a single decision in support of her argument for remand.

Therefore, for the reasons described above, Plaintiff's May 20 motion for leave to amend and to remand is without any colorable basis.

**C.**     <u>**Plaintiff's Motions For Leave To Amend And Remand Were Brought In Bad Faith**</u>

    1.    <u>Plaintiff And Her Counsel Have Acted In Bad Faith Through A Pattern Of Sanctionable Conduct, Including Plaintiff's Most Recent Motion, Which Stems From Plaintiff's Unsupportable Position That This Case Should Be Remanded</u>

First, Plaintiff and her counsel have acted in bad faith because the instant motion is the most recent in a long line of unsupportable and sanctionable attempts to add a WCL claim in the instant action, which Plaintiff believes would compel this Court to remand this case to state court. As discussed above, Plaintiff first moved to remand under 28 U.S.C. § 1445(c) on the basis that she had claims in the Complaint "arising under the workmen's compensation laws" of New York State. (Friedman Decl., Ex. B.) The Court dismissed this claim as "patently frivolous" and subsequently sanctioned Plaintiff's attorney *sua sponte* on the ground that this frivolous argument violated Rules 11(b)(2) and 11(b)(3). Plaintiff's second attempt to move for leave to amend and to remand was denied because Plaintiff's proposed amended complaint consisted exclusively of a caption, without any text, and thus failed to state a WCL claim. After filing an Amended Complaint asserting a claim of race discrimination under the WCL, the Court dismissed the WCL claim on the grounds that the WCL does not prohibit race discrimination. The Court again sanctioned Ms. Frelix because her contention that the WCL prohibited race discrimination was frivolous and thus violated Rule 11. Now, Plaintiff has continued this pattern and has filed yet another sanctionable pleading.

Moreover, Plaintiff has engaged in this pattern of sanctionable conduct in support of a goal which is unsupportable as a matter of law—remand of this case to state court under 28 U.S.C. § 1445(c). In fact, Ms. Frelix acknowledged this at the May 2 oral argument. When confronted by the Court with the frivolousness of her arguments, she said "I guess this all stems

from the fact that it's our position that Ms. Jackson should be—this case should be remanded

back to Bronx Supreme Court." (Tr. p. 6). This position, however, has never been viable

because, as discussed above, *supra* § B.2, this Court does not have jurisdiction over WCL

claims. As a result, each attempt to remand on this basis has been totally without merit.

> 2.      Plaintiff's Repeated Motions For Leave To Amend Have Been Brought In Bad
>         Faith Because She Concedes That She Is Seeking A Remedy For Her WCL
>         Claims Before The New York State Workers' Compensation Board

Plaintiff's own allegations in the Proposed Amended Complaint, and the memorandum of

law in support of her underlying motions, show Plaintiff's repeated attempts to assert a WCL

claim were meant only to harass Defendant and needlessly increase the cost of this litigation.

In the both the Amended Complaint, and the Proposed Amended Complaint, Plaintiff has

included an allegation that "[o]n or about February 20, 2008, New York State Workers'

Compensation Board took Mrs. Jackson's claim regarding her work related injuries upon

learning the circumstances that caused the substantial delay." (Am. Compl. ¶ 204; Proposed Am.

Compl. ¶ 207.) February 20, 2008 is likewise a key date in the instant litigation, as it marked

Plaintiff's first motion to remand pursuant to 28 U.S.C. § 1445(c). (Friedman Decl., Ex. B.) As

the Court is well aware, since February 20 Plaintiff has made repeated attempts to amend her

original Complaint to include a WCL claim. As such, from February 20, 2008 until the present

time, Plaintiff has continued to knowingly seek redress for alleged violations of the WCL in two

different forums: the WCB (which has jurisdiction over this claim) and the courts (which do not

have jurisdiction over this claim). § B.2, *supra*. This is a clear cut example of improperly

multiplying proceedings.

Therefore, in bringing repeated motions for leave to amend her complaint to include a

WCL claim, Plaintiff and her counsel have needlessly wasted the time of the Court, and have

unreasonably and vexatiously multiplied the proceedings of the instant action.

3.      Plaintiff Has Acted In Bad Faith By Repeatedly Ignoring Court Deadlines,
        Including The Consent Scheduling Order's Deadline To Amend The Pleadings

Plaintiff and her counsel have further acted in bad faith by repeatedly ignoring the orders

of this Court, a fact noted by the Court at the May 2 oral argument when it informed Ms. Frelix

that "you're entitled to disagree with my ruling, but you're not entitled to ignore it, and you just

keep on coming."  (Tr. p. 12.)  In addition to the orders discussed at oral argument, in bringing

her most recent motion Plaintiff has ignored the Court's (i) April 30 Order, which held that the

March 27 dismissal of Causes of Action Four through Eleven, Causes of Action One through

Three to the extent they are time-barred, and Plaintiff's claims for declaratory relief, punitive

damages, and attorneys fees, is the law of the case, (ii) April 9 and May 14 Orders, which made

clear that a claim of discrimination under the WCL is unsupportable and frivolous, and (iii)

April 11 Consent Scheduling Order, which stated that no amendments to the pleadings will be

permitted after May 12, 2008.

The most recent violation is also the most telling about the conduct of the instant

litigation.  On April 11, 2008, the Court 'so ordered' a Consent Scheduling Order which states

that "[n]o amendments to the pleadings will be permitted after May 12, 2008."  (April 11 Order.)

This Order is signed by counsel for both parties, including Ms. Frelix, and neither party has

requested any extension of the deadlines contained in this Order.  (*Id.*)  In filing this motion for

leave to amend a full nine days after the deadline for amendments to the pleadings, Plaintiff now

attempts to contravene a court order which her counsel specifically agreed to and signed.  Where

a party so blatantly ignores an Order of the Court, sanctions are justified.  *Cf. Morley*, 66 F.3d at

25 (affirming sanctions under Rule 11(b)(1) where a supplemental complaint "manifestly

contravened" a court's orders).

**D.    The Court Should Compel Plaintiff And Ms. Frelix To Reimburse Defendant For The Costs, Expenses, And Attorneys' Fees Reasonably Incurred As A Result Of Their Unreasonable And Vexatious Multiplication Of The Proceedings**

As discussed above, an attorney who "multiplies the proceedings in any case unreasonably and vexatiously . . . may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  The Court may impose similar sanctions against a party pursuant to its inherent power. *Schlaifer Nance & Company, Inc*, 194 F.3d at 336.

Here, Plaintiff and her counsel have acted vexatiously in bringing repeated frivolous motions to remand and to assert a WCL claim, including the most recent motion on May 20. Defendant, therefore, seeks the expenses, costs, and attorney's fees incurred as a result of this conduct.  Specifically, Defendant seeks the expenses, costs, and attorney's fees incurred in:

(a)    Reviewing, conducting research in opposition to, preparing for and drafting responses to Plaintiff's February 20 motion to remand, March 19 motion for leave to amend, and March 27 motion for leave to amend;

(b)    Preparing for and attending the May 2 oral argument;

(c)    Reviewing, conducting research in opposition to, preparing for and drafting a response to Plaintiff's pending May 20 motion; and

(d)    Researching, preparing for and drafting the instant motion, including any reply.

Because Defendant, as of this writing, continues to incur fees and expenses for which it seeks reimbursement, it requests that, should the Court grant the instant motion, it be permitted to submit within ten days of this Court's ruling a bill of costs, and an accompanying affidavit, demonstrating the exact sums for which it seeks reimbursement.  *Lazzarino v. Kenton Associates, Ltd.*, 998 F. Supp. 364, 368 (S.D.N.Y. 1998) (allowing moving party to submit an affidavit to the court showing attorneys' fees and costs incurred after granting sanctions pursuant to the court's inherent power).

With respect to category (a), Defendant did not ultimately file oppositions to the three motions. Defendant acknowledges and is grateful that the Court quickly rejected Plaintiff's frivolous February 20, March 19, and March 27 motions *sua sponte*. Nevertheless, Defendant incurred attorneys' fees, costs, and expenses in reviewing, conducting research to defend, and beginning to prepare responses to the frivolous motions, and should be reimbursed for this time. *Ramashwar v. Espinoza*, 05 Civ. 2012 (AJP), 2006 WL 36752, at *9 (S.D.N.Y. Jan 6, 2006) (granting attorneys' fees and costs as sanction for "time spent preparing the summary judgment and sanctions motions against a complaint which, at the time, included the [sanctionable] claims"); *Rubio*, 2005 WL 1498283, at *3 ("filing of such frivolous claims and failure to withdraw them before Defendants incurred unnecessary costs constitutes bad faith" and supported claim for attorneys' fees under 28 U.S.C. § 1927).

## CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. § 1927 and this Court's inherent power, the Court should compel Plaintiff and Ms. Frelix to reimburse Scotts for the expenses, costs, and attorney's fees incurred in (i) reviewing, conducting research in opposition to, preparing for and drafting responses to Plaintiff's February 20 motion to remand, March 19 motion for leave to amend, and March 27 motion for leave to amend, (ii) preparing for and attending the May 2 oral argument, (iii) reviewing, conducting research in opposition to, preparing for and drafting a response to Plaintiff's pending May 20 motion, (iv) researching, preparing for and drafting the instant motion, including any reply; and further grant Defendant ten days from the date of this Court's ruling to submit a bill of costs, and an accompanying affidavit, demonstrating the exact sums for which it

seeks reimbursement, as well as any further relief as the Court may deem appropriate.

Dated:  June 4, 2008

JONES DAY

/s/ Craig S. Friedman

_____

Craig S. Friedman (CF-1988)
csfriedman@jonesday.com
Matthew W. Lampe (*pro hac vice*)
mwlampe@jonesday.com
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused a true and correct copy of the foregoing

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS

PURSUANT TO 28 U.S.C. § 1927 AND THIS COURT'S INHERENT POWERS to be served

on the following counsel of record this 4th of June, 2008 by forwarding a copy, by First Class

mail, addressed to:

> Sandra D. Frelix, Esq.
> 110 Wall Street, 11th Floor
> New York, New York 10005

/s/ Craig S. Friedman

_____

Craig S. Friedman

NYI-4090837v9