UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA JACKSON,

        Plaintiff,

   -against-

THE SCOTTS COMPANY

        Defendant.

08 Civ. 1064 (LAK)

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MAY 20, 2008 MOTION FOR LEAVE TO AMEND COMPLAINT
AND REMAND ACTION TO STATE COURT**

Craig S. Friedman (CF-1988)
csfriedman@jonesday.com
Matthew W. Lampe (*pro hac vice*)
mwlampe@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017
(212) 326-3939
Attorneys for Defendant

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

BACKGROUND AND PROCEDURAL HISTORY ................................................. 2

    A.    Plaintiff Files An Amended Complaint Adding A Claim Of Race Discrimination Under The WCL And Moves To Remand ....................... 3

    B.    The Court Dismisses Plaintiff's Claim That WCL § 120 Prohibits Discrimination On The Basis Of Race ........................................ 4

    C.    The Court Grants Defendant's Partial Motion To Dismiss As Law Of The Case ........................................................ 5

    D.    The Court Enters A Consent Scheduling Order Which Precludes Amendments To The Pleadings After May 12, 2008 ...................... 5

    E.    The Court Sanctions Ms. Frelix Under Rule 11 On The Grounds That Plaintiff's Claim That WCL § 120 Prohibits Race Discrimination Is Frivolous ........................................ 5

    F.    Plaintiff Again Moves For Leave To Amend And For Remand To State Court, Seeking To Reintroduce Her Claim That The WCL Prohibits Race Discrimination And The Other Claims That Were Dismissed As The Law Of The Case ...................................... 6

ARGUMENT ........................................................................ 7

    POINT I    THE COURT SHOULD DENY PLAINTIFF'S MOTION TO AMEND ON THE GROUNDS THAT IT IS UNTIMELY BECAUSE IT WAS SERVED EIGHT DAYS AFTER THE DEADLINE FOR AMENDMENTS TO THE PLEADINGS ................... 7

    POINT II    THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR LEAVE TO AMEND BECAUSE IT IS FUTILE ..................... 8

    A.    Applicable Legal Principles ........................................ 8

    B.    Plaintiff's Proposed Causes Of Action Four Through Eleven, Causes Of Action One Through Three To The Extent They Are Based On Events Prior To December 21, 2004, Claims For Attorneys' Fees, Punitive Damages, And A Declaratory Judgment, And A Claim Of Race Discrimination Under The WCL Are Futile Because The Previous Dismissal Of These Claims Is The Law Of The Case ................................................................. 8

    C.    Plaintiff's Proposed WCL Claim Is Futile Because The WCB Has Exclusive Jurisdiction Over WCL Claims ........................... 10

    D.    Plaintiff's Proposed Claim Of Race Discrimination Under The WCL Is Futile Because The WCL Does Not Bar Race Discrimination .................................................... 12

# TABLE OF CONTENTS
(continued)

**Page**

|   |   |   |   |
|---|---|---|---|
| | E. | Plaintiff's Proposed WCL Claims Are Futile Because They Are Time-Barred | 12 |
| POINT III | | THE COURT SHOULD DENY PLAINTIFF'S MOTION TO REMAND | 13 |
| | A. | The Court Should Deny Plaintiff's Motion To Remand Because Her Motion For Leave To Amend To Include A WCL Claim Is Futile | 13 |
| | B. | Even If Plaintiff Could State A WCL Claim, The Court Should Deny Plaintiff's Motion To Remand Because The Statute On Which Plaintiff Relies, 28 U.S.C. § 1445(c), Does Not Allow For Remand Of Actions Where Plaintiff Amends The Complaint To Include A Workers' Compensation Claim | 14 |
| | C. | Plaintiff's Motion For Leave To Remand Should Be Denied Because She Offers Only Unsupported Assertions And Exaggerations In Support Of Her Motion | 14 |
| CONCLUSION | | | 16 |

# TABLE OF AUTHORITIES

**Page**

## CASES

*Botwinick v. Ogden*, 59 N.Y.2d 909, 466 N.Y.S.2d 291 (1983)......................................................10

*Casale v. Reo*, 04-CV-1013, 2005 WL 1660743 (N.D.N.Y. July 13, 2005) ................................11

*Collins v. Bloomingdales Div. of Federated Dep't Stores, Inc.*,
    06 Civ. 7202, 2007 WL 1522617 (S.D.N.Y. May 22, 2007)...............................................11

*Cunningham v. State of New York*, 60 N.Y.2d 248, 469 N.Y.S.2d 588 (1983)...........................10

*Ellis v. Chao*, 336 F.3d 114 (2d Cir. 2003)...................................................................................8

*Gardner v. Wansart*, 05 Civ. 3351,
    2006 WL 2742043 (S.D.N.Y. Sept. 26, 2006).....................................................................9

*High, Veronica v. Reuters America, Inc.*, 7 Misc. 3d 1006,
    801 N.Y.S.2d 234 (Sup Ct., Bronx Cnty. March 9, 2005)................................................10

*Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK),
    2008 WL 1700224 (S.D.N.Y. Mar. 27, 2008) ....................................................................3

*Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK),
    2008 WL 1748454 (S.D.N.Y. Apr. 9, 2008).......................................................................4

*Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK),
    2008 WL 2117244 (S.D.N.Y. May 14, 2008) ......................................................6, 10, 12

*Jones v. New York State Division of Military & Naval Affairs*,
    166 F.3d 45 (2d Cir. 1999)..................................................................................................8

*Milanese v. Rust-Oleum Corp.*, 224 F.3d 104 (2d Cir. 2001).........................................................8

*Morales v. Mobil Chemical*, 222 A.D.2d 1040, 635 N.Y.S.2d 893 (4th Dep't 1995) ..................11

*Perkins v. Kamco Supply Corp.*, 06 Civ. 5054,
    2007 WL 4207193 (S.D.N.Y. Nov. 27, 2007) ..................................................................8

*Pope v. MCI Telecommunications Corp.*, 937 F.2d 258 (5th Cir. 1991)........................................14

*Thomas v. City of New York*, 03 CV 1797, 2007 WL 215662 (E.D.N.Y. July 25, 2007) ..............8

cc==

# TABLE OF AUTHORITIES
(continued)

**Page**

*Virgin Atlantic Airways v. Nat. Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992) ...........................9

*Wehling v. Bayex, Inc.*, 248 A.D.2d 973, 670 N.Y.S.2d 973 (4th Dep't 1998) ...........................11

## STATUTES & RULES

28 U.S.C. § 1445(c) ...................................................................................2, 3, 7, 13, 14

Fed. R. Civ. P. 11 .................................................................................................5

Fed. R. Civ. P. 11(b)(2)......................................................................................5, 12

Fed. R. Civ. P. 12(b)(6)........................................................................................3, 8

Fed. R. Civ. P. 15(a) .............................................................................................8

N.Y. W.C.L. § 28 .................................................................................................13

N.Y. W.C.L. § 120.........................................................................................4, 5, 11, 12

## PRELIMINARY STATEMENT

In her May 20, 2008 Motion And Notice Of Motion For Leave To Amend Complaint And Remand Action To State Court, Plaintiff Maria Jackson ("Plaintiff" or "Jackson") again relies on unsupportable claims and frivolous arguments as part of a continuing, and inappropriate, effort to have this case remanded to state court. As this attempt, like all attempts before it, cannot withstand close analysis, Plaintiff's motions should be denied.

As an initial matter, the Court should deny Plaintiff's motion for leave to amend because it is untimely. The Consent Scheduling Order, signed by counsel for the parties and 'so ordered' by the Court, precludes amendment of the pleadings after May 12, 2008. As Plaintiff's instant motion was not served until May 20, 2008, it is plainly untimely. Consequently, because Plaintiff's motion to remand is based entirely on the existence of a claim contained in her untimely Proposed Amended Complaint, the motion to remand should likewise be denied.

The Court should also deny Plaintiff's motion for leave to amend because all the proposed amendments are futile. First, Plaintiff's attempts to reintroduce all claims previously dismissed in this case are futile because their dismissal is the law of the case. Second, Plaintiff's attempt to include a claim under the New York State Workers' Compensation Law ("WCL") is likewise futile because the New York State Workers' Compensation Board ("WCB") has exclusive jurisdiction over WCL claims. Third, Plaintiff's attempt to reintroduce a claim of race discrimination under the WCL is futile because, as this Court has already held, the WCL contains no prohibition against race discrimination. Fourth, Plaintiff's proposed WCL claims are futile because they are time-barred.

The Court should likewise deny Plaintiff's motion to remand. First, the Court should deny the motion to remand because it is predicated entirely upon Plaintiff's purported ability to assert a claim under the WCL and, as discussed above, such a claim is futile. Second, the motion

to remand should be denied because the statute upon which Plaintiff relies in this motion, 28 U.S.C. § 1445(c), only precludes removal of a state court action that arises under a state's workers' compensation law.  This statute does not address, much less require, remand of an action in the instant situation—where a plaintiff attempts to amend a complaint to include a workers' compensation claim after a proper removal.  Third, the motion to remand should be denied because it is based on unsupported and exaggerated claims of fact in Plaintiff's accompanying memorandum of law.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this action in the Supreme Court of the State of New York, Bronx County, on December 21, 2007.  In her Complaint, Plaintiff purported to assert eleven causes of action.[1] In Causes of Action One through Six, Plaintiff claimed that she was terminated on the basis of her race and in retaliation for making a complaint of discrimination in violation of the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"), was harassed on the basis of her race, and that Scotts aided and abetted violations of these statutes.  (Comp. ¶¶ 196-224.)  In Causes of Action Seven through Eleven, respectively, Plaintiff assserted claims for defamation, "economic discrimination in violation of New York State law," breach of implied contract to act in good faith, failure to provide a reasonable accommodation, and violations of the Equal Protection provision of the New York State Constitution.  (*Id.* at ¶¶ 225-253.)  Plaintiff also sought punitive damages, a declaratory judgment, and attorneys' fees as remedies for these alleged violations.  (*Id.* at ¶¶ C, F, G.)

---

[1] References to "Complaint" and "Compl. ¶ __" are to the Verified Complaint in the instant action, filed on December 21, 2007 in the Supreme Court of the State of New York, Bronx County.  A copy of the Complaint is attached to Defendant's Notice of Removal, which is Exhibit A to the Declaration of Craig S. Friedman.

Defendant removed the matter to this Court on February 1, 2008 on the basis of diversity of citizenship. (Friedman Decl., Ex. A.)[2]  On February 20, 2008, Plaintiff moved to remand the action to state court, claiming that the Complaint included a claim under the WCL and, as a result, remand was required pursuant to 28 U.S.C. § 1445(c). (Friedman Decl., Ex. B.)  The following day, the Court denied the motion as "patently frivolous" and found that "the 35-page complaint does not even mention, let alone assert a claim arising under, the New York Worker's Compensation Law," noting that "the word 'worker' does not appear in the entire pleading." (February 21 Order.)[3]

## A.    Plaintiff Files An Amended Complaint Adding A Claim Of Race Discrimination Under The WCL And Moves To Remand

On March 10, 2008, Defendant filed a partial motion to dismiss with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and, on March 27, 2008, the Court granted Defendant's motion in its entirety.  *Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK), 2008 WL 1700224, at *1-2 (S.D.N.Y. Mar. 27, 2008).  On the same day, Plaintiff moved for leave to amend her Complaint and to remand the action to state court. (Friedman Decl., Ex. D.)  The proposed Amended Complaint included all the same causes of action and factual allegations as the Complaint, with the exception of a newly added cause of action purporting to state a claim under the WCL. (Am. Compl. ¶¶ 196-204, 263-67.)[4]  Specifically, Plaintiff claimed that "Defendant knowingly or recklessly violated plaintiff's New York State Workers' Compensation

---

[2] References to "Friedman Decl." are to the Declaration of Craig S. Friedman, signed June 4, 2008, and submitted in support of the instant motion.

[3] A copy of the Court's February 21, 2008 Order is Exhibit C to the Declaration of Craig S. Friedman.

[4] References to "Am. Compl." and "Amended Complaint" are to the Proposed Amended Verified Complaint, filed on March 27, 2008 as an attachment to Plaintiff's motion for leave to amend.  A copy of the Amended Complaint is Exhibit E to the Declaration of Craig S. Friedman.

NYI-4092031v3

Rights by subjecting plaintiff to treatment that no Caucasian employee of the defendants' has been subjected to."  (Am. Compl. ¶ 265.)

On April 1, 2008, the Court deemed the proposed Amended Complaint as filed and served on the grounds that, as Defendant had yet to answer the Complaint, leave of court was not required to amend.  (April 1 Order.)[5]  With regard to the newly added WCL claim, the Court stated that "whatever else it might proscribe, [the WCL] does not appear to bar discrimination on the basis of race" and ordered Plaintiff to show cause why her WCL claim should not be dismissed.  (*Id.*)

**B.     The Court Dismisses Plaintiff's Claim That WCL § 120**
      **Prohibits Discrimination On The Basis Of Race**

On April 8, in response to the order to show cause, Plaintiff submitted a brief arguing that WCL § 120 prohibits race discrimination and, further, this statute "pronounces that it is unlawful to discriminate in **any** manner" (emphasis in original).  (Friedman Decl., Ex. G.)  The following day, the Court dismissed Plaintiff's WCL claim.  *Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK), 2008 WL 1748454, at *2 (S.D.N.Y. Apr. 9, 2008).  The Court rejected Plaintiff's argument that WCL § 120 prohibits discrimination in any manner as "baseless," finding that the "plain language of WCL § 120 proscribes discrimination only on the basis that an employee has claimed or attempted to claim compensation or testified or is about to testify in workers' compensation proceeding."  (*Id.*)  In the Order, the Court further noted that "Plaintiff obviously is unhappy with the fact of removal and has undertaken repeated and fruitless efforts to return to state court" and ordered Ms. Frelix to show cause why she should not be sanctioned on the basis

---

[5]  A copy of the April 1 Order is Exhibit F to the Declaration of Craig S. Friedman.

that her contention that WCL § 120 prohibits discrimination on the basis of race does not violate
Rule 11(b)(2). (*Id.* at *2.)

### C.  The Court Grants Defendant's Partial Motion To Dismiss As Law Of The Case

On April 10, 2008, Defendant filed a partial motion to dismiss the portions of the
Amended Complaint that corresponded to those in the original Complaint dismissed by the
Court's March 27 Order. (April 30 Order.)[6] Plaintiff did not respond to the motion and, on
April 30, the Court granted Defendant's motion on the grounds that the March 27 Order was the
law of the case. (*Id.*)

### D.  The Court Enters A Consent Scheduling Order Which Precludes Amendments To The Pleadings After May 12, 2008

On April 11, 2008, the Court 'so ordered' a Consent Scheduling Order, agreed to and
signed by counsel for the parties. The Consent Scheduling Order states that "[n]o amendments
to the pleadings will be permitted after May 12, 2008." (April 11 Order ¶ 2).[7]

### E.  The Court Sanctions Ms. Frelix Under Rule 11 On The Grounds That Plaintiff's Claim That WCL § 120 Prohibits Race Discrimination Is Frivolous

On May 2, 2008, the Court held oral argument to give Ms. Frelix an opportunity to show
cause why she should not be sanctioned under Rule 11. (Tr. pp. 1-13.)[8] In describing Plaintiff's
previous attempts at remand, the Court said that the "first motion was inappropriate because
there was no workers' comp claim in the complaint and when you said there was, that wasn't
true." (*Id.*) With regard to the next attempt to remand, predicated upon a claim that WCL bars

---

[6] A copy of the April 30 Order is Exhibit H to the Declaration of Craig S. Friedman.

[7] A copy of the April 11 Consent Scheduling Order is Exhibit I to the Declaration of Craig S. Friedman.

[8] References to "Tr. p. __" are to the transcript of the oral argument held May 2, 2008 before the Court, a copy of which is Exhibit J to the Friedman Declaration.

- 5 -

race discrimination, the Court said that "[t]here is no workers' compensation claim" under this theory "[a]nd it's not like you hadn't been warned." (*Id.*)

On May 14, the Court sanctioned Ms. Frelix a second time, ordering her to pay $750 to the Clerk of Court. *Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK), 2008 WL 2117244, at *1-2 (S.D.N.Y. May 14, 2008). The Court again confirmed that the WCL "does not address, let alone proscribe, employment discrimination on the basis of race or other suspect characteristics" and the Court failed "to see how Ms. Frelix's allegation [under the WCL] was anything but frivolous." (*Id.* at *1.) In the May 14 Order, the Court noted that he had "previously sanctioned [Ms. Frelix] in this action for a prior frivolous filing of a like nature." (*Id.*)

**F.    Plaintiff Again Moves For Leave To Amend And For Remand To State Court, Seeking To Reintroduce Her Claim That The WCL Prohibits Race Discrimination And The Other Claims That Were Dismissed As The Law Of The Case**

On May 20, Plaintiff served the instant "Motion And Notice Of Motion For Leave To Amend Complaint And Remand Action To State Court." Attached to Plaintiff's motion is a Proposed Amended Verified Complaint ("Proposed Amended Complaint"), which includes all the claims (supported by identical factual allegations) as those dismissed on April 30 as the law of the case. (*Compare* Am. Compl. ¶¶ 10 to 267 *with* Prop. Am. Compl. ¶¶ 10 to 272.)[9] The Proposed Amended Complaint also contains the claim that "Defendant knowingly or recklessly violated plaintiff's New York State Workers' Compensation Rights by subjecting plaintiff to treatment that no Caucasian employee of the defendants' has been subjected to," which is identical to the WCL claim previously dismissed and which led to the Court imposing sanctions on Ms. Frelix. (*Compare* Am. Compl. ¶ 265 *with* Prop. Am. Comp. ¶ 270.) The only difference

---

[9] References to "Prop. Am. Compl. ¶ __" are to the Proposed Amended Verified Complaint, filed as an exhibit with Plaintiff's May 20 motion.

between the Amended Complaint, and the May 20 Proposed Amended Complaint, is that as part of her WCL claim Plaintiff adds the allegation that Defendant failed "to file the mandatory C-2 Workers' Compensation form when she suffered work related injuries in February 2003 and January 2005." (Prop. Am. Compl. ¶ 204.) Based on the WCL claim in the Proposed Amended Complaint, Plaintiff again argues that 28 U.S.C. § 1445(c) requires remand of the instant action to state court.

## ARGUMENT

### POINT I

### THE COURT SHOULD DENY PLAINTIFF'S MOTION TO AMEND ON THE GROUNDS THAT IT IS UNTIMELY BECAUSE IT WAS SERVED EIGHT DAYS AFTER THE DEADLINE FOR AMENDMENTS TO THE PLEADINGS

First, the Court should deny Plaintiff's motion for leave to amend (and, as a consequence, her motion to remand) because it is untimely. On April 11, 2008, the Court 'so ordered' a Consent Scheduling Order which states that "[n]o amendments to the pleadings will be permitted after May 12, 2008." (April 11 Order.) This Order is signed by counsel for both parties and neither party has requested any extension of the deadlines contained in this Order. (*Id.*) Plaintiff did not serve the instant motion until May 20—a full eight days after the Court ordered deadline agreed to by Plaintiff. Therefore, the Court should deny Plaintiff's motion for leave to amend as untimely. As Plaintiff's motion to remand is predicated entirely on the WCL claim in the untimely Proposed Amended Complaint, that motion should likewise be dismissed.

## POINT II

### THE COURT SHOULD DENY PLAINTIFF'S MOTION
### FOR LEAVE TO AMEND BECAUSE IT IS FUTILE

**A.    Applicable Legal Principles**

Federal Rule of Civil Procedure ("FRCP") 15(a) states that leave to amend a pleading

"shall be freely given when justice so requires."  However, "it is well established that leave to

amend a complaint need not be granted when amendment would be futile."  *Ellis v. Chao*, 336

F.3d 114, 127 (2d Cir. 2003).  An amendment is futile when the proposed new claim would not

withstand a motion to dismiss under FRCP 12(b)(6).  *Milanese v. Rust-Oleum Corp.*, 224 F.3d

104. 110 (2d Cir. 2001).  Moreover, "if the proposed amended complaint would be subject to

'immediate dismissal' for failure to state a claim or on some other ground, the Court will not

permit the amendment."  *Perkins v. Kamco Supply Corp.*, 06 Civ. 5054 (DAB) (DF), 2007 WL

4207193, at *2 (S.D.N.Y. Nov. 27, 2007) (quoting *Jones v. New York State Div. of Military &*

*Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999)).

**B.    Plaintiff's Proposed Causes Of Action Four Through Eleven, Causes Of Action One**
**Through Three To The Extent They Are Based On Events Prior To December 21,**
**2004, Claims For Attorneys' Fees, Punitive Damages, And A Declaratory Judgment,**
**And A Claim Of Race Discrimination Under The WCL Are Futile Because The**
**Previous Dismissal Of These Claims Is The Law Of The Case**

Pursuant to the law of the case doctrine, "when a court decides upon a rule of law, that

decision should continue to govern the same issues in subsequent stages of the same case."

*Thomas v. City of New York*, CV-03-1797 (CPS), 2007 WL 2156652, at *5 (E.D.N.Y. July 25,

2007).  The Second Circuit has held that "the major grounds justifying reconsideration are an

intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice." *Id.* (quoting *Virgin Atlantic Airways v. Nat. Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  Here, the law of the case doctrine bars the above-referenced claims.

As discussed above, on March 27, 2008, the Court granted Defendant's partial motion to dismiss Causes of Action Four through Eleven, and the claims for declaratory relief, punitive damages, and attorney's fees, in their entirety, and dismissed also the First through Third Causes of Action to the extent they are based on events prior to December 21, 2004.  (March 27 Order.) After Plaintiff reintroduced these claims by filing an Amended Complaint identical in "all material respects" to the Original Complaint, (April 30 Order), Defendant moved to dismiss the portions of the Amended Complaint that corresponded to those dismissed in the March 27 Order. Plaintiff did not oppose this motion and the Court subsequently granted Defendant's motion in its entirety, holding that that the March 27 dismissal was the law of the case.  (April 30 Order.)

Now, Plaintiff moves for leave to amend to reintroduce all the claims (supported by identical factual allegations) dismissed on March 27, and again on April 30.  (*Compare* Am. Compl. ¶¶ 10 to 267 *with* Prop. Am. Compl. ¶¶ 10 to 272.)  Plaintiff, however, has offered no reason for the Court to reverse its previous decision that the dismissal of these claims is the law of the case.  As such, the Plaintiff's attempt to reintroduce these claims should be denied.  This conclusion is particularly justified where, as here, the Proposed Amended Complaint offers supporting factual allegations identical to those supporting the claims previously dismissed. *Gardner v. Wansart*, 05 Civ. 3351 (SHS), 2006 WL 2742043, at *6 (S.D.N.Y. Sept. 26, 2006) (dismissing claims in amended complaint as law of the case where plaintiff did not plead "any further facts in support of those claims").

Likewise, the Court's dismissal of Plaintiff's claim of race discrimination under the WCL on April 9, 2008 is also the law of the case. Indeed, in the May 14, 2008 Order sanctioning Ms. Frelix for asserting this claim, the Court said that this claim was dismissed "for the eminently simple reason that the [WCL], unlike the [NYSHRL], does not even address, let alone proscribe, employment discrimination on the basis of race or other suspect characteristics" and reiterated that "her argument is totally baseless." *Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK), 2008 WL 2117244, at *1-2 (S.D.N.Y. May 14, 2008). Nevertheless, Plaintiff moves for leave to amend so she may assert the same claim. (Prop. Am. Compl. ¶ 270.) As the Court has already dismissed this claim, and further found it to be utterly frivolous, this portion of the motion for leave to amend should be denied because the previous dismissal is the law of the case.

**C.     Plaintiff's Proposed WCL Claim Is Futile Because The WCB
         Has Exclusive Jurisdiction Over WCL Claims**

In any event, Plaintiff's proposed WCL claim is futile because neither this Court, nor any other court, has jurisdiction to hear such a claim. This is because the New York State Workers' Compensation Board is the exclusive forum for claims under the WCL. It is well-settled "that primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board." *Botwinick v. Ogden*, 59 N.Y.2d 909, 911, 466 N.Y.S.2d 291 (1983); *High, Veronica v. Reuters America, Inc.*, 7 Misc. 3d 1006(A), 801 N.Y.S.2d 234, at *2 (Sup Ct., Bronx Cnty. March 9, 2005) (same). In the State of New York, the "Legislature has placed the responsibility for such factual determinations in the Workers' Compensation Board, and claimants may not circumvent this procedure and choose the courts as the forum for resolution of such questions." *Cunningham v. State of New York*, 60 N.Y.2d 248, 252, 469 N.Y.S.2d 588 (1983); *High, Veronica*, 7 Misc.3d 1006(A) at *2 ("a litigant

may not circumvent the WCB's jurisdiction and procedures by seeking relief in the courts system").

Here, Plaintiff's proposed WCL claim includes two alleged violations. First, she claims that Defendant discriminated against Plaintiff on the basis of race under the WCL. (Prop. Am. Compl. ¶¶ 268, 270.) The WCB's exclusive jurisdiction applies to claims of discrimination under WCL § 120. *Casale v. Reo*, 04-CV-1013, 2005 WL 1660743, at *3 (N.D.N.Y. July 13, 2005) ("Plaintiff's exclusive remedy for a violation of [WCL] Section 120 is to seek redress through the Workers' Compensation Board"); *see also Wehling v. Bayex, Inc.*, 248 A.D.2d 973, 974, 670 N.Y.S.2d 973, 278 (4th Dep't 1998) (same). This is confirmed by the plain language of WCL § 120, which vests the WCB with the authority to remedy violations of this section. N.Y. W.C.L. § 120 ("[u]pon finding that an employer has violated this section, the board shall make an order that any employee so discriminated against shall be restored to employment").

Second, Plaintiff claims that Defendant violated the WCL by failing to submit "the mandatory C-2 Workers' Compensation form." (Prop. Am. Compl. ¶ 204.) Such a claim also falls within the exclusive jurisdiction of the WCB. *Morales v. Mobil Chemical*, 222 A.D.2d 1040, 635 N.Y.S.2d 893 (4th Dep't 1995) (employee's action against employer arising from employer's alleged failure to file contemporaneous report of employee's on-the-job injury was barred by exclusivity provisions of WCL because filing of injury report was regulated by WCL); *see also Collins v. Bloomingdales Div. of Federated Dep't Stores, Inc.*, 06 Civ. 7202 (LBS), 2007 WL 1522617, at *2 (S.D.N.Y. May 22, 2007) ("to the extent that plaintiff's complaint alleges a failure to file workman's compensation claims on her behalf, claims of that nature must be brought before the Workers' Compensation Board and therefore . . . are improperly before this Court and dismissed").

- 11 -

As it is well-settled that the courts do not have jurisdiction over WCL claims, Plaintiff's attempt to add such a claim in the instant action should be denied as futile.

**D.    Plaintiff's Proposed Claim Of Race Discrimination Under The WCL Is Futile Because The WCL Does Not Bar Race Discrimination**

In the Amended Complaint, filed March 27, 2008, Plaintiff claimed that "Defendant knowingly or recklessly violated plaintiff's New York State Workers' Compensation Rights by subjecting plaintiff to treatment that no Caucasian employee of defendants' has been subjected to." (Am. Comp. ¶ 265.) The Court dismissed this claim "for the eminently simple reason that the [WCL] . . . . does not even address, let alone proscribe discrimination on the basis of race or other suspect characteristics." *Jackson*, 2008 WL 2117244 at *1. The Court further sanctioned Ms. Frelix under Rule 11(b)(2), finding that "it is perfectly plain that, on an objective basis, Ms. Frelix's contention . . . . was not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *Id.* at *2.

Now, Plaintiff moves for leave to file a Proposed Amended Complaint which includes an identical claim of race discrimination under the WCL. (*Compare* Am. Compl. ¶ 265 *with* Proposed Am. Compl. ¶ 270.) For the simple reason that Plaintiff now attempts to reintroduce a claim which the Court has already deemed frivolous and dismissed, this proposed claim is futile.

**E.    Plaintiff's Proposed WCL Claims Are Futile Because They Are Time-Barred**

Under WCL § 120, "[a]ny complaint alleging such an unlawful discriminatory practice must be filed within two years of the commission of such practice." Here, the most recent act alleged in the Amended Complaint which could be read to support such a claim is Plaintiff's termination in "June 2005." (Am. Compl. ¶ 194.) Therefore, at best, Plaintiff's claim expired in

- 12 -

June 2007—six months prior to the filing of the original Complaint and nine months prior to the filing of the Amended Complaint.

Likewise, claims for compensation under the WCL are subject to a two-year statute of limitations from the time of the underlying accident.  N.Y. W.C.L. § 28.  Here, Plaintiff claims that she suffered work-related injuries "in February 2003 and in January 2005."  (Prop. Am. Coml. ¶ [sic] 266.)  Therefore, at best, Plaintiff's claim expired in January 2007—a full sixteen months before she sought to introduce this claim in the instant action.

Therefore, for the reasons discussed above, the Court should deny Plaintiff's motion for leave to amend.

## POINT III

### THE COURT SHOULD DENY PLAINTIFF'S MOTION TO REMAND

**A.**      **The Court Should Deny Plaintiff's Motion To Remand Because Her Motion For Leave To Amend To Include A WCL Claim Is Futile**

Plaintiff also moves to remand this action to the Supreme Court, State of New York, Bronx County, pursuant to 28 U.S.C. § 1445(c), which states that a "civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district of the United States."  Plaintiff's entire motion to remand, therefore, is based on the assumption that she can successfully move for leave to amend to include a claim under the WCL. For the many reasons discussed above, Plaintiff's motion for leave to amend a WCL claim is futile.  Point II, *supra*.  Consequently, Plaintiff's motion to remand must be denied.

**B.    Even If Plaintiff Could State A WCL Claim, The Court Should Deny Plaintiff's Motion To Remand Because The Statute On Which Plaintiff Relies, 28 U.S.C. § 1445(c), Does Not Allow For Remand Of Actions Where Plaintiff Amends The Complaint To Include A Workers' Compensation Claim**

Even if Plaintiff could successfully move for leave to amend to include a WCL claim (which she cannot), this Court would still retain jurisdiction over the instant action.  This is because the statute on which Plaintiff relies only precludes removal of an action arising under workers' compensation laws—it does not address, much less require, remand of an action where a plaintiff has later amended a complaint to include a workers' compensation claim.  *Pope v. MCI Telecommunications Corp.*, 937 F.2d 258, 263 (5th Cir. 1991) (affirming denial of motion to remand under 28 U.S.C. § 1445(c) because "[a]t the time of removal, [plaintiff] had not yet asserted" a workers' compensation claim and, as a result, such a claim "was never removed.")  Moreover, citing *Pope*, this Court has already indicated that it is "doubtful" that "a post-removal amendment that asserted a claim under the worker's compensation laws could defeat federal jurisdiction *after* a perfectly proper removal."  (March 21 Order) (emphasis in original.)

Here, at the time of removal, the Complaint did not include a WCL claim.  (Complaint ¶¶ 1-253.)  As such, there was no "civil action in any State court arising under the workmen's compensation laws" that would preclude removal.  Plaintiff's motion to remand, accordingly, should be denied.

**C.    Plaintiff's Motion For Leave To Remand Should Be Denied Because She Offers Only Unsupported Assertions And Exaggerations In Support Of Her Motion**

Plaintiff's motion should likewise be denied because it is supported only by unsworn, unsupported assertions and wild exaggerations.  In Section II of her Memorandum Of Law In Support Of Motion And Notice Of Motion For Leave To Amend Complaint And Remand Action

- 14 -

To State Court, Plaintiff makes "factual" assertions purporting to show that Defendant violated the WCL. However, not a single fact is supported by an affidavit, or any such sworn testimony. Therefore, they should not be considered by the Court when making this motion.

Plaintiff does attach exhibits to her brief. She, however, has made no effort whatsoever to authenticate these documents. Apart from this obvious problem, she uses these "exhibits" as a basis for exaggerated assertions. Plaintiff claims that she "visited the Kings County Workers' Compensation Board office to ascertain whether the Defendant filed the mandatory C-2 forms on her behalf" and that "[a]fter a thorough system-wide search of its records; the Kings County Workers' Compensation Board office determined that Defendant had breached its duty by having never filed C-2 forms for the February 2003 and January 2005 injuries." (Pl. Mem. p. 6.)

In support of these allegations, Plaintiff cites only to an exhibit to her brief which purports to be a form letter from the Workers' Compensation Board Disability Benefits Bureau in Albany. Even a liberal reading of the document shows that it does not support Plaintiff's argument. The form letter states that, "On this date, Maria Jackson . . . appeared in this office." Ms. Jackson's name is handwritten into this sentence and handwriting at the bottom of the page appears to state that "We have no record of comp. case or disability in files."

From these meager statements, Plaintiff draws the unsupportable conclusion that the WCB "determined that Defendant had breached its duty by having never filed C-2 forms." (Pl. Mem. p. 6.) But the form letter simply cannot be reasonably interpreted as a determination that Defendant breached a duty. The letter does not even mention Scotts. As such, the Court should disregard Plaintiff's "exhibits" and the exaggerated claims they purport to support.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's May 20, 2008 motion for leave to amend and to remand.

Dated:  June 4, 2008

JONES DAY

/s/ Craig S. Friedman
_____
Craig S. Friedman (CF-1988)
csfriedman@jonesday.com
Matthew W. Lampe (*pro hac vice*)
mwlampe@jonesday.com
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939
Attorneys for Defendant

NYI-4092031v3

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing

MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MAY 20, 2008 MOTION

FOR LEAVE TO AMEND COMPLAINT AND REMAND ACTION TO STATE COURT to be

served on the following counsel of record this 4th day of June, 2008 by forwarding a copy, by

First Class mail, addressed to:

Sandra D. Frelix, Esq.
110 Wall Street, 11th Floor
New York, New York 10005


/s/ Craig S. Friedman
_____
Craig S. Friedman

NYI-4092031v3