UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA JACKSON,

          Plaintiff,

    -against-

THE SCOTTS COMPANY

        Defendant.

08 Civ. 1064 (LAK)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

Craig S. Friedman (CF-1988)
csfriedman@jonesday.com
Matthew W. Lampe (*pro hac vice*)
mwlampe@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017
(212) 326-3939
Attorneys for Defendant

**Page**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... iv

PRELIMINARY STATEMENT ........................................................................................1

BACKGROUND AND PROCEDURAL HISTORY....................................................4

      A.     The Court Sanctions Ms. Frelix Under Rule 11 Because Statements
            In Plaintiff's February 20 Motion To Remand Were Devoid Of
            Legal And Factual Support ...........................................................................4

      B.     Plaintiff Files An Amended Complaint Adding A Claim Of Race
            Discrimination Under the WCL And Again Moves To Remand ...............4

      C.     The Court Dismisses Plaintiff's Claim That WCL § 120 Prohibits
            Discrimination On The Basis Of Race..........................................................5

      D.     The Court Grants Defendant's Partial Motion To Dismiss As Law
            Of The Case ....................................................................................................6

      E.     The Court Enters A Consent Scheduling Order Which Precludes
            Amendments To The Pleadings After May 12, 2008 ..................................6

      F.     The Court Sanctions Ms. Frelix Under Rule 11 On The Grounds
            That Plaintiff's Claim That WCL § 120 Prohibits Race
            Discrimination Is Frivolous ..........................................................................6

      G.     Plaintiff Again Moves For Leave To Amend And For Remand To
            State Court, Seeking To Reintroduce Her Claim That The WCL
            Prohibits Race Discrimination And The Other Claims That Were
            Dismissed As The Law Of The Case............................................................7

ARGUMENT.....................................................................................................................8

POINT I    PLAINTIFF'S MAY 20, 2008 MOTION FOR LEAVE TO AMEND
             AND TO REMAND TO STATE COURT VIOLATES FEDERAL RULE
             OF CIVIL PROCEDURE 11 .........................................................................8

      A.     Applicable Legal Principles...........................................................................8

      B.     Plaintiff's May 20, 2008 Motion Violates Rule 11(b)(2) Because It
            Contains Claims That Are Not Warranted Under Existing Law Or
            Pursuant To A Nonfrivolous Argument For The Extension,
            Modification Or Reversal Of Existing Law Or The Establishment
            Of New Law...................................................................................................10

            1.     Plaintiff's Proposed Claim Of Race Discrimination Under
                  The WCL Is Frivolous Because The WCL Does Not Bar
                  Race Discrimination And This Court Has Already
                  Sanctioned Ms. Frelix For Asserting This Same Claim ..............10

2.  Plaintiff's Proposed WCL Claim Is Frivolous Because The New York State Workers' Compensation Board Is The Exclusive Forum For WCL Claims ...............................................11

3.  Plaintiff's Proposed Causes Of Action Four Through Eleven, Proposed Causes Of Action One Through Three To The Extent They Are Based On Events Prior to December 21, 2004, and Proposed Claims For Attorneys' Fees, Punitive Damages, And A Declaratory Judgment, Are Frivolous Because They Are Barred By The Law Of The Case Doctrine..............................................................................12

4.  Plaintiff's Motion To Remand Is Frivolous Because It Is Based Upon A Claim Over Which The Courts Do Not Have Jurisdiction .........................................................13

C.  Plaintiff's May 20, 2008 Motion Violates Rule 11(b)(1) Because It Was Presented For Improper Purposes .....................................14

1.  Plaintiff And Her Counsel Have Acted For An Improper Purpose Because The May 20 Motion Is The Most Recent In A Pattern Of Sanctionable Conduct Which Stems From Plaintiff's Unsupportable Position That This Case Should Be Remanded ..................................................................14

2.  Plaintiff's Motion For Leave To Amend Is Presented For An Improper Purpose Because She Concedes That She Is Seeking A Remedy For Her WCL Claims Before The New York State Workers' Compensation Board ...................................15

3.  Plaintiff's Motion For Leave To Amend Is Presented For An Improper Purpose Because She Filed It Nine Days After The Consent Scheduling Order's Deadline For Amendment Of The Pleadings.......................................16

POINT II    THE COURT SHOULD SANCTION MS. FRELIX AND PLAINTIFF BY DISMISSING THIS CASE WITH PREJUDICE AND COMPELLING THEM TO PAY DEFENDANT'S ATTORNEYS' FEES AND COSTS ...........................................................................17

A.  The Court Should Dismiss Plaintiff's Complaint With Prejudice.............17

1.  Lesser Sanctions Have Not Deterred Plaintiff From Reasserting Claims That The Court Has Held Were Frivolous And Sanctionable..........................................18

2.    The Instant Motion Is The Most Recent Part Of A Pattern Of Sanctionable Conduct Stemming From Plaintiff's Unsupportable Position That This Case Should Be Remanded To State Court ...........................................................19

3.    Plaintiff Has Repeatedly Ignored The Orders Of This Court ........19

4.    Other Federal Courts Have Sanctioned Ms. Frelix .........................19

B.    The Court Should Compel Plaintiff and Ms. Frelix To Reimburse Defendant For The Attorneys' Fees And Costs Incurred In Defending Plaintiff's May 20 Motion And Presenting The Instant Motion.....................................................................................................20

CONCLUSION.............................................................................................................................21

# TABLE OF AUTHORITIES

## Cases

*Abdelhamid v. Altria Group, Inc.*,
    515 F. Supp. 2d 384 (S.D.N.Y. 2007) .............................................................................17

*Botwinick v. Ogden*,
    59 N.Y.2d 909, 466 N.Y.S.2d 291 (1983) ......................................................................11

*Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc.*,
    28 F.3d 259 (2d Cir. 1994) ................................................................................................9

*Casale v. Reo*, 04-CV-1013, 2005 WL 1660743 (N.D.N.Y. July 13, 2005) .................................11

*Chambers v. Heidelberg, Inc.*, 04-583 (RBK),
    2007 WL 1544255 (D.N.J. May 25, 2007) .................................................................1, 20

*Cunningham v. State of New York*,
    60 N.Y.2d 248, 469 N.Y.S.2d 588 (1983) ......................................................................11

*Dodson v. Runyon*,
    86 F.3d 37 (2d Cir. 1996) ................................................................................................17

*Eady v. Lappin*, 9:05-CV-0824 (NAM),
    2007 WL 1531879 (N.D.N.Y. May 22, 2007) ................................................................10

*Eastway Const. Corp. v. City of New York*,
    762 F.2d 243 (2d Cir. 1985) ..............................................................................................9

*High, Veronica v. Reuters America, Inc.*,
    7 Misc. 3d 1006, 801 N.Y.S.2d 234 (Sup Ct., Bronx Cnty. March 9, 2005) ....................11

*Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK),
    2008 WL 1700224 (S.D.N.Y. March 27, 2008) ...........................................................5, 12

*Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK),
    2008 WL 1748454 (S.D.N.Y. Apr. 9, 2008) .................................................................5, 18

*Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK),
    2008 WL 2117244 (S.D.N.Y. May 14, 2008) .........................................................7, 10, 18

*Jimenez v. Madison Area Tech. College*,
    321 F.3d 652 (7th Cir. 2003) ...........................................................................................17

**TABLE OF AUTHORITIES**
(continued)

Page

*Lazzarino v. Kenton Associates, Ltd.*,
    998 F. Supp. 364 (S.D.N.Y. 1998) ...................................................21

*Margo v. Weiss*, 213 F.3d 55 (2d Cir. 2000)....................................17, 20

*Martens v. Thomann*, 273 F.3d 159 (2d Cir. 2001) ................................9

*McMahon v. Shearson/American Express, Inc.*, 896 F.2d 17 (2d Cir. 1990) .................8

*Morley v. Ciba-Geigy Corp.*, 66 F.3d 21 (2d Cir. 1995) ....................12, 16

*Murray v. Dominick Corp. of Canada, Ltd.*,
    117 F.R.D. 512 (S.D.N.Y. 1987) ...................................................17

*O'Malley v. New York City Transit Authority*, 896 F.2d 704 (2d Cir. 1990) ...................9

*Paganucci v. City of New York*,
    993 F.2d 310 (2d Cir. 1993)...........................................................9

*Ramashwar v. Espinoza*, 05 Civ. 2012 (AJP),
    2006 WL 36752 (S.D.N.Y. Jan. 6, 2006), ...................................20

*Safe-Strap Co, Inc. v. Koala Corp.*,
    270 F. Supp. 2d 407 (S.D.N.Y. 2003).........................................17

*Torres v. Amerada Hess Corp.*, 240 Fed. Appx. 946 (3d Cir. 2007).....................1, 20

*Wehling v. Bayex, Inc.*,
    248 A.D.2d 973, 670 N.Y.S.2d 973 (4th Dep't 1998) .....................11

**STATUTES**

28 U.S.C. § 1927....................................................................................21

28 U.S.C. § 1445(c) .........................................................4, 8, 13, 14, 15, 19

N.Y. W.C.L. § 120.............................................................................5, 6, 11

**FEDERAL RULES AND ADVISORY COMMITTEE NOTES**

Fed. R. Civ. P. 11 ......................................................................... *passim*

Fed. R. Civ. P. 11(b) ........................................................................9, 17

Fed. R. Civ. P. 11(b)(1).............................................................2, 13, 14, 16

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

Fed. R. Civ. P. 11(b)(2)..............................................................................2, 4, 10, 12, 14

Fed. R. Civ. P. 11(b)(3)................................................................................................4, 14

Fed. R. Civ. P. 11(c)(4)...................................................................................................20

Fed. R. Civ. P. 11 Advisory Committee Notes................................................................17

Federal Rule of Civil Procedure 12(b)(6) ........................................................................4

## PRELIMINARY STATEMENT

By continuing to assert frivolous claims and positions in the May 20, 2008 Motion And Notice Of Motion For Leave To Amend Complaint And Remand Action To State Court ("May 20 motion"), Plaintiff Maria Jackson ("Plaintiff" or "Jackson") and her attorney, Sandra Frelix, Esq. ("Ms. Frelix") have engaged in blatantly sanctionable conduct in their effort to escape the Court's jurisdiction.  And Defendant The Scotts Company LLC ("Defendant" or "Scotts") suffers because of it, in the form of attorneys' fees, costs, and expenses incurred in dealing with Plaintiff's bad-faith tactics.

What is more, Ms. Frelix has not learned her lesson—she continues to engage in her frivolous remand campaign notwithstanding having been twice sanctioned by the Court.  The Court has already held on multiple occasions, and even noted at oral argument, that Ms. Frelix has engaged in frivolous conduct.  As the Court said at oral argument, she has "filed some pleadings that are really . . . indefensible."  Indeed, Ms. Frelix's conduct is just the latest episode in a pattern of improper conduct in federal court.  In *Torres v. Amerada Hess Corp.*, 240 Fed. Appx. 946 (2007), the Third Circuit affirmed the sanction of dismissal of the case with prejudice because Ms. Frelix and her client willfully disregarded discovery orders, finding that due to repeated violations "less onerous sanctions proved futile."  Similarly, in *Chambers v. Heidelberg, Inc.*, 04-583 (RBK), 2007 WL 1544255 (D.N.J. May 25, 2007), the District of New Jersey sanctioned Ms. Frelix by revoking her *pro hac vice* admission because she wrote co-counsel's electronic signature on a document, without his permission, and filed that document with the court.

In bringing the May 20 motion, she has filed yet another indefensible, and sanctionable, pleading.  This Court should respond to Ms. Frelix's latest tactic with the sternest form of

judicial rebuke by dismissing Plaintiff's action with prejudice and awarding Defendant monetary sanctions.

According to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), by presenting to the court a written motion, an attorney is certifying to the court that, to the best of the attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that, (i) the claims and legal contentions asserted are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, and (ii) the motion is not being presented for any improper purpose.

Such sanctions are plainly warranted here. Plaintiff's May 20 motion violates Rule 11(b)(2) because its legal contentions are frivolous. First, Plaintiff's attempt to amend the complaint to include a claim of race discrimination under the New York State Workers' Compensation Law ("WCL") is frivolous because the WCL does not bar race discrimination, this Court has already so held, and the Court has already sanctioned Ms. Frelix for making this argument. Second, Plaintiff's attempt to add a WCL claim is frivolous because the New York State Workers' Compensation Board ("WCB") is the exclusive forum for claims under the WCL. Third, Plaintiff's attempt to add claims dismissed by this Court on March 27 is frivolous because, on April 30, this Court deemed the March 27 dismissal as the law of the case. Fourth, the portion of Plaintiff's motion seeking remand to state court is frivolous because it is supported only by the argument, which is unsupportable as a matter of law, that the courts have jurisdiction over WCL claims.

Likewise, Plaintiff's May 20 motion violates Rule 11(b)(1) because it is presented for an improper purpose, namely to increase the cost of litigation and harass Scotts. First, the motion is presented for an improper purpose because it is only the most recent example in a long line of

sanctionable conduct.  Second, the motion is presented for an improper purpose because, although she seeks to add a WCL claim, Plaintiff concedes that she is already seeking a remedy for WCL violations before the WCB, the only forum with jurisdiction over her claims.  Indeed, at oral argument, Ms. Frelix conceded that Plaintiff is asserting WCL claims so that a state court may adjudicate her other claims.  Third, Plaintiff's motion is presented for an improper purpose because it was filed nine days after the deadline, contained in a Consent Scheduling Order signed by Ms. Frelix, for amendments to the pleadings.

As a result of the above-described violations of Rule 11, the Court should sanction Plaintiff and Ms. Frelix.  First, the Court should dismiss the instant action with prejudice.  This is an appropriate sanction because (a) previous monetary sanctions have not prevented Plaintiff and Ms. Frelix from continuing to assert frivolous arguments, including an argument that the Court already dismissed and deemed frivolous, (b) the instant motion is the most recent in a line of motions to remand and/or for leave to amend, all of which are deficient as a matter of law, (c) Plaintiff has repeatedly ignored the orders of this Court, and (d) other federal courts have sanctioned Ms. Frelix for similar conduct, showing that anything less than dismissal will not deter future violations.  Second, given the frivolous nature of the claims, the Court should compel Plaintiff and her attorney to reimburse Defendant for the attorneys' fees and expenses incurred as a result of the above-described violations of Rule 11, including the fees and costs of presenting the instant Rule 11 motion.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this action in the Supreme Court of the State of New York, Bronx County, on December 21, 2007, and Defendant removed the matter to this Court on February 1, 2008 on the basis of diversity of citizenship. (Friedman Decl., Ex. A.)[1]

**A.   The Court Sanctions Ms. Frelix Under Rule 11 Because Statements In Plaintiff's February 20 Motion To Remand Were Devoid Of Legal And Factual Support**

On February 20, 2008, Plaintiff moved to remand the action to state court, claiming that the Complaint[2] included a claim under the WCL and, as a result, remand was required pursuant to 28 U.S.C. § 1445(c). (Friedman Decl., Ex. B.) The following day, the Court denied the motion as "patently frivolous" and found that "the 35-page complaint does not even mention, let alone assert a claim arising under, the New York Worker's Compensation Law," noting that "the word 'worker' does not appear in the entire pleading." (February 21 Order.)[3] The Court also ordered Ms. Frelix to show cause why she should not be sanctioned for violating Rule 11(b)(2) or Rule 11(b)(3) on the ground that the notice of motion to remand was devoid of legal or factual support. (*Id.*) On March 5, 2008, after Ms. Frelix failed to respond to the order to show cause, the Court found that the February 20 notice of motion violated Rules 11(b)(2) and 11(b)(3) and ordered Ms. Frelix to pay $750 to the Clerk of Court as a sanction for this violation.

**B.   Plaintiff Files An Amended Complaint Adding A Claim Of Race Discrimination Under the WCL And Again Moves To Remand**

On March 10, 2008, Defendant filed a partial motion to dismiss with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and, on March 27, 2008, the Court granted

---

[1] References to "Friedman Decl." are to the Declaration of Craig S. Friedman, signed June 4, 2008, and submitted in support of the instant motion.

[2] References to "Complaint" are to the Verified Complaint in the instant action, filed on December 21, 2007 in the Supreme Court of the State of New York, Bronx County. A copy of the Complaint is attached to Defendant's Notice of Removal, which is Exhibit A to the Declaration of Craig S. Friedman.

[3] A copy of the Court's February 21, 2008 Order is Exhibit C to the Declaration of Craig S. Friedman.

Defendant's motion in its entirety. *Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK), 2008 WL 1700224, at *1-2 (S.D.N.Y. Mar. 27, 2008). On the same day, Plaintiff moved for leave to amend her Complaint and to remand the action to state court. (Friedman Decl., Ex. D.) The proposed Amended Complaint included all the same causes of action and factual allegations as the Complaint, with the exception of a newly added cause of action purporting to state a claim under the WCL. (Am. Compl. ¶¶ 196-204, 263-67.)[4] Specifically, Plaintiff claimed that "Defendant knowingly or recklessly violated plaintiff's New York State Workers' Compensation Rights by subjecting plaintiff to treatment that no Caucasian employee of the defendants' has been subjected to." (Am. Compl. ¶ 265.)

On April 1, 2008, the Court deemed the proposed Amended Complaint as filed and served on the grounds that, as Defendant had yet to answer the Complaint, leave of court was not required to amend. (April 1 Order.) With regard to the newly added WCL claim, the Court stated that "whatever else it might proscribe, [the WCL] does not appear to bar discrimination on the basis of race" and ordered Plaintiff to show cause why her WCL claim should not be dismissed. (*Id.*)

## C.    The Court Dismisses Plaintiff's Claim That WCL § 120 Prohibits Discrimination On The Basis Of Race

On April 8, in response to the order to show cause, Plaintiff submitted a brief arguing that WCL § 120 prohibits race discrimination and, further, this statute "pronounces that it is unlawful to discriminate in **any** manner" (emphasis in original). (Friedman Decl., Ex. G.) The following day, the Court dismissed Plaintiff's WCL claim. *Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK), 2008 WL 1748454, at *2 (S.D.N.Y. Apr. 9, 2008). The Court rejected Plaintiff's

---

[4] References to "Am. Compl." and "Amended Complaint" are to the Proposed Amended Verified Complaint, filed on March 27, 2008 as an attachment to Plaintiff's motion for leave to amend. A copy of the Amended Complaint is Exhibit E to the Declaration of Craig S. Friedman.

argument that WCL § 120 prohibits discrimination in any manner as "baseless," finding that the "plain language of WCL § 120 proscribes discrimination only on the basis that an employee has claimed or attempted to claim compensation or testified or is about to testify in workers' compensation proceeding." (*Id.*) In the Order, the Court further noted that "Plaintiff obviously is unhappy with the fact of removal and has undertaken repeated and fruitless efforts to return to state court" and ordered Ms. Frelix to show cause why she should not be sanctioned on the basis that her contention that WCL § 120 prohibits discrimination on the basis of race does not violate Rule 11(b)(2). (*Id.* at *2.)

**D.    The Court Grants Defendant's Partial Motion To Dismiss As Law Of The Case**

On April 10, 2008, Defendant filed a partial motion to dismiss the portions of the Amended Complaint that corresponded to those in the original Complaint dismissed by the Court's March 27 Order. (April 30 Order.)[5] Plaintiff did not respond to the motion and, on April 30, the Court granted Defendant's motion on the grounds that the March 27 Order was the law of the case. (*Id.*)

**E.    The Court Enters A Consent Scheduling Order Which Precludes Amendments To The Pleadings After May 12, 2008**

On April 11, 2008, the Court 'so ordered' a Consent Scheduling Order, agreed to and signed by counsel for the parties. The Consent Scheduling Order states that "[n]o amendments to the pleadings will be permitted after May 12, 2008." (April 11 Order ¶ 2.)[6]

**F.    The Court Sanctions Ms. Frelix Under Rule 11 On The Grounds That Plaintiff's Claim That WCL § 120 Prohibits Race Discrimination Is Frivolous**

On May 2, 2008, the Court held oral argument to give Ms. Frelix an opportunity to show cause why she should not be sanctioned under Rule 11. (Tr. pp. 1-13.)[7] In referring to Plaintiff's

---

[5] A copy of the April 30 Order is Exhibit H to the Declaration of Craig S. Friedman.

[6] A copy of the April 11 Order is Exhibit I to the Declaration of Craig S. Friedman.

repeated attempts to add a WCL claim, Ms. Frelix stated that "I guess this all stems from the fact that it's our position that Ms. Jackson should be—this case should be remanded back to Bronx Supreme Court." (Tr. 6.) In response, the Court theorized that Ms. Frelix "began to see whether [she] could figure out any possible way of getting out of federal court and back to a Bronx jury and Bronx judge because [she] view[s] that as a much more favorable forum." (Tr. 7.) In describing Plaintiff's previous attempts at remand, the Court said that the "first motion was inappropriate because there was no workers' comp claim in the complaint and when you said there was, that wasn't true." (*Id.*) With regard to the next attempt to remand, predicated upon a claim that WCL bars race discrimination, the Court said that "[t]here is no workers' compensation claim" under this theory "[a]nd it's not like you hadn't been warned." (*Id.*)

On May 14, the Court sanctioned Ms. Frelix a second time, ordering her to pay $750 to the Clerk of Court. *Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK), 2008 WL 2117244, at *1-2 (S.D.N.Y. May 14, 2008). The Court again confirmed that the WCL "does not address, let alone proscribe, employment discrimination on the basis of race or other suspect characteristics" and the Court failed "to see how Ms. Frelix's allegation [under the WCL] was anything but frivolous." (*Id.* at *1.) In the May 14 Order, the Court noted that he had "previously sanctioned [Ms. Frelix] in this action for a prior frivolous filing of a like nature." (*Id.*)

**G.**  **Plaintiff Again Moves For Leave To Amend And For Remand To State Court, Seeking To Reintroduce Her Claim That The WCL Prohibits Race Discrimination And The Other Claims That Were Dismissed As The Law Of The Case**

On May 20, Plaintiff served yet another "Motion And Notice Of Motion For Leave To Amend Complaint And Remand Action To State Court." (Friedman Decl., Ex. K.) Attached to

---

(continued...)

[7] References to "Tr. p. __" are to the transcript of the oral argument held May 2, 2008 before the Court, a copy of which is Exhibit J to the Friedman Declaration.

Plaintiff's motion is a Proposed Amended Verified Complaint ("Proposed Amended Complaint"), which includes all the claims (supported by identical factual allegations) as those dismissed on April 30 as the law of the case.   (*Compare* Am. Compl. ¶¶ 10 to 267 *with* Prop. Am. Compl. ¶¶ 10 to 272.)[8]  The Proposed Amended Verified Complaint also contains the claim that "Defendant knowingly or recklessly violated plaintiff's New York State Workers' Compensation Rights by subjecting plaintiff to treatment that no Caucasian employee of the defendants' has been subjected to," which is identical to the WCL claim previously dismissed and which led to the Court imposing sanctions on Ms. Frelix.  (*Compare* Am. Compl. ¶ 265 *with* Prop. Am. Comp. ¶ 270.)  The only difference between the Amended Complaint, and the May 20 Proposed Amended Complaint, is that as part of her WCL claim Plaintiff adds the allegation that Defendant failed "to filed the mandatory C-2 Workers' Compensation form when she suffered work related injuries in February 2003 and January 2005."  (Prop. Am. Compl. ¶ 204.)  Based on the Proposed Amended Complaint, Plaintiff again claims that 28 U.S.C. § 1445(c) requires remand of the instant action to state court.

## ARGUMENT

### POINT I

### PLAINTIFF'S MAY 20, 2008 MOTION FOR LEAVE TO AMEND AND TO REMAND TO STATE COURT VIOLATES FEDERAL RULE OF CIVIL PROCEDURE 11

**A.**    **Applicable Legal Principles**

Under Rule 11, "an attorney makes the following representations each time he or she submits a paper to the court: (1) the paper is not being presented for an improper purpose; (2) the legal claims are warranted under existing law or pursuant to a nonfrivolous argument for the

---

[8] References to "Prop. Am. Compl. ¶ __" are to the Proposed Amended Verified Complaint, filed as an exhibit with Plaintiff's May 20 motion.  A copy of the Proposed Amended Complaint is Exhibit L to the Friedman Declaration.

extension, modification or reversal of existing law or the establishment of new law; (3) the

allegations and factual contentions have evidentiary support or will likely have evidentiary

support after a reasonable opportunity for discovery; and (4) denials of factual contentions are

warranted." *Martens v. Thomann*, 273 F.3d 159, 177 (2d Cir. 2001); *see also* Fed. R. Civ. P.

11(b); *Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir.

1994).

Rule 11 "seeks to discourage 'dilatory and abusive litigation tactics and eliminat[e]

frivolous claims and defenses, thereby speeding up and reducing the costs of the litigation

process.'" *Paganucci v. City of New York*, 993 F.2d 310, 312 (2d Cir. 1993) (quoting *McMahon*

*v. Shearson/American Express, Inc.*, 896 F.2d 17, 21 (2d Cir. 1990)). The Second Circuit has

held that "sanctions shall be imposed against an attorney and/or his client when it appears that a

pleading has been interposed for any improper purpose, or where, after reasonable inquiry, a

competent attorney could not form a reasonable belief that the pleading is well grounded in fact

and is warranted by existing law or a good faith argument for the extension, modification or

reversal of existing law." *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 253 (2d Cir.

1985) (footnote omitted). The rule provides an "affirmative duty on each attorney to conduct a

reasonable inquiry into the viability of a pleading before actually signing it." *O'Malley v. New*

*York City Transit Auth.*, 896 F.2d 704, 706 (2d Cir. 1990) (quotation omitted). An objective

standard is used in order to determine "whether or not the attorney's inquiry was reasonable in

light of all the circumstances." *Id.* (citations omitted). "If it is clear that the action was destined

to fail based on the facts and existing precedent, and where no reasonable argument could be

advanced to change or extend the present law, rule 11 requires a sanction." *Id.* at 706.

Ultimately, "Rule 11 requires attorneys (and parties) to take responsibility for their claims by

conducting a reasonable inquiry to ensure that their causes of action are well grounded in both law and fact." *Eady v. Lappin*, 9:05-CV-0824 (NAM), 2007 WL 1531879, at *3 (N.D.N.Y. May 22, 2007) (citation omitted).

Here, a more clear-cut case of sanctionable conduct is difficult to imagine. Plaintiff and Ms. Frelix have flouted the Court's orders and the law at every turn—including, most recently, in the May 20 motion—and because of this, the Court and Defendant has been distracted from the conduct of this litigation and has unnecessarily incurred costs and attorneys' fees.

**B.    Plaintiff's May 20, 2008 Motion Violates Rule 11(b)(2) Because It Contains Claims That Are Not Warranted Under Existing Law Or Pursuant To A Nonfrivolous Argument For The Extension, Modification Or Reversal Of Existing Law Or The Establishment Of New Law**

1.    Plaintiff's Proposed Claim Of Race Discrimination Under The WCL Is Frivolous Because The WCL Does Not Bar Race Discrimination And This Court Has Already Sanctioned Ms. Frelix For Asserting This Same Claim

In the Amended Complaint, filed March 27, 2008, Plaintiff claimed that "Defendant knowingly or recklessly violated plaintiff's New York State Workers' Compensation Rights by subjecting plaintiff to treatment that no Caucasian employee of defendants' has been subjected to." (Am. Comp. ¶ 265.) The Court dismissed this claim "for the eminently simple reason that the [WCL] . . . . does not even address, let alone proscribe discrimination on the basis of race or other suspect characteristics." *Jackson*, 2008 WL 2117244 at *1. The Court further sanctioned Ms. Frelix under Rule 11(b)(2), finding that "it is perfectly plain that, on an objective basis, Ms. Frelix's contention . . . . was not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *Id.* at *2.

Now, Plaintiff moves for leave to file a Proposed Amended Complaint which includes an identical claim of race discrimination under the WCL. (*Compare* Am. Compl. ¶ 265 *with* Proposed Am. Compl. ¶ 270.) For the simple reason that Plaintiff now attempts to reintroduce a

claim which the Court has already deemed frivolous, Plaintiff and her attorney have again violated Rule 11.

2.    Plaintiff's Proposed WCL Claim Is Frivolous Because The New York State Workers' Compensation Board Is The Exclusive Forum For WCL Claims

In any event, even if the WCL did prohibit race discrimination (which it does not), Plaintiff's WCL claim is frivolous because neither this Court, nor any other court, has jurisdiction to hear such a claim. This is because the New York State Workers' Compensation Board is the exclusive forum for claims under the WCL. It is well-settled "that primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board." *Botwinick v. Ogden*, 59 N.Y.2d 909, 911, 466 N.Y.S.2d 291 (1983); *High, Veronica v. Reuters America, Inc.*, 7 Misc. 3d 1006(A), 801 N.Y.S.2d 234, at *2 (Sup. Ct., Bronx Cnty. March 9, 2005) (same). In the State of New York, the "Legislature has placed the responsibility for such factual determinations in the Workers' Compensation Board, and claimants may not circumvent this procedure and choose the courts as the forum for resolution of such questions." *Cunningham v. State of New York*, 60 N.Y.2d 248, 252, 469 N.Y.S.2d 588 (1983); *High, Veronica*, 7 Misc.3d 1006(A) at *2 ("a litigant may not circumvent the WCB's jurisdiction and procedures by seeking relief in the courts system").

This principle applies with full force to claims of discrimination under § 120. *Casale v. Reo*, 04-CV-1013, 2005 WL 1660743, at *3 (N.D.N.Y. July 13, 2005) ("Plaintiff's exclusive remedy for a violation of [WCL] Section 120 is to seek redress through the Workers' Compensation Board"); *see also Wehling v. Bayex, Inc.*, 248 A.D.2d 973, 974, 670 N.Y.S.2d 973, 278 (4th Dep't 1998) (same). This is confirmed by the plain language of WCL § 120, which vests the WCB with the authority to remedy violations of this section. N.Y. W.C.L. § 120

("[u]pon finding that an employer has violated this section, the board shall make an order that any employee so discriminated against shall be restored to employment").

Therefore, it is well-settled that the courts do not have jurisdiction over WCL claims. Thus, even if race discrimination was a cognizable claim under the WCL (which it is not), Plaintiff's attempt to avoid this Court's jurisdiction by adding such a claim would still be frivolous and a violation of Rule 11(b)(2).

> 3.    Plaintiff's Proposed Causes Of Action Four Through Eleven, Proposed Causes Of Action One Through Three To The Extent They Are Based On Events Prior to December 21, 2004, and Proposed Claims For Attorneys' Fees, Punitive Damages, And A Declaratory Judgment, Are Frivolous Because They Are Barred By The Law Of The Case Doctrine

The Second Circuit has held that a claim in a proposed supplemental or amended complaint is frivolous, and violates Rule 11, where it has been previously dismissed and such dismissal was deemed the law of the case. *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995) ("once the court had ruled that it would not allow compensatory and punitive damages for the alleged ADEA violations, the demand for such damages in the supplemental complaint was frivolous because it was barred by the law of the case").

On March 27, 2008, after Plaintiff failed to respond to Defendant's motion for partial dismissal of the original Complaint, the Court granted Defendant's motion and dismissed the Fourth through Eleventh Causes of Action, and the claims for declaratory relief, punitive damages, and attorney's fees, in their entirety and also dismissed the First through Third Claims to the extend they are based on events prior to December 21, 2004. *Jackson*, 2008 WL 1700224 at *1-2. Plaintiff subsequently filed an amended complaint which "was identical in all material respects to the original complaint." (April 30 Order.) Again, Defendant was forced to move to dismiss the portions of the Amended Complaint that corresponded to those dismissed in the March 27 Order. Plaintiff, again, filed no opposition. As a result, the Court granted Defendant's

second motion to dismiss on the grounds that "[t]he law of the case doctrine precludes reconsideration of . . . question[s previously determined] here absent cogent or compelling reasons" and, in failing to respond, Plaintiff "failed to demonstrate any reason whatever for reaching a different result." (*Id.*)

Plaintiff now moves for leave to file a proposed Amended Complaint that includes Causes Of Action One through Eleven identical to those in the both the original Complaint and the Amended Complaint. (*Compare* Proposed Am. Compl. ¶¶ 208-265 *with* Complaint ¶¶ 196-253 *and* Am. Compl. ¶¶ 205-262.) Moreover, the underlying factual allegations contained in the Proposed Amended Complaint are identical to those in both the original Complaint and the Amended Complaint. (*Compare* Proposed Am. Compl. ¶¶ 10-195 *with* Complaint ¶¶ 10-195 *and* Am. Compl. ¶¶ 10-195.) Plaintiff has already had two opportunities to address the deficiencies of these claims and, as a result of her failure to do so, the Court has deemed the dismissal of the above-described claims the law of the case. As a result, Plaintiff's attempt to reintroduce these claims is frivolous and, therefore, the Court should sanction Ms. Frelix and Plaintiff accordingly.

        4.      Plaintiff's Motion To Remand Is Frivolous Because It Is Based
                   Upon A Claim Over Which The Courts Do Not Have Jurisdiction

In addition to a frivolous motion for leave to amend, Plaintiff's May 20 motion includes an equally frivolous motion to remand the instant action to state court pursuant to 28 U.S.C. § 1445(c), which provides that a "civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." This motion is predicated entirely on the argument that Plaintiff may assert a WCL claim in the instant action. As it is well-settled that neither this nor any other Court has jurisdiction over WCL claims, the instant motion to remand is unsupportable as a matter of law. Point I.B.2,

*supra.* The conclusion that the instant motion to remand is frivolous is confirmed by the fact that, in her memorandum of law, Plaintiff has failed to cite to even a single decision supporting her argument for remand.

Therefore, for the reasons described above, Plaintiff and her attorney have violated Rule 11(b)(2).

**C.    Plaintiff's May 20, 2008 Motion Violates Rule 11(b)(1)
Because It Was Presented For Improper Purposes**

Under Rule 11(b)(1), by presenting a pleading or other paper to the court, an attorney certifies that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

1.    Plaintiff And Her Counsel Have Acted For An Improper Purpose
Because The May 20 Motion Is The Most Recent In A Pattern Of
Sanctionable Conduct Which Stems From Plaintiff's Unsupportable
Position That This Case Should Be Remanded

First, Plaintiff and her counsel have acted for an improper purpose because the instant motion is the most recent in a long line of unsupportable and sanctionable attempts to add a WCL claim in the instant action, which Plaintiff believes would compel this Court to remand this case to state court. As discussed above, Plaintiff first moved to remand under 28 U.S.C. § 1445(c) on the basis that she had claims in the Complaint "arising under the workmen's compensation laws" of New York State. (Friedman Decl., Ex. B.) The Court dismissed this claim as "patently frivolous" and subsequently sanctioned Plaintiff's attorney *sua sponte* on the grounds that this frivolous argument violated Rules 11(b)(2) and 11(b)(3). Plaintiff's second attempt to move for leave to amend and to remand was denied because Plaintiff's proposed amended complaint consisted exclusively of a caption, without any text, and thus failed to state a WCL claim. After filing an Amended Complaint asserting a claim of race discrimination under the WCL, the Court dismissed the WCL claim on the grounds that the WCL does not prohibit

race discrimination. The Court again sanctioned Ms. Frelix because her contention that the WCL

prohibited race discrimination was frivolous and thus violated Rule 11. Now, Plaintiff has

continued this pattern and has filed yet another sanctionable pleading.

Moreover, Plaintiff has engaged in this pattern of sanctionable conduct in support of a

goal which is unsupportable as a matter of law—remand of this case to state court under 28

U.S.C. § 1445(c). In fact, Ms. Frelix acknowledged this at the May 2 oral argument. When

confronted by the Court with the frivolousness of her arguments, she said "I guess this all stems

from the fact that it's our position that Ms. Jackson should be—this case should be remanded

back to Bronx Supreme Court." (Tr. p. 6.) This position, however, has never been viable

because, as discussed above, Point I.B.2, *supra*, this Court does not have jurisdiction over WCL

claims. As a result, each attempt to remand on this basis has been totally without merit.

2.   Plaintiff's Motion For Leave To Amend Is Presented For An Improper
     Purpose Because She Concedes That She Is Seeking A Remedy For
     Her WCL Claims Before The New York State Workers' Compensation Board

Plaintiff's own allegations in the Proposed Amended Complaint, and the memorandum of

law in support of her underlying motions, show Plaintiff's attempt to bring a WCL claim is

meant only to harass Defendant and needlessly increase the cost of this litigation.

In the Proposed Amended Complaint, Plaintiff includes an allegation that "[o]n or about

February 20, 2008, New York State Workers' Compensation Board took Mrs. Jackson's claim

regarding her work related injuries upon learning the circumstances that caused the substantial

delay." (Proposed Am. Compl. ¶ 207). February 20, 2008 is likewise a key date in the instant

litigation, as it marked Plaintiff's first motion to remand pursuant to 28 U.S.C. § 1445(c).

(Friedman Decl., Ex. B.) As the Court is well aware, since February 20 Plaintiff has made

repeated attempts to amend her original Complaint to include a WCL claim. As such, from

February 20, 2008 until the present time, Plaintiff has continued to knowingly seek redress for

alleged violations of the WCL in two different forums: the WCB (which has jurisdiction over WCL claims) and the courts (which do not have jurisdiction over WCL claims). Point I.B.2, *supra*. Thus, as to the assertion of the claim in this case, Plaintiff's obvious goal, which she has even admitted, (Tr. 6), is to evade this Court's jurisdiction. This type of transparent and frivolous gamesmanship is a textbook example of an improper purpose.

Therefore, in moving for leave to amend her complaint to include a WCL claim, Plaintiff has again needlessly wasted the time of the Court, and increased the cost of litigation in violation of Rule 11(b)(1), by attempting to include a claim over which the Court has no jurisdiction and for which the Plaintiff is already seeking redress in the appropriate forum.

3.     Plaintiff's Motion For Leave To Amend Is Presented For An Improper Purpose Because She Filed It Nine Days After The Consent Scheduling Order's Deadline For Amendment Of The Pleadings

On April 11, 2008, the Court 'so ordered' a Consent Scheduling Order which states that "[n]o amendments to the pleadings will be permitted after May 12, 2008." (Friedman Decl., Ex. I.) This Order is signed by counsel for both parties, including Ms. Frelix, and neither party has requested any extension of the deadlines contained in this Order. (*Id.*)

In filing this motion for leave to amend a full nine days after the deadline for making amendments to the pleadings, Plaintiff now attempts to contravene a court order which her counsel specifically agreed to and signed. Where a party so blatantly ignores an Order of the Court, sanctions are justified under Rule 11(b)(1). *Morley*, 66 F.3d at 25 (affirming sanctions under Rule 11(b)(1) where a supplemental complaint "manifestly contravened" a court's orders).

## POINT II

### THE COURT SHOULD SANCTION MS. FRELIX AND PLAINTIFF BY DISMISSING THIS CASE WITH PREJUDICE AND COMPELLING THEM TO PAY DEFENDANT'S ATTORNEYS' FEES AND COSTS

"Once a Court determines that Rule 11(b) has been violated, it may in its discretion impose sanctions limited to what is 'sufficient to deter repetition of such conduct.'" *Margo v. Weiss*, 213 F.3d 55, 64-65 (2d Cir. 2000). The factors a court should consider when deciding which sanctions to impose include whether "the improper conduct was willful, . . . whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; . . . [and] what effect it had on the litigation process in time or expense." Fed. R. Civ. P. 11 Advisory Committee Notes to 1993 Amendment.

### A.    The Court Should Dismiss Plaintiff's Complaint With Prejudice

Among the sanctions available under Rule 11, the Court has discretion to dismiss an action with prejudice. *Safe-Strap Co, Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 417-18 (S.D.N.Y. 2003) (citing cases). Although the sanction of dismissal is extraordinary, the Second Circuit has held that it is nevertheless available when a district court "is sure of the impotence of lesser sanctions." *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996); *Abdelhamid v. Altria Group, Inc.*, 515 F. Supp. 2d 384, 400-01 (S.D.N.Y. 2007) (dismissing action as Rule 11 sanction for filing amended complaint where plaintiff's counsel was aware of evidence that directly contradicted many of the allegations); *Murray v. Dominick Corp. of Canada, Ltd.*, 117 F.R.D. 512 (S.D.N.Y. 1987) (dismissing complaint as Rule 11 sanction where the court discovered at trial that plaintiff had failed to comply with an earlier discovery order); *see also Jimenez v. Madison Area Tech. College*, 321 F.3d 652 (7th Cir. 2003) (dismissing discrimination claim as

Rule 11 sanction where "claim was so unmeritorious and [plaintiff's] behavior was so deceptive that the filing of her baseless claim amounted to a veritable attack on our system of justice").

1.    Lesser Sanctions Have Not Deterred Plaintiff From Reasserting
Claims That The Court Has Held Were Frivolous And Sanctionable

First, dismissal is an appropriate sanction because lesser, monetary sanctions against Ms. Frelix have failed to preclude additional violations. Plaintiff, despite her attorney having twice been sanctioned, has again filed a pleading which violates Rule 11. Point I, *supra*. Most tellingly, Plaintiff has moved for leave to amend the complaint to include a claim *identical* to one that was already dismissed and for which the Court has previously ordered Ms. Frelix to pay monetary sanctions, namely that "Defendant knowingly or recklessly violated plaintiff's New York State Workers' Compensation Rights by subjecting plaintiff to treatment that no Caucasian employee of defendants' has been subjected to." (Compare Am. Comp. ¶ 265 *with* Proposed Am. Compl. ¶ 270.) Not only have monetary sanctions failed to deter Plaintiff from attempting to include this groundless claim, she has done so in the face of the Court's (i) explicit statements that Plaintiff "filed some pleadings that are really, in my view, indefensible" and that her claim of discrimination under the WCL is "crazy," (Tr. pp. 7, 12), and (ii) issuance of two opinions addressing why, precisely, such a claim is deficient and frivolous. *Jackson*, 2008 WL 2117244 at *1-2; *Jackson*, 2008 WL 1748454 at *1-2.

Neither the clear warnings of the Court nor two previous monetary sanctions have deterred Plaintiff and her attorney from attempting to reassert a frivolous claim of race discrimination under the WCL along with claims which have been dismissed and deemed law of the case. In these circumstances monetary sanction alone are insufficient to deter Plaintiff and her counsel from continuing to bringing frivolous and unsupportable claims in the future. Therefore, dismissal of the Amended Complaint with prejudice is an appropriate sanction.

2.  The Instant Motion Is The Most Recent Part Of A Pattern Of
Sanctionable Conduct Stemming From Plaintiff's Unsupportable
<u>Position That This Case Should Be Remanded To State Court</u>

Second, dismissal is appropriate because, as discussed above, the instant motion is the

most recent in a long line of unsupportable and sanctionable attempts to add a WCL claim in the

instant action. Point I.B.2, *supra*. Further, Plaintiff has engaged in this pattern of sanctionable

conduct in support of a goal which is unsupportable as a matter of law—remand to state court

under 28 U.S.C. § 1445(c). (*Id.*)

3.  <u>Plaintiff Has Repeatedly Ignored The Orders Of This Court</u>

Third, dismissal is appropriate because Plaintiff has repeatedly ignored the orders of this

Court, a fact noted by the Court at the May 2 oral argument when it informed Ms. Frelix that

"you're entitled to disagree with my ruling, but you're not entitled to ignore it, and you just keep

on coming." (Tr. p. 12.) In addition to the orders discussed at oral argument, in bringing the

instant motion Plaintiff has ignored the Court's (i) April 30 Order, which held that the March 27

dismissal of Causes of Action Four through Eleven, Causes of Action One through Three to the

extent they are time-barred, and Plaintiff's claims for declaratory relief, punitive damages, and

attorneys fees, is the law of the case, (ii) April 9 and May 14 Orders, which made clear that a

claim of discrimination under the WCL is unsupportable and frivolous, and (iii) April 11

Consent Scheduling Order, which stated that no amendments to the pleadings will be permitted

after May 12, 2008. Therefore, dismissal is an appropriate sanction because Plaintiff and her

attorney have given no indication that they will comply with the Court's orders.

4.  <u>Other Federal Courts Have Sanctioned Ms. Frelix</u>

Fourth, dismissal is appropriate because Ms. Frelix has been sanctioned repeatedly in

previous federal litigation, a fact which shows that she has long been familiar with the standards

for sanctions (and has repeatedly violated them anyway) and that any sanction short of dismissal

is unlikely to deter future misconduct. *Ramashwar v. Espinoza*, 05 Civ. 2012 (AJP), 2006 WL 36752, at \*8 (S.D.N.Y. Jan. 6, 2006) (imposing Rule 11 sanctions where attorney had been previously sanctioned in previous cases).

In *Chambers v. Heidelberg, Inc.*, District Judge Kugler of the United States District Court for the District of New Jersey sanctioned Ms. Frelix by revoking her *pro hac vice* admission and notifying all jurisdictions in which she is admitted to practice of her offending conduct. 04-583 (RBK), 2007 WL 1544255, at \*3 (D.N.J. May 25, 2007). Specifically, in *Chambers*, Ms. Frelix was sanctioned for placing co-counsel's electronic signature on papers filed with the court without co-counsel's consent. *Id.* Likewise, in *Torres v. Amerada Hess Corp.*, 240 Fed. Appx. 946 (3d Cir. 2007), the Third Circuit affirmed the sanction of dismissal with prejudice of the complaint because Ms. Frelix and her client willfully disregarded discovery orders, finding that due to repeated violations "less onerous sanctions proved futile."

This history of sanctionable conduct, as well as the transgressions in the instant actions, show that anything less than dismissal would not deter Ms. Frelix from future misconduct.

**B.    The Court Should Compel Plaintiff and Ms. Frelix To Reimburse Defendant For The Attorneys' Fees And Costs Incurred In <u>Defending Plaintiff's May 20 Motion And Presenting The Instant Motion</u>**

In addition, the Court should sanction Plaintiff and Ms. Frelix by compelling them to reimburse Defendant for the "reasonable attorney's fees and expenses directly resulting" from the above-described violations of Rule 11. Fed. R. Civ. P. 11(c)(4). Such a sanction is appropriate where, as here, "there is no basis whatsoever" for Plaintiff's claims. *Margo*, 213 F.3d 55 at 65 (affirming sanction of attorneys' fees). This includes the attorney's fees and costs incurred in making the instant Rule 11 motion. *Ramashwar*, 2006 WL 36752 at \*9 (granting reasonable expenses and attorney's fees incurred in presenting the Rule 11 motion).

As a result, the Court should compel Plaintiff and Ms. Frelix to reimburse Defendant for the cost of (i) reviewing, conducting research in opposition to, preparing for and drafting a response to Plaintiff's pending May 20 motion, and (ii) researching, preparing and drafting the instant motion, including any future reply.[9] Because Defendant, as of this writing, continues to incur fees and expenses for which it seeks reimbursement, it requests that, should the Court grant the instant motion, it be permitted to submit within ten days of this Court's ruling a bill of costs, and accompanying affidavit, demonstrating the exact sums for which it seeks reimbursement. *Lazzarino v. Kenton Associates, Ltd.*, 998 F. Supp. 364, 368 (S.D.N.Y. 1998) (allowing moving party to submit an affidavit to the court showing attorneys' fees and costs incurred after granting sanctions).

## **CONCLUSION**

For the foregoing reasons, pursuant to Rule 11 the Court should (i) dismiss the Amended Complaint with prejudice, (ii) compel Plaintiff and Ms. Frelix to reimburse Defendant for the cost of reviewing, conducting research in opposition to, preparing for and drafting a response to Plaintiff's pending May 20 motion, (iii) compel Plaintiff and Ms. Frelix to pay Defendant's attorney's fees and expenses resulting incurred in researching, preparing and drafting the instant

---

[9] Defendant likewise has sought the attorneys' fees, costs, and expenses incurred in responding to the May 20 motion in its June 4, 2008 motion for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent power, which was filed concurrently with service of the instant Rule 11 motion. The sanctions sought therein relating to Plaintiff's May 20 motion are but one component of the sanctions sought in the instant Rule 11 motion.

motion, including any reply, and (iv) grant any further relief the Court deems appropriate.

Dated:  June 4, 2008

JONES DAY

Craig S. Friedman (CF-1988)
csfriedman@jonesday.com
Matthew W. Lampe (*pro hac vice*)
mwlampe@jonesday.com
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939
Attorneys for Defendant

NYI-4090786v6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARIA JACKSON,** | **08 Civ. 1064 (LAK)** |
| **Plaintiff,** | <u>**CERTIFICATE OF SERVICE**</u> |
| -against- | |
| **THE SCOTTS COMPANY** | |
| **Defendant.** | |

**JELANI BROOKS** certifies the following:

1.      That on June 4, 2008 I served by hand, by personally delivering to and leaving with, a true and correct copy of the foregoing documents: **NOTICE OF MOTION** for sanctions pursuant to Federal Rule of Civil Procedure 11, **DECLARATION OF CRAIG S. FRIEDMAN**, and the exhibits thereto, and **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**, all upon **SANDRA FRELIX, ESQ.**, by Personal Delivery, via Mr. C. Citrin, who identified himself as a person authorized to accept hand deliveries and other packages on behalf of Sandra Frelix, Esq., which service was affected at the actual place of business indicated below:

        110 Wall Street
        New York, New York 10005

                                              _____
                                                       Jelani Brooks