UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARIA JACKSON,

              Plaintiff,

    -against-                                   08 Civ. 1064 (LAK)

THE SCOTTS COMPANY,

              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

Lewis A. Kaplan, *District Judge.*

        Defendant moves for sanctions, pursuant to the Court's inherent power, against both plaintiff and her counsel, Sandra D. Frelix, Esq., and, in addition, pursuant to 28 U.S.C. § 1927,[1] against Ms. Frelix. It seeks dismissal of the action and an order requiring plaintiff and Ms. Frelix to reimburse defendant for the costs, expenses, and reasonable attorney's fees incurred as a result of their vexatious and unreasonable multiplication of the proceedings. Plaintiff and her counsel, as has occurred previously, have failed to respond to the motion.

        Ms. Frelix already has been sanctioned twice in this action for frivolous assertions, most notably her baseless contention that the New York Workers' Compensation Law (the "WCL") proscribes discrimination on the basis of race – a contention that she repeatedly has made, even after having been sanctioned for doing so, in a vain attempt to have this action remanded to the state court from which it was removed, where she doubtless feels more comfortable. *See* Tr., May 2, 2008, at 6. This motion is occasioned by more of the same.

        In view of the default on the motion, it is unnecessary to say very much. As defendant argues, plaintiff's motion to amend and remand [DI 44] was entirely frivolous at least because it sought yet again to assert the claim of race discrimination based on the WCL and sought to reassert other causes of action that previously were dismissed by this Court. *See* Def. Mem. 9-12.

---

[1] Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

This and prior motions for leave to amend plainly were filed in bad faith – indeed, although the Court previously avoided determining whether Ms. Frelix acted in bad faith, it is compelled in all the circumstances to the conclusion that she has acted in bad faith throughout this action. She has evidenced an unsettling willingness to say or do whatever she perceives might advance her goal of getting this case back to Bronx County Supreme Court without regard to case law or prior rulings of this Court. In view of Ms. Frelix's bad faith, which the Court finds is both objective and subjective, and unreasonable conduct and the fact that it has been undertaken for the improper purpose of obtaining a remand to which she is not entitled, sanctions under Section 1927 are appropriate.[2] *See, e.g., Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78-80 (2d Cir. 2000). Moreover, as defendant has pointed out, this is not the first court to sanction her.

The question of dismissal or other sanctions upon plaintiff is another matter. Defendant has failed even to attempt to demonstrate that plaintiff is responsible in any way for Ms. Frelix's behavior.

In all the circumstances, defendant's motion [DI 46] is granted to the extent that (1) defendant shall recover of Ms. Frelix, pursuant to 28 U.S.C. § 1927, the costs, expenses, and reasonable attorney's fees incurred by it in consequence of Ms. Frelix's repeated vexatious and unreasonable actions, and (2) Ms. Frelix is directed to furnish to her client copies of this order and the Court's previous orders sanctioning her and to file proof thereof on or before July 21, 2008. It is denied in all other respects, the denial being without prejudice insofar as it seeks sanctions against Ms. Frelix pursuant to the inherent power of the Court should the sanctions imposed pursuant to 28 U.S.C. § 1927 prove inadequate. Defendant may move within 14 days to fix the amount of the sanction to be imposed pursuant to this order.

SO ORDERED.

Dated:     July 3, 2008

_____
Lewis A. Kaplan
United States District Judge

---

[2] In view of Ms. Frelix's failure to oppose the sanctions motion, there is no need for a hearing or oral argument.