UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA JACKSON,<br><br>   Plaintiff,<br><br>-against-<br><br>THE SCOTTS COMPANY<br><br>   Defendant | 08 Civ. 1064 (LAK)<br><br>**DEFENDANT'S<br>NOTICE OF MOTION<br>TO COMPEL PLAINTIFF'S<br>PRODUCTION OF DAMAGES<br>COMPUTATION AND<br><u>SUPPORTING DOCUMENTS</u>** |

  PLEASE TAKE NOTICE that, upon the annexed Declaration of Craig S. Friedman, dated July 10, 2008, together with the exhibits thereto, Defendant The Scotts Company LLC will move this Court, before the Honorable Lewis A. Kaplan, pursuant Federal Rule of Civil Procedure ("FRCP") 37(a) and the Court's Individual Practices, to compel Plaintiff's production of (i) a computation of each category of damages she is seeking, and (ii) the documents or other evidence on which each computation is based.  We also ask the Court to warn Plaintiff that, should she not do so by July 21, she will be precluded from introducing evidence of damages.

  Pursuant to FRCP 26(a)(1)(A)(iii), "a party must, without awaiting a discovery request, provide to other parties . . . a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying . . . the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." *Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006) ("by its very terms Rule 26(a) requires . . . a 'computation,' supported by documents").  This disclosure is due within 14 days of the FRCP 26(f) conference.  FRCP 26(a)(1)(C).

  The parties held the FRCP 26(f) conference on April 7, 2008.  (Decl. ¶ 3).[1]  Therefore, Plaintiff's initial disclosures were due April 21, 2008.  Plaintiff failed to produce any disclosures as of this date. (Ex. B.)  Plaintiff finally submitted her initial disclosures by fax on May 2, 2008.  (Ex. C.)  In her FRCP 26(a)(1)(A)(iii) disclosure, Plaintiff stated she "is unable to accurately estimate her economic losses at this time without discovery." (*Id.*).  On May 7, Defendant informed Plaintiff by letter that no discovery is required to compute at least initial projections of alleged damages because she is aware of the income she received from Scotts and she is the only party with information and documents on the income and benefits she received subsequent to her employment with Scotts.  (Ex. D.)

  On May 20, Plaintiff's attorney, Sandra Frelix, Esq., agreed to provide a supplemental disclosure. (Ex. E.)  In the supplemental disclosure, rather than provide a computation of

---

[1] References to "Decl. ¶ __" are to the Declaration of Craig S. Friedman and "Ex. _" refers to the exhibits thereto.  A copy of the Amended Complaint, dated March 27, 2008, is Exhibit A to this declaration.

damages and the documents supporting those claims, Plaintiff stated that she "is unable to accurately estimate her economic losses . . . without the assistance of an economist or accountant" and that she would provide the computation "along with the relevant documents as soon as that information is made available . . . from either the economist or the accountant." (Ex. F.)  Defendant responded by letter, pointing out that such an expert is not necessary for a basic calculation of lost wages and other damages.  (Ex. G.)  Defendant likewise pointed out that no expert is required for the production of documents supporting her damages claims because documents, such as her tax returns, W-2s, and medical bills, would be in her possession.  (*Id.*)

On June 10, I spoke with Ms. Frelix and reiterated Defendant's position that an expert is unnecessary for a basic computation of damages or to produce the supporting documents.  (Decl. ¶ 10.)  Ms. Frelix did not dispute Defendant's position and she agreed to produce a computation of damages, and the supporting documents, by June 23.  (Ex. H.)  On June 23, Plaintiff served by mail a supplemental disclosure which, contrary to Ms. Frelix's prior agreement, contained no computation or documents.  (Ex. I.)  Instead, Plaintiff stated that she could not hire an expert due to "financial hardship" and was "unwilling to allow" Ms. Frelix to calculate the damages because it is not her "area of expertise" and because Ms. Frelix would be "acting with grave incompetence" if she were to calculate damages.  (*Id.*)  This disclosure fails to address the documents and evidentiary material required by FRCP 26(a). (*Id.*)

Despite Defendant's repeated good faith efforts over the past two months, and with the discovery cutoff just nine weeks away, Plaintiff has not provided a computation of damages or the supporting documents.  In failing to do so, Plaintiff ignores the plain language of FRCP 26(a)(1)(A)(iii) and her counsel's agreements to do so.  Instead, Plaintiff has delayed the proceedings by providing excuses and open-ended promises that the disclosures are coming.

Therefore, Defendant respectfully requests that the Court order Plaintiff to produce (i) a computation of each category of damages she is seeking, and (ii) the documents or other evidence on which each computation is based.  *DeWitt v. Lieberman*, 97 Civ. 4651 (SAS), 1998 WL 336651 (S.D.N.Y. June 22, 1998) (granting motion to compel *pro se* plaintiff to produce FRCP 26(a) damages computation with supporting facts).  We further ask the Court to warn Plaintiff that, should she fail to do so by July 21, Plaintiff will be precluded introducing evidence of her damages at the trial of this action.  *Design Strategy, Inc.*, 494 F.3d at 296-97 (affirming preclusion of introduction of evidence of damages for failure to comply with FRCP 26(a)).

Dated: July 10, 2008
      New York, New York                 JONES DAY

                                        /s/ Craig S. Friedman

                                        Craig S. Friedman (CF-1988)
                                        Matthew W. Lampe (*pro hac vice*)
                                        222 East 41st Street
                                        New York, New York 10017
                                        (212) 326-3939
                                        Attorneys for Defendant