UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA JACKSON,<br><br>   Plaintiff,<br><br> -against-<br><br>THE SCOTTS COMPANY<br><br>   Defendant. | 08 Civ. 1064 (LAK) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO FIX SANCTIONS AGAINST SANDRA FRELIX, ESQ.,
<u>PURSUANT TO THE COURT'S JULY 3, 2008 ORDER AND 28 U.S.C. § 1927</u>**

 Craig S. Friedman (CF-1988)
 csfriedman@jonesday.com
 Matthew W. Lampe (*pro hac vice*)
 mwlampe@jonesday.com
 JONES DAY
 222 East 41st Street
 New York, New York 10017
 (212) 326-3939
 Attorneys for Defendant

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

    A.    Plaintiff Makes Repeated Unsuccessful Motions For Leave To Amend And Remand, And The Court Sanctions Plaintiff's Counsel For Making Frivolous Arguments ............................................................................................ 1

    B.    Defendant Moves For Sanctions Pursuant To 28 U.S.C. § 1927 And The Court's Inherent Power ........................................................................................ 2

    C.    The Court Grants Defendant's Motion For Sanctions Pursuant To 28 U.S.C. § 1927 ................................................................................................. 2

ARGUMENT ............................................................................................................................... 3

    A.    The Hourly Rates Of Mr. Lampe And Mr. Friedman Are Reasonable ................. 3

    B.    Counsel For Defendant Expended A Reasonable Amount Of Time In Consequence Of Ms. Frelix's Repeated Vexatious And Unreasonable Actions .................................................................................................................. 4

CONCLUSION ............................................................................................................................ 5

## TABLE OF AUTHORITIES

**Page**

### CASES

*J&J Sports Productions, Inc. v. Rojas*, 07 Civ. 884 (RPP),
2008 WL 2622825 (S.D.N.Y. July 2, 2008) ..................................................................3, 4, 5

*N.Y. State Ass'n. for Retarded Children v. Carey*, 711 F.2d 1136 (2d Cir. 1983)............................5

*Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) ..............................4

### STATUTES & RULES

28 U.S.C. § 1927..................................................................................................1, 2, 3, 4, 5, 6

Federal Rule of Civil Procedure 11  .................................................................................2, 3, 4, 5

**PRELIMINARY STATEMENT**

On July 3, 2008, the Court granted the motion of Defendant The Scotts Company LLC ("Scotts" or "Defendant") for sanctions pursuant to 28 U.S.C. § 1927 against Sandra Frelix, Esq., attorney for Plaintiff Maria Jackson ("Plaintiff"). The Court concluded that Ms. Frelix "has acted in bad faith throughout this action" and that Plaintiff's May 20, 2008 motion for leave to amend and to remand, along her prior attempts for leave to amend and remand, "plainly were filed in bad faith." As such, the Court ordered that Defendant "shall recover of Ms. Frelix, . . . the costs, expenses, and reasonable attorneys' fees incurred by it in consequence of Ms. Frelix's repeated vexatious and unreasonable actions."

As established in the accompanying Declaration of Craig S. Friedman, and the instant memorandum of law, the Court should fix sanctions in the amount of $14,193.75. This amount reflects the reasonable attorneys' fees incurred by Defendant as result of Ms. Frelix's "repeated vexatious and unreasonable actions."

**BACKGROUND AND PROCEDURAL HISTORY**

**A.    Plaintiff Makes Repeated Unsuccessful Motions For Leave To Amend And Remand, And The Court Sanctions Plaintiff's Counsel For Making Frivolous Arguments**

Plaintiff filed this action in the Supreme Court of the State of New York, Bronx County, on December 21, 2007, and Defendant removed the matter to this Court on February 1, 2008 on the basis of diversity of citizenship. (Friedman Decl., Ex. A.)[1] Since that time, Plaintiff has made repeated unsuccessful motions for leave to amend and to remand. (Friedman Decl., Exs. B, C, D, F, H, J.) On multiple occasions, Plaintiff has attempted to introduce claims that Defendant discriminated against Plaintiff on the basis of race under the New York State Workers

---

[1] References to "Friedman Decl." are to the Declaration of Craig S. Friedman, signed on July 17, 2008, and submitted in support of the instant motion.

- 2 -

Compensation Law ("WCL") (Friedman Decl., Exs. D, E, H.)  The Court has found such attempts to be frivolous and, as a result, has sanctioned Ms. Frelix for violating Federal Rule of Civil Procedure ("FRCP") 11 on two occasions.  (March 5, May 14 Orders.)[2]  Despite the repeated imposition of sanctions, on May 20, 2008, Plaintiff moved for leave to amend and remand, again seeking to introduce a claim of race discrimination under the WCL.  (Friedman Decl., Ex. H.)  On July 2, the Court denied this motion.  (July 2 Order.)[3]

**B.     Defendant Moves For Sanctions Pursuant To
        28 U.S.C. § 1927 And The Court's Inherent Power**

Meanwhile, on June 4, Defendant moved for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent power.  Defendant argued that sanctions were appropriate because Plaintiff's May 20 motions had no colorable basis and, further, they were brought in bad faith. Defendant argued that the May 20 motion was the most recent in a pattern of unsupportable attempts to remand this action to state court.  Defendant sought reimbursement of the attorneys' fees incurred in (i) reviewing, conducting research in opposition to, preparing for and drafting responses to Plaintiff's February 20 motion to remand, March 19 motion for leave to amend, and March 27 motion for leave to amend, (ii) preparing for and attending the May 2 oral argument, (iii) reviewing, conducting research in opposition to, preparing for and drafting a response to Plaintiff's May 20 motion, and (iv) researching, preparing for and drafting the motion for sanctions.

---

[2] The Court's orders of March 5, 2008, and May 14, 2008 are Exhibit L to the Declaration of Craig S. Friedman.

[3] The Court's July 2 Order is Exhibit K to the Declaration of Craig S. Friedman.

- 2 -

C.  **The Court Grants Defendant's Motion For Sanctions Pursuant To 28 U.S.C. § 1927**

On July 3, the Court granted (in part) Defendant's motion for sanctions. (Friedman Decl., Ex. L.)[4] The Court found that Plaintiff's May 20 motion "was entirely frivolous at least because it sought yet again to assert the claim of race discrimination based on the WCL and sought to reassert others causes of action that were previously dismissed by the Court." (*Id.*) In addition, the Court held that the May 20 motion "and prior motions for leave to amend plainly were filed in bad faith" and stated it was "compelled in all the circumstances to the conclusion that [Ms. Frelix] has acted in bad faith throughout this action." (*Id.*) The Court concluded that sanctions under 28 U.S.C. § 1927 were appropriate, and granted Defendant's motion to the extent that "defendant shall recover of Ms. Frelix . . . . the costs, expenses, and reasonable attorneys' fees incurred by it in consequence of Ms. Frelix's repeated vexatious and unreasonable actions." (*Id.*)

**ARGUMENT**

**THE COURT SHOULD ORDER MS. FRELIX TO PAY $14,193.75 TO DEFENDANT, REFLECTING THE REASONABLE ATTORNEYS' FEES INCURRED AS A RESULT OF MS. FRELIX'S REPEATED VEXATIOUS AND UNREASONABLE ACTIONS**

A.  **The Hourly Rates Of Mr. Lampe And Mr. Friedman Are Reasonable**

In the Second Circuit, reasonable attorneys' fees are generally determined by the "lodestar" method, in which the court multiplies the number of hours reasonably spent by an attorney by an appropriate hourly rate. *J&J Sports Productions, Inc. v. Rojas*, 07 Civ. 884 (RPP)(THK), 2008 WL 2622825, at *5 (S.D.N.Y. July 2, 2008). "'[A] reasonable hourly rate is

---

[4] In the July 3 Order, which is Exhibit L to the Friedman Declaration, the Court also stated that Defendant sought dismissal of the action in its motion for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent power, and denied this portion of the motion. Defendant, however, did not seek dismissal of the action in this motion because such a remedy is unavailable under 28 U.S.C. § 1927. Defendant did seek dismissal in a separate motion for sanctions pursuant to FRCP 11, which was served by hand on June 4 and, after the expiration of the FRCP 11 safe harbor period, filed with the Court on June 26. Plaintiff did not oppose the FRCP 11 motion, which is pending before the Court.

determined by the prevailing rates "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006)). It is likewise acceptable for a court to rely upon its own knowledge of private firm hourly rates in deciding what are reasonable rates in the community. *Id.*

In the instant case, the rate charged by Jones Day for the time of Matthew Lampe, the partner responsible for the instant action, is $525 per hour, and the rate for the time of associate Craig Friedman is $390 per hour. (Friedman Decl. ¶¶ 18-19.) Both Mr. Lampe and Mr. Friedman reside in the firm's New York office, and Mr. Lampe is head of the firm's New York labor and employment practice. (Friedman Decl. ¶¶ 14-17.) Such billing rates are consistent with other firms in New York City. (Friedman Decl., Ex. M) (showing average hourly rates for partners at three New York City firms as $724, $674, and $666, with the average rates of fourth year associates as $475, $395, and $400).

**B.    Counsel For Defendant Expended A Reasonable Amount Of Time In Consequence Of Ms. Frelix's Repeated Vexatious And Unreasonable Actions**

The Court has ordered that "defendant shall recover of Ms. Frelix . . . . reasonable attorneys' fees incurred by it in consequence of Ms. Frelix's repeated vexatious and unreasonable actions." (July 3 Order.) As detailed in Defendant's memorandum of law in support of its motion for sanctions pursuant to 28 U.S.C. § 1927, such actions on the part of Ms. Frelix date back to the filing of the initial motion to remand February 20, 2008, continued with Plaintiff's repeated motions for leave to amend and to remand and the Court's imposition of Rule 11 sanctions, and culminated with the May 20 motion and Defendant's own motion for sanctions.

- 4 -

Therefore, Defendant seeks the attorneys' fees incurred in (i) reviewing, conducting research in opposition to, preparing for and drafting responses to Plaintiff's February 20 motion to remand, March 19 motion for leave to amend, and March 27 motion for leave to amend, (ii) preparing for and attending the May 2 oral argument regarding the imposition of Rule 11 sanctions on Plaintiff, (iii) reviewing, conducting research in opposition to, preparing for and drafting a response to Plaintiff's May 20 motion, and (iv) researching, preparing for and drafting the motion for sanctions pursuant to 28 U.S.C. § 1927.

In determining whether time was reasonably spent, the court must evaluate the tasks and the time billed by counsel in light of its general experience and its specific experience with the case. *J&J Sports Productions*, 2008 WL 2622825 at *5 (citing *N.Y. State Ass'n. for Retarded Children v. Carey*, 711 F.2d 1136, 1146-48 (2d Cir. 1983)). As detailed in the accompanying declaration, the reasonable fees billed for each category of work is as follows:

February 20, 2008 Motion
    C Friedman:    3.50 hours X $390/hour =    $1,365.00
    M Lampe:    0.25 hours X $525/hour =    $131.25

March 19, 2008 Motion
    C Friedman:    1.00 hours X $390/hour =    $390.00
    M Lampe:    0.25 hours X $525/hour =    $131.25

March 27, 2008 Motion
    C Friedman:    2.75 hours X $390/hour =    $1,072.50

May 2, 2008 Oral Argument
    C Friedman:    1.00 hours X $390/hour =    $390.00
    M Lampe:    2.50 hours X $525/hour =    $1,312.50

Defendant's Motion For 28 U.S.C. § 1927 Sanctions
    C Friedman:    16.75 hours X $390/hour =    $6,532.50
    M Lampe:    1.75 hours X $525/hour =    $918.75

May 20, 2008 Motion
    C Friedman:    5.00 hours X $390/hour =    $1,950.00

**TOTAL**    **$14,193.75**

(Friedman Decl. ¶¶ 20 to 29.)

## CONCLUSION

For the foregoing reasons, the Court should order Ms. Frelix to reimburse Scotts in the amount of $14,193.75 for the attorneys' fees incurred in (i) reviewing, conducting research in opposition to, preparing for and drafting responses to Plaintiff's February 20 motion to remand, March 19 motion for leave to amend, and March 27 motion for leave to amend, (ii) preparing for and attending the May 2 oral argument, (iii) reviewing, conducting research in opposition to, preparing for and drafting a response to Plaintiff's May 20 motion, and (iv) researching, preparing for and drafting the motion for sanctions pursuant to 28 U.S.C. § 1927, as well as any further relief as the Court may deem appropriate.

Dated: July 17, 2008                    JONES DAY

                                        /s/ Craig S. Friedman
                                        _____
                                        Craig S. Friedman (CF-1988)
                                        csfriedman@jonesday.com
                                        Matthew W. Lampe (*pro hac vice*)
                                        mwlampe@jonesday.com
                                        222 East 41st Street
                                        New York, New York 10017-6702
                                        (212) 326-3939
                                        Attorneys for Defendant