UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA JACKSON,                                    08 Civ. 1064 (LAK)

        Plaintiff,

   -against-

THE SCOTTS COMPANY

        Defendant.

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S JULY 11, 2008 MOTION FOR LEAVE TO AMEND COMPLAINT

Craig S. Friedman (CF-1988)
csfriedman@jonesday.com
Matthew W. Lampe (*pro hac vice*)
mwlampe@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017
(212) 326-3939
Attorneys for Defendant

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................. 2

BACKGROUND AND PROCEDURAL HISTORY .................................... 3

    A.    On March 27, The Court Grants Defendant's Partial Motion To Dismiss On The Merits ............................................................... 4

    B.    The Court Grants Defendant's Second Partial Motion To Dismiss On The Grounds That The March 27 Dismissal Was The Law Of The Case ...................................................................................... 5

    C.    The Court Enters A Consent Scheduling Order Which Precludes Amendments To The Pleadings After May 12, 2008 .............................. 5

    D.    The Court Denies Plaintiff's May 20 Motion For Leave To Amend And To Remand ...................................................................... 5

    E.    The Court Grants Defendant's Motion For Sanctions Pursuant To 28 U.S.C. § 1927 ............................................................................ 6

POINT I    THE COURT SHOULD DENY PLAINTIFF'S MOTION TO AMEND ON THE GROUNDS THAT IT IS UNTIMELY BECAUSE IT WAS SERVED MORE THAN EIGHT WEEKS AFTER THE DEADLINE FOR AMENDMENTS TO THE PLEADINGS ............................................................................. 6

POINT II    THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR LEAVE TO AMEND BECAUSE IT IS FUTILE .................................. 10

    A.    Applicable Legal Principles .................................................................. 10

    B.    Plaintiff's Proposed Causes Of Action One Through Three (NYSHRL) To The Extent They Are Based On Events Prior To December 21, 2004, Causes Of Action Four Through Six (NYCHRL), Cause Of Action Ten (Failure To Accommodate), And Claims For Attorneys' Fees, Punitive Damages, And A Declaratory Judgment, Are Futile Because Their Previous Dismissal Is The Law Of The Case ....................................................... 11

    C.    Plaintiff's Proposed New York City Human Rights Law Claim Is Futile Because Plaintiff Failed To Allege That A Substantial Part Of The Alleged Discrimination Occurred Within The City Of New York ................................................................................................. 12

    D.    Plaintiff's Proposed Failure To Accommodate Claim Is Futile Because She Failed To Plead All The Elements Of Such A Claim ......... 15

**Page**

    E.     Plaintiff's Claims For Punitive Damages And Attorneys' Fees Are Futile  Because Those Remedies Are Not Available Under The NYSHRL................................................................................................. 19

CONCLUSION....................................................................................................................... 20

Page

# TABLE OF AUTHORITIES

## CASES

*Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct., 1955 (2007) ........................................16

*Casper v. Lew Lieberman & Co., Inc.*, 97 Civ. 3016 (JGK),
    1998 WL 150993 (S.D.N.Y. March 31, 1998) ...........................................................14, 15

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ......................................................18

*Duffy v. Drake Beam Morin*, 96 Civ. 5606,
    1998 WL 252063 (S.D.N.Y. May 19, 1998) .............................................................13

*Ellis v. Chao*, 336 F.3d 114 (2d Cir. 2003) ...................................................................................10

*Funcia v. NYSE Group*, 07 Civ. 1745, 2007 WL 4276897 (S.D.N.Y. Dec. 3, 2007) ...................18

*Jackson v. The Scotts Company*, 08 Civ. 1064,
    2008 WL 1700224 (S.D.N.Y. Mar. 27, 2008) ...................................................................4

*Jones v. New York State Division of Military & Naval Affairs*, 166 F.3d 45 (2d Cir. 1999) .........10

*Kauffman v. Maxim Healthcare Services, Inc.*, 509 F. Supp. 2d 210 (E.D.N.Y. 2007) ...............20

*Kendricks v. Westhab, Inc.*, 163 F. Supp. 2d 263 (S.D.N.Y. 2001),
    *aff'd*, 40 Fed. Appx. 619 (2d Cir. 2002) .......................................................................17, 18

*McCormick v. Chase*, 05 Civ. 10576,
    2007 WL 2456444 (S.D.N.Y. Aug. 29, 2007) ..........................................................19, 20

*McKenzie v. Meridian Capital Group LLC*, 8 Misc.3d 1005, 801 N.Y.S.2d 778
    (Sup. Ct., Kings Cnty. 2005), *aff'd*, 35 A.D.3d 676,
    829 N.Y.S.2d 129 (2d Dep't 2006) ..............................................................16, 17, 18, 19

*Milanese v. Rust-Oleum Corp.*, 224 F.3d 104 (2d Cir. 2001) ......................................................10

*In re Milk Products Antitrust Lit.*, 195 F.3d 430 (8th Cir. 1999) ....................................................7

*Parker v. Columbia Pictures Industries*, 204 F.3d 326 (2d Cir. 2000) .................................6, 7, 10

**Page**

*Perkins v. Kamco Supply Corp., 06 Civ. 5054* (DAB) (DF),
    2007 WL 4207193 (S.D.N.Y. Nov. 27, 2007)...................................................................10

*Rahiym-Amir v. Bellamy of Corinth, Inc.*, 1:04 CV 121 (FJS/RFT),
    2007 WL 4573409 (N.D.N.Y. Dec. 26, 2007)...................................................................19

*Romanello v. Shiseido Cosmetics Am. Ltd.*, 00 Civ. 7201 (JGK),
    2002 WL 31190169 (S.D.N.Y. Sept. 30, 2002)..................................................................16

*Salvatore v. KLM Royal Dutch Airlines*, 98 Civ. 2450,
    1999 WL 796172 (S.D.N.Y. Sept. 30, 1999)...............................................................13, 15

*Starr v. Time Warner, Inc.*, 07 Civ. 5871,
    2007 WL 4144627 (S.D.N.Y. Nov. 21, 2007)..............................................................13, 15

*Thomas v. City of New York*, CV-03-1797 (CPS),
    2007 WL 2156652 (E.D.N.Y. July 25, 2007) ....................................................................11

*Virgin Atlantic Airways v. Nat. Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ...................11

*Wahlstrom v. Metropolitan-North Commuter R.R. Co.*,
    89 F. Supp. 2d 506 (S.D.N.Y. 2000)................................................................................13

## STATUTES & RULES

28 U.S.C. § 1927..........................................................................................................................6

Federal Rule of Civil Procedure 12(b)(6) ......................................................4, 13, 15, 17, 18, 20

Federal Rule of Civil Procedure 15(a) ....................................................................................7, 10

Federal Rule of Civil Procedure 16(b)...........................................................................................7

Federal Rule of Civil Procedure 26 ..............................................................................................9

N.Y.C. Admin. Code § 2-201 .....................................................................................................13

N.Y. Exec. L. § 292[21]........................................................................................................16, 18

N.Y. Gen. Mun. L. § 239-s ........................................................................................................13

## PRELIMINARY STATEMENT

In her July 11, 2008 Motion And Notice Of Motion For Leave To Amend Pleading, Plaintiff Maria Jackson ("Plaintiff" or "Jackson") relies on untimely and unsupportable arguments in an effort to reintroduce claims long ago dismissed. As result, Plaintiff's motion should be denied.

First, the Court should deny Plaintiff's motion for leave to amend because it is untimely. The Consent Scheduling Order, signed by counsel for the parties and 'so ordered' by the Court, precludes amendment of the pleadings after May 12, 2008. As Plaintiff's instant motion was not filed until July 11, 2008—more than eight weeks after the deadline— it is untimely. Moreover, Plaintiff cannot show good cause for her delay in filing the instant motion. In this motion, Plaintiff seeks to correct the fatal pleading flaws that led to the dismissal of the claims that she is now trying to amend. Plaintiff, however, has been aware of these deficiencies since March 27, the date on which the Court granted Defendant's first partial motion to dismiss. Indeed, Plaintiff could have attempted to correct the pleading flaws in response to either of Defendant's previous motions to dismiss. Plaintiff did not do so. As a result, Plaintiff had ample opportunity to correct these deficiencies between March 27 and the May 12 deadline and, as a result, cannot show good cause for her delay.

Second, the Court should deny Plaintiff's motion for leave to amend because the proposed amendments are futile. To begin with, Plaintiff's attempts to reintroduce previously dismissed New York City Human Rights Law ("NYCHRL") and failure to accommodate claims, and New York State Human Rights Law ("NYSHRL") claims arising before December 21, 2004, are futile because the Court has already held that their dismissal is the law of the case. Indeed, in its July 3, 2008 Order sanctioning Plaintiff's counsel, the Court found frivolous Plaintiff's previous attempt, in her May 20, 2008 motion for leave to amend, to reintroduce

previously dismissed claims.  Moreover, Plaintiff's attempt to reintroduce a NYCHRL claim is
futile because, even in her proposed Second Amended Complaint, Plaintiff fails to allege that a
substantial part of the alleged discrimination occurred within the City of New York.  Further,
Plaintiff's attempt to reintroduce a NYSHRL failure to accommodate claim is futile because she
failed to plead all the elements of such a claim.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this action in the Supreme Court of the State of New York, Bronx County,
on December 21, 2007.  (Friedman Decl, Ex. A.)[1]  In her Complaint, Plaintiff purported to assert
eleven causes of action.[2]  In Causes of Action One through Six, Plaintiff claimed that she was
terminated on the basis of her race and in retaliation for making a complaint of discrimination in
violation of the New York State Human Rights Law ("NYSHRL") and New York City Human
Rights Law ("NYCHRL"), was harassed on the basis of her race, and that Scotts aided and
abetted violations of these statutes.  (Compl. ¶¶ 196-224.)  In Causes of Action Seven through
Eleven, respectively, Plaintiff asserted claims for defamation, "economic discrimination in
violation of New York State law," breach of implied contract to act in good faith, failure to
provide a reasonable accommodation, and violations of the Equal Protection provision of the
New York State Constitution.  (*Id.* at ¶¶ 225-253.)  Plaintiff also sought punitive damages, a
declaratory judgment, and attorneys' fees as remedies for these alleged violations.  (*Id.* at ¶¶ C, F,
G.)  Defendant removed the matter to this Court on February 1, 2008 on the basis of diversity of
citizenship.  (Friedman Decl., Ex. A.)

---

[1] References to "Friedman Decl." are to the Declaration of Craig S. Friedman, signed July 24, 2008, and
submitted in support of the instant motion.

[2] References to "Complaint" and "Compl. ¶ __" are to the Verified Complaint in the instant action, filed on
December 21, 2007 in the Supreme Court of the State of New York, Bronx County.  A copy of the Complaint is
attached to Defendant's Notice of Removal, which is Exhibit A to the Declaration of Craig S. Friedman.

**A.    On March 27, The Court Grants Defendant's Partial<br>      Motion To Dismiss On The Merits**

On March 10, 2008, Defendant filed a partial motion to dismiss with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and, on March 27, 2008, the Court granted Defendant's motion in its entirety.  *Jackson v. The Scotts Company*, 08 Civ. 1064 (LAK), 2008 WL 1700224, at *1-2 (S.D.N.Y. Mar. 27, 2008).  Plaintiff failed to respond to this motion.  (*Id.*)  In its Order, after examining the merits of each of Plaintiff's claims, the Court dismissed Causes of Action Four through Eleven (including her NYCHRL claims) and the claims for declaratory relief, punitive damages, and attorney's fees, in their entirety, and dismissed also the First through Third Causes of Action (NYSHRL claims) to the extent they are based on events prior to December 21, 2004.  (*Id.*)

Also on March 27, Plaintiff moved for leave to amend her Complaint and to remand the action to state court.  (Friedman Decl., Ex. B)  The proposed Amended Complaint included all the same causes of action and factual allegations as the Complaint, with the exception of a newly added cause of action purporting to state a claim of race discrimination under the New York State Workers' Compensation Law ("WCL").  (Am. Compl. ¶¶ 196-204, 263-67.)[3]  On April 1, 2008, the Court deemed the proposed Amended Complaint as filed and served on the grounds that, as Defendant had yet to answer the Complaint, leave of court was not required to amend.  (April 1 Order.)[4]  On April 9, the Court dismissed the WCL claim, finding that the WCL does not prohibit race discrimination.  (April 9 Order.)[5]

---

[3] References to "Am. Compl." and "Amended Complaint" are to the Proposed Amended Verified Complaint, filed on March 27, 2008 as an attachment to Plaintiff's motion for leave to amend.  A copy of the Amended Complaint is Exhibit C to the Declaration of Craig S. Friedman.

[4] A copy of the April 1 Order is Exhibit D to the Declaration of Craig S. Friedman.

[5] A copy of the April 9 Order is Exhibit E to the Declaration of Craig S. Friedman

NYI-4105862v4

**B.    The Court Grants Defendant's Second Partial Motion To Dismiss On The Grounds That The March 27 Dismissal Was The Law Of The Case**

On April 10, 2008, Defendant filed a partial motion to dismiss the portions of the Amended Complaint that corresponded to those in the original Complaint dismissed by the Court's March 27 Order.  (April 30 Order.)[6]  Once again, Plaintiff failed to respond to this motion.  (*Id.*)  On April 30, the Court granted Defendant's motion on the grounds that the dismissal of Plaintiff's claims in the March 27 Order was the law of the case.  (*Id.*)

**C.    The Court Enters A Consent Scheduling Order Which Precludes Amendments To The Pleadings After May 12, 2008**

On April 11, 2008, the Court 'so ordered' a Consent Scheduling Order, agreed to and signed by counsel for the parties.  The Consent Scheduling Order states that "[n]o amendments to the pleadings will be permitted after May 12, 2008."  (April 11 Order ¶ 2.)[7]

**D.    The Court Denies Plaintiff's May 20 Motion For Leave To Amend And To Remand**

On May 20, Plaintiff moved for leave to amend and remand, again seeking to reintroduce all the claims previously dismissed.  (Friedman Decl, Ex. H.)  Defendant opposed this motion, in part, on the grounds that it was untimely because it was served eight days after the deadline to amend the pleadings.  (Friedman Decl., Ex. I.)  Defendant also argued that Plaintiff's motion should be denied as futile because the Court had already held that dismissal of the claims in the March 27 Order was the law of the case.  (*Id.*)  On July 2, the Court denied Plaintiff's motion "substantially for the reasons set forth in defendant's opposing memorandum."  (July 2 Order.)[8]

---

[6] A copy of the April 30 Order is Exhibit F to the Declaration of Craig S. Friedman.

[7] A copy of the April 11 Consent Scheduling Order is Exhibit G to the Declaration of Craig S. Friedman.

[8] A copy of the Court's July 2, 2008 Order is Exhibit J to the Declaration of Craig S. Friedman.

**E.**    **The Court Grants Defendant's Motion For Sanctions Pursuant To 28 U.S.C. § 1927**

Meanwhile, on June 4, Defendant moved for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent power on the grounds that Plaintiff's May 20 motion had no colorable basis and, further, it was brought in bad faith.  (Friedman Decl, Ex. K.)  On July 3, the Court granted (in part) Defendant's motion for sanctions and found that Plaintiff's May 20 motion "was entirely frivolous at least because it . . . sought to reassert . . . causes of action that were previously dismissed by the Court."  (July 3 Order.)[9]

## ARGUMENT

### POINT I

### THE COURT SHOULD DENY PLAINTIFF'S MOTION TO AMEND ON THE GROUNDS THAT IT IS UNTIMELY BECAUSE IT WAS SERVED MORE THAN EIGHT WEEKS AFTER THE DEADLINE FOR AMENDMENTS TO THE PLEADINGS

First, the Court should deny Plaintiff's motion for leave to amend because it is untimely. On April 11, 2008, the Court 'so ordered' a Consent Scheduling Order which states that "[n]o amendments to the pleadings will be permitted after May 12, 2008."  (April 11 Order.)  This Order is signed by counsel for both parties and neither party has requested any extension of the deadlines contained in this Order.  (*Id.*)  Plaintiff did not serve the instant motion until July 11— more than eight weeks after the Court ordered deadline agreed to by Plaintiff.  Therefore, as it denied Plaintiff's May 20 motion for leave to amend because it was untimely, the Court should likewise deny the instant motion for leave to amend as untimely.

In her memorandum of law, Plaintiff acknowledges the untimeliness of the instant motion.  (Pl. Mem. p. 4.)[10]  However, citing *Parker v. Columbia Pictures Industries*, 204 F.3d 326 (2d Cir.

---

[9] A copy of the July 3 Order is Exhibit L to the Declaration of Craig S. Friedman.

[10] References to "Pl. Mem." are to Plaintiff's memorandum of law in support of her July 11 motion for leave to amend.

2000), Plaintiff argues that she had "good cause" in filing this motion two months after the deadline to amend the pleadings because "[u]ntil just recently on July 2, 2008, Plaintiff had pending before this Court a Motion to Remand the case." (Pl. Mem. p. 4.) But *Parker* undermines Plaintiff's argument—it does not support it.

In *Parker*, the Second Circuit affirmed the denial of a motion for leave to amend filed after the scheduling order's deadline to amend the pleadings. *Parker*, 204 F.3d at 340-41. The *Parker* court explained that a motion for leave to amend filed after the scheduling order's deadline to do so is governed by Federal Rule of Civil Procedure ("FRCP") 16(b), which requires plaintiff to show "good cause" for such an amendment, rather than the more liberal standard of FRCP 15(a). *Id.* at 340. The Second Circuit ruling also emphasized the underlying rationale of FRCP 16's requirement that a scheduling order include a deadline to amend the pleadings, namely that it "offer[s] a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" *Id.* (quoting FRCP advisory committee's note). Moreover, the Second Circuit stated that "a finding of 'good cause' depends on the diligence of the moving party." *Id.* The Second Circuit cited with approval the decision of the Eighth Circuit in *In re Milk Products Antitrust Lit.*, 195 F.3d 430, 437 (8th Cir. 1999), holding that no good cause exists where dismissal of the first complaint should have alerted plaintiff to the complaint's deficiencies.

Here, as in *Parker* and *In re Milk Products*, Plaintiff cannot show good cause for her delay in seeking amendment of the complaint. Plaintiff makes the instant motion for the purpose of "amend[ing] and reassert[ing] original Causes of Action 1, 2, 3, 4, 6 and 10, . . . and in so amending corrects any legal deficiency in said Causes of Action." (Pl. Mem. p. 1.) Plaintiff, however, has been aware of these deficiencies since at least March 10, 2008, the date on which

Defendant filed its first motion to dismiss.  At the absolute latest, Plaintiff was made aware of these deficiencies on March 27, 2008, the date the Court granted Defendant's original motion to dismiss.  (March 27 Order.)  In the March 27 Order, the Court discussed the deficiencies of each of Plaintiff's claims that it dismissed.  (*Id.*)  Plaintiff, therefore, has long been aware of the deficiencies which, at this late date, she now attempts to correct.

Moreover, she had ample opportunity to correct these deficiencies between the Court's issuance of the March 27 Order and the May 12 deadline to amend the pleadings.  Indeed, Plaintiff could have corrected these deficiencies without seeking leave of the Court until April 11, the date Defendant filed its answer.  (Friedman Decl., Ex. M.)  Instead, Plaintiff chose to make repeated frivolous attempts to remand the instant case to state court.  (July 3 Order.)  These attempts included the filing of an Amended Complaint in which Plaintiff reintroduced the claims dismissed by the Court's March 27 Order, but made no attempt to correct the deficiencies discussed in the Order, (*Compare* Compl. ¶¶ 10-195 to Am. Compl. ¶¶ 10-195.), as well as multiple motions for leave to amend in which Plaintiff made no effort to correct the deficiencies contained in the original Complaint.

Plaintiff's argument that she had "good cause" for her delay also has no factual basis. She argues that she has good cause because "[u]ntil just recently on July 2, 2008, Plaintiff had pending before this Court a Motion to Remand the case" and that filing the instant motion while the motion to remand was pending "would have been inconsistent with said [m]otion and a fruitless expenditure of this Court's time and resources if the case were to be remanded to state court." (Pl. Mem. pp. 4, 5.)  First, this is misleading because the motion for leave to amend and to remand decided on July 2 was served on May 20—a full eight days after the deadline for amendments to the pleadings.  As a result, no motion to remand was pending at the time of the

- 8 -

expiration of the deadline to amend.  Second, and amazingly, Plaintiff claims that she delayed

because of a belief that the Court would have granted the May 20 motion to remand.  (Pl. Mem.

p. 5.)  This simply cannot be believed in light of the Court's repeated sanctioning of Plaintiff's

counsel for these inappropriate attempts to remand the case to state court, culminating in the

Court's decision that the May 20 motion was frivolous.  (July 3 Order.)  A frivolous motion,

brought in bad faith, cannot support a showing of good cause.  (*Id.*)

Finally, Plaintiff argues that Defendant will not be prejudiced by the granting of the

instant motion because the "present action is just beginning into the discovery phase." (Pl. Mem.

p. 5.)  This is patently untrue.  Discovery in the instant case commenced on April 7, the date on

which the parties held the FRCP 26 conference and agreed to the Consent Scheduling Order 'so

ordered' by the Court.  (Friedman Decl. ¶ 14.)  The Consent Scheduling Order states that "[a]ll

discovery . . . shall be completed on or before September 5, 2008."  (April 11 Order.)  Therefore,

far from the "beginning" of discovery, as Plaintiff would have the Court believe, at present there

are just six weeks remaining in discovery.  At the expiration of Plaintiff's time to submit a reply

brief, there will be just five weeks of discovery remaining.  The Court may hold oral argument

and the parties, thereafter, will await the Court's ruling on the instant motion.  Should Plaintiff's

motion be granted, Defendant would be prejudiced because, even at this late stage, Defendant

would be required to draft an answer to the newly amended complaint and conduct additional

written discovery regarding Plaintiff's reintroduced claims and the new factual allegations

contained in her proposed Second Amended Complaint.  (2d Am. Compl. ¶¶ 33-41, 49-68,

102.)[11]  This would further delay Plaintiff's deposition, leaving little, if any, time for post-

deposition discovery.  Such a scenario is exactly what the Second Circuit warned against in

---

[11] References to "2d Am. Compl." are to Plaintiff's proposed Second Amended Complaint, filed as an exhibit to Plaintiff's July 11 motion for leave to amend.

*Parker*, particularly where (as here) Plaintiff has long been aware of the deficiencies of the complaint.

Defendant, moreover, suffers prejudice from having to repeatedly respond to Plaintiff's frivolous and untimely motions. Indeed, in addition the frivolous motions to remand, Plaintiff now makes her fourth attempt to amend and her second attempt to do so subsequent to the Consent Scheduling Order deadline for amendment of the pleadings. Further, Plaintiff brings the instant untimely motion despite the fact that the Court denied Plaintiff's previous motion for leave to amend on the grounds that it was untimely. (July 2 Order.)

The Court, therefore, should deny the instant motion because it is untimely.

### POINT II

### THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR LEAVE TO AMEND BECAUSE IT IS FUTILE

**A.    Applicable Legal Principles**

Even if the Court applies the more liberal standard of FRCP 15(a), which states that leave to amend a pleading "shall be freely given when justice so requires," the instant motion should be denied because "it is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). An amendment is futile when the proposed new claim would not withstand a motion to dismiss under FRCP 12(b)(6). *Milanese v. Rust-Oleum Corp.*, 224 F.3d 104n 110 (2d Cir. 2001). Moreover, "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground, the Court will not permit the amendment." *Perkins v. Kamco Supply Corp.*, 06 Civ. 5054 (DAB) (DF), 2007 WL 4207193, at *2 (S.D.N.Y. Nov. 27, 2007) (quoting *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999)).

B.    **Plaintiff's Proposed Causes Of Action One Through Three (NYSHRL) To The Extent They Are Based On Events Prior To December 21, 2004, Causes Of Action Four Through Six (NYCHRL), Cause Of Action Ten (Failure To Accommodate), And Claims For Attorneys' Fees, Punitive Damages, And A Declaratory Judgment, <u>Are Futile Because Their Previous Dismissal Is The Law Of The Case</u>**

Pursuant to the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Thomas v. City of New York*, CV-03-1797 (CPS), 2007 WL 2156652, at *5 (E.D.N.Y. July 25, 2007). The Second Circuit has held that "the major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (quoting *Virgin Atlantic Airways v. Nat. Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Here, there is no ground justifying reconsideration and, as a result, the law of the case doctrine bars Plaintiff's claims.

As discussed above, on March 27, 2008, the Court granted Defendant's partial motion to dismiss Causes of Action Four through Six (NYCHRL), Cause Of Action Ten (Failure To Accommodate), and the claims for declaratory relief, punitive damages, and attorney's fees, in their entirety, and dismissed also the First through Third Causes of Action (NYSHRL) to the extent they are based on events prior to December 21, 2004. (March 27 Order.) After Plaintiff reintroduced these claims by filing an Amended Complaint identical in "all material respects" to the Original Complaint, (April 30 Order), Defendant moved to dismiss the portions of the Amended Complaint that corresponded to those dismissed in the March 27 Order. The Court subsequently granted Defendant's motion in its entirety, holding that that the March 27 dismissal was the law of the case. (April 30 Order.) The Court affirmed this holding in denying Plaintiff's May 20 motion for leave to amend the complaint to reassert the claims dismissed on March 27, and subsequently sanctioning Plaintiff's counsel on the grounds that her May 20 motion was

- 11 -

frivolous, in part, because that motion "sought to reassert . . . causes of action that previously were dismissed."[12]  (July 2 Order; July 3 Order.)

Now, Plaintiff again moves for leave to amend to reintroduce the NYSHRL, NYCHRL, and failure to accommodate claims dismissed on the merits on March 27 and again as the law of the case on April 30.  (*Compare* Compl. ¶¶ 196-224, 243-48 *with* Am. Compl. ¶¶ 205-233, 252-57 *and* 2d Am. Compl. ¶¶ 168-203.)  Plaintiff, however, has offered no reason for the Court to reverse its previous decisions that the dismissal of these claims is the law of the case, nor does any such reason exist.  As such, the Plaintiff's attempt to reintroduce these claims should be denied.

**C.    Plaintiff's Proposed New York City Human Rights Law Claim Is Futile Because Plaintiff Failed To Allege That A Substantial Part Of The <u>Alleged Discrimination Occurred Within The City Of New York</u>**

In any event, Plaintiff's proposed NYCHRL claims are futile because she has failed to allege that a substantial part of the discrimination occurred within the City of New York.  In her proposed Fourth, Fifth, and Sixth causes of action, respectively, Plaintiff brings claims for discrimination, retaliation, and aiding and abetting under the NYCHRL.  (2d Am. Compl. ¶¶ 181-197.)  The Court properly dismissed these claims in the March 27 Order on the grounds that "the complaint does not allege that a substantial part of the discrimination occurred" within the City of New York "and alleges nothing in New York City with respect to her retaliation claim." (March 27 Order, pp. 1-2.)  As the proposed Second Amended Complaint fails to correct these deficiencies, the Court should deny Plaintiff's motion for leave to reintroduce NYCHRL claims.

---

[12] Plaintiff's motion should likewise be denied because the Court's April 30 Order holding that dismissal is the law of the case is, itself, now the law of the case.

To state a claim under the City Human Rights law, "'a plaintiff must allege that he was discriminated against by the defendant within New York City.'"  *Starr v. Time Warner, Inc.*, 07 Civ. 5871 (DC), 2007 WL 4144627 (S.D.N.Y. Nov. 21, 2007), at *5 (quoting *Duffy v. Drake Beam Morin*, 96 Civ. 5606, 1998 WL 252063, at *11 (S.D.N.Y. May 19, 1998)); *see also* N.Y. Gen. Mun. L. § 239-s; N.Y.C. Admin. Code § 2-201.  That is, the "City HRL applies only to acts occurring within the boundaries of New York City."  *Salvatore v. KLM Royal Dutch Airlines*, 98 Civ. 2450 (LAP), 1999 WL 796172, at *16 (S.D.N.Y. Sept. 30, 1999).  Where a plaintiff pleads that some discriminatory acts occurred within New York City, while others occurred outside of New York City, to avoid dismissal pursuant to FRCP 12(b)(6) the plaintiff must "allege that the whole or substantial part of the discrimination occurred in New York City."  *Id.* at *17 (dismissing NYCHRL claims where "offensive acts occurred on isolated incidents in New York City"); *see also Wahlstrom v. Metro-North Commuter R.R. Co.*, 89 F. Supp. 2d 506, 527 (S.D.N.Y. 2000) (dismissing NYCHRL hostile work environment claim because the only remark alleged to have been made in New York City, "standing alone, hardly constitutes sexual harassment, let alone a hostile work environment.")

In her memorandum of law, Plaintiff states that she now alleges that a "substantial portion of the discriminatory acts and disparate treatment did occur within New York City limits" and, specifically, "the Plaintiff's job was primarily servicing seven to eight Home Depot stores located within New York City limits."  (Pl. Mem. p. 2.)  However, contrary to Plaintiff's statement in her memorandum of law, the proposed Second Amended Complaint actually alleges that Plaintiff serviced "eight Home Depots [sic] stores, (3) three of which were located within New York City, the other (5) stores was [sic] located on Long Island."  (*Compare* Pl. Mem. p. 2 *with* 2d Am. Compl. ¶ 49.)  Merely alleging that Plaintiff was responsible for a handful of stores

in New York City is insufficient to state a claim under the NYCHRL. *Casper v. Lew Lieberman & Co., Inc.*, 97 Civ. 3016 (JGK), 1998 WL 150993, at *5 n. 10 (S.D.N.Y. March 31, 1998) (cited with approval by Plaintiff and holding that "merely stating that [defendant] has an office in Manhattan . . . does not demonstrate that any relevant conduct affecting the plaintiffs took place in the New York City office.")

In any event, a close analysis of the proposed Second Amended Complain reveals that Plaintiff has again failed to state a NYCHRL claim. Plaintiff alleges that she hired a merchandiser to assist in her assigned stores other than the Jericho store on Long Island. (2d Am. Comp. ¶ 39.) She claims that she was discriminated against when her supervisor reassigned this merchandiser to the Jericho store. (2d Am. Compl. ¶¶ 40-41.) However, Plaintiff has failed to allege how such a reassignment impacted her employment in New York City. Indeed, Plaintiff fails to allege what stores, in particular, were affected by this assignment or whether this merchandiser was ever assigned to a New York City store. Even if we assume for purposes of this motion that the merchandiser was assigned to a New York City store, there is nothing in the Second Amended Complaint to show that such a reassignment had a substantial impact on Plaintiff's employment in New York City.

Plaintiff also alleges that she was discriminated against because she was asked to remove undamaged advertising materials from "the less affluent Home Depot stores located in minority communities" so they may replace damaged advertising materials in the "affluent Home Depot stores." (2d Am. Compl. ¶ 67.) Plaintiff fails to allege the location of which stores, in particular were affected by this alleged discriminatory practice. Plaintiff does, however, allege that the "less affluent" stores included two on Long Island: Freeport and Hempstead. (2d Am. Compl. ¶ 57.) As a result, it is impossible to tell from the face of the proposed Second Amended

- 14 -

Complaint whether this alleged practice ever occurred within the City of New York.  In fact, as pled, all of the alleged discriminatory conduct could have occurred entirely outside the City of New York.  *Casper*, 1998 WL 150993 at *5 n. 10 (dismissing NYCHRL claims where "complaint as a whole fails" to allege that relevant conduct affecting plaintiff took place in New York City).

With regard to the remainder of the allegations, Plaintiff either pleads that they occurred outside of New York City, (2d Am. Compl. ¶¶ 25 (Eastern Long Island), 117-161 (Florida)), or fails to plead where such incidents occurred.  Plaintiff's motion for leave to amend to include discrimination, retaliation, and aiding and abetting claims under the NYCHRL, therefore, should be denied because Plaintiff has failed to satisfy her burden of pleading that a "whole or substantial part of the discrimination occurred in New York City." *Salvatore*, 1999 WL 796172 at *17 (granting FRCP 12(b)(6) motion to dismiss NYCHRL claims); *Starr*, 2007 WL 4144627 at *5 (same).

**D.     Plaintiff's Proposed Failure To Accommodate Claim Is Futile Because She Failed To Plead All The Elements Of Such A Claim**

In her proposed Tenth Cause of Action, Plaintiff claims that Scotts violated the NYSHRL by failing to provide her with a reasonable accommodation of a "work related injury."  (2d Am. Compl. ¶¶ 198-203.)  In the March 27 Order, the Court properly dismissed this claim because "there is no allegation that plaintiff ever requested such an accommodation."  This claim, as stated in the proposed Second Amended Complaint, still fails as a matter of law because Plaintiff fails to plead all the required elements of such a claim.

**1.     Applicable Legal Principles**

To state a claim for failure to accommodate a disability under the NYSHRL, a plaintiff must allege that (i) she is an individual with a disability, (ii) an employer covered by the statute

had notice of this disability, (iii) with a reasonable accommodation she could perform the essential functions of the position, and (iv) the employer refused to make such accommodations. *Romanello v. Shiseido Cosmetics Am. Ltd.*, 00 Civ. 7201 (JGK), 2002 WL 31190169, at *7 (S.D.N.Y. Sept. 30, 2002). The NYSHRL only applies to "disabilities which, upon the provision of reasonable accommodations, do not prevent the [plaintiff] from performing in a reasonable manner the activities involved in the job or occupation . . . held." N.Y. Exec. L. § 292[21]. Moreover, a claim of disability discrimination based on failure to accommodate under the NYSHRL "is not made out unless the employee's request for a reasonable accommodation has been denied by the employer." *McKenzie v. Meridian Capital Group LLC*, 8 Misc.3d 1005(A), 801 N.Y.S.2d 778, at *2 (Sup. Ct., Kings Cnty. 2005), *aff'd*, 35 A.D.3d 676, 829 N.Y.S.2d 129 (2d Dep't 2006) (citation omitted).

### 2.    Plaintiff Failed To Plead The Elements Of A Failure To Accommodate Claim

Plaintiff's proposed failure to accommodate claim fails because she does not plead the all the required elements of the claim.

### a.    Plaintiff Does Not Allege That She Requested A Reasonable Accommodation For Her Purported 2005 Back Injury Or That Scotts Refused To Provide Such An Accommodation

As in her Amended Complaint, in the proposed Second Amended Complaint Plaintiff claims that in January 2005 her "back went completely out which forced her to go on short-term disability." (2d Am. Compl. ¶ 162.) As in her Amended Complaint, with no further explanation, Plaintiff makes the conclusory allegation that Scotts "failed to provide her with a reasonable accommodation for her work related injury." (2d Am. Compl. ¶ 165.) This claim is futile because Plaintiff did not allege that she proposed, or that Scotts refused to provide, an accommodation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct., 1955, 1965 (2007) (to overcome motion to dismiss, plaintiff must provide "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do").  To the contrary, Plaintiff

concedes that she was granted the only accommodation she requested at this time—a medical

leave of absence.  (2d Am. Compl. ¶ 164.)  Based on these allegations, Plaintiff cannot state a

claim for failure to accommodate.  *Kendricks v. Westhab, Inc.*, 163 F. Supp. 2d 263, 269-70

(S.D.N.Y. 2001), *aff'd*, 40 Fed. Appx. 619 (2d Cir. 2002) (granting FRCP 12(b)(6) motion to

dismiss where plaintiff failed to plead that he requested an accommodation but did plead that

employer granted a leave of absence, which is a "reasonable accommodation").

> b.    Plaintiff Does Not Specify What Accommodation She Requested
>        After Her 2003 Surgery And, In Any Event, Concedes That
>        She Could Not Perform The Activities Of Her Position With
>        <u>A Reasonable Accommodation</u>

Plaintiff also attempts to reintroduce a claim that Defendant failed to provide a

reasonable accommodation subsequent to surgery in 2003.  Specifically, she claims that she had

surgery in June 2003 and returned to work in October 2003.  (2d Am. Compl. ¶ 29.)  She alleges

that "in 2004" her surgeon wrote two letters to her supervisor McGarr "requesting a reasonable

accommodation" and expressing that "lifting for Mrs. Jackson was unacceptable," but Defendant

"failed to give Mrs. Jackson a reasonable accommodation." (2d Am. Compl. ¶¶ 42-45.)

For two reasons, these allegations fail to state a claim of disability discrimination.

Although she alleges that a doctor sent a note "requesting a reasonable accommodation," she

fails to allege what accommodation, if any, was requested.  Plaintiff's vague allegations are

insufficient to state a failure to accommodate claim.  *McKenzie*, 801 N.Y.S.2d at *3 (granting

motion to dismiss for failure to state a claim under NYSHRL where "plaintiff merely alleges that

her doctor provided her with a note which stated that she would not be able to return to work

prior to April 12, 2004" and "[f]rom the facts pleaded . . . the scope of the reasonable

accommodation sought by plaintiff is entirely unclear").

Second, Plaintiff does not state a claim for failure to accommodate because, in alleging that her doctor's note stated that all "lifting . . . was unacceptable," Plaintiff concedes that even "upon the provision of reasonable accommodations" she could not perform "in a reasonable manner the activities involved in the job or occupation . . . held." N.Y. Exec. L. § 292[21]. One of the "activities involved" in, and one of the "minimum requirements" of, Plaintiff's position as a Sales Merchandising Manager is the "[a]bility to lift 60 lbs." (West Decl., Ex. 1.)[13] Because Plaintiff concedes that she could not perform this activity with or without a reasonable accommodation, she cannot state a claim for failure to accommodate. *McKenzie*, 35 A.D.3d at 677, 829 N.Y.S.2d at 129 (affirming motion to dismiss where "plaintiff failed to set forth in her complaint factual allegations to show that, upon the provision of reasonable accommodations, she could perform the essential functions of her job"); *see also Kendricks*, 163 F. Supp. 2d at 269 (granting FRCP 12(b)(6) motion to dismiss where there was "nothing in the record to suggest that assigning 'light duty' would have been a reasonable accommodation" where lifting heavy objects was an essential function of the job).

        c.        Plaintiff Does Not Specify The Duties For Which
                    She Allegedly Requested An Accommodation In 2004

In the proposed Second Amended Complaint, Plaintiff also alleges that she "made reasonable accommodation requests on numerous occasions by asking for additional merchandisers to assist her with her store duties" and that, specifically, "in May of 2004 she

---

[13] References to "West Decl., Ex. 1" are to the Declaration of Carmen G. West, signed on July 23, 2008, and the exhibit attached thereto, a copy of the job description for the Sales Merchandising Manager position held by Plaintiff. "On a motion to dismiss, the Court may consider documents attached to the complaint or incorporated by reference, as well as other documents that are integral to the complaint, so long as the pleader has given notice of them or refers to them." *Funcia v. NYSE Group*, 07 Civ. 1745 (RWS), 2007 WL 4276897, at *3 (S.D.N.Y. Dec. 3, 2007) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)). Here, the Court should consider Plaintiff's job description because she refers to "her responsibilities pursuant to each of her positions" in Paragraph 14 of the proposed Second Amended Complaint and such responsibilities are integral to her failure to accommodate claim.

again requested a reasonable accommodation by asking for additional merchandisers to assist her with her duties." (2d Am. Compl. ¶¶ 33-35.) Plaintiff, however, fails to allege which duties, in particular, she could not perform. *McKenzie*, 801 N.Y.S.2d at *3 (granting motion to dismiss for failure to state a claim under NYSHRL where "[f]rom the facts pleaded . . . the scope of the reasonable accommodation sought by plaintiff is entirely unclear"). Here, it is unclear whether plaintiff sought a reasonable accommodation for one job duty, two job duties, or the entirety of her job duties. It is likewise unclear how many additional merchandisers she requested. As it impossible to discern the scope of the accommodation sought by plaintiff, this claim is too vague to withstand a motion to dismiss.

Accordingly, the Court should deny Plaintiff's motion for leave to amend to include a claim for failure to provide a reasonable accommodation.

**E.    Plaintiff's Claims For Punitive Damages And Attorneys' Fees Are Futile Because Those Remedies Are Not Available Under The NYSHRL**

In Paragraphs E and F of the proposed Second Amended Complaint's "Prayer For Relief," Plaintiff claims that she is entitled to punitive damages and attorneys' fees. As discussed above, Plaintiff's motion for leave to amend to reintroduce a NYCHRL claim and a NYSHRL failure to accommodate claim should be denied. Therefore, even if the Court disagrees with Defendant's arguments that the instant motion is untimely and is barred as law of the case, all that remains are Plaintiff's timely claims of discrimination, retaliation, and aiding and abetting under the NYSHRL. However, it is well-settled that punitive damages and attorneys' fees are not available under the NYSHRL. *McCormick v. Chase*, 05 Civ. 10576 (TPG), 2007 WL 2456444, at *3 (S.D.N.Y. Aug. 29, 2007) ("punitive damages and attorneys' fees are unavailable under the state Human Rights Law"); *see also Rahiym-Amir v. Bellamy of Corinth, Inc.*, 1:04 CV 121 (FJS/RFT), 2007 WL 4573409, at *4 n. 3 (N.D.N.Y. Dec. 26, 2007)

("New York Human Rights Law does not provide for an award of attorney's fees"); *Kauffman v. Maxim Healthcare Services, Inc.*, 509 F. Supp. 2d 210, 220 n. 13 (E.D.N.Y. 2007) ("NYSHRL does not allow punitive damages").

Accordingly, the Court should denying Plaintiff's motion for leave to amend to reintroduce claims for punitive damages and attorneys' fees. *McCormick*, 2007 WL 2456444 at *3 (granting FRCP 12(b)(6) motion to dismiss NYSHRL claims for punitive damages and attorneys' fees).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's July 11 motion for leave to amend.

Dated:  July 24, 2008                              JONES DAY

                                                          /s/ Craig S. Friedman
                                         _____
                                                  Craig S. Friedman (CF-1988)
                                                  csfriedman@jonesday.com
                                                  Matthew W. Lampe (*pro hac vice*)
                                                  mwlampe@jonesday.com
                                                  222 East 41st Street
                                                  New York, New York 10017-6702
                                                  (212) 326-3939
                                                  Attorneys for Defendant

NYI-4105862v4