UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA JACKSON,<br><br>        Plaintiff,<br><br>-against-<br><br>THE SCOTTS COMPANY<br><br>        Defendant. | 08 Civ. 1064 (LAK)<br><br>**DEFENDANT'S NOTICE OF MOTION TO COMPEL PRODUCTION OF RESPONSES TO DOCUMENT REQUESTS AND <u>INTERROGATORIES</u>** |

      PLEASE TAKE NOTICE that, upon the annexed Declaration of Craig S. Friedman, dated July 25, 2008, with the exhibits thereto, Defendant The Scotts Company LLC will move this Court pursuant Fed. R. Civ. P. ("FRCP") 37 and the Court's Individual Practices to compel Plaintiff's production of complete responses to Defendant's document requests and interrogatories.

**Defendant's Good Faith Efforts**: Defendant served its First Set Of Interrogatories and First Request For The Production Of Documents on May 5, 2008 and, by agreement of the parties, the deadline to respond was extended to June 23. (Exs. A, B, C.)[1] Plaintiff served interrogatory responses on June 23, but did not respond to the document requests until June 28. (Exs. D, E.) Defendant detailed the deficiencies of her responses in letters of July 1 and July 8, requesting that Plaintiff correct the deficiencies. (Exs. F, G.) Meanwhile, Plaintiff served amended interrogatory responses on June 28, which merely supplemented one response and added a "General Objections" section. (Ex. H.) In a July 7 letter, Defendant informed Plaintiff that her amended responses failed to correct the deficiencies previously described, and again requested complete responses. (Ex. I). Plaintiff did not respond and, on July 17, I left a voicemail with Plaintiff's counsel again requesting complete responses and asking her to return my call. (Decl. ¶ 9.) She did not and, on July 21, Defendant sent yet another letter requesting compliance and asking counsel to telephone me. (Ex. J.) Plaintiff again failed to respond and, therefore, refused to make a good faith effort to comply with Defendant's requests.

**FRCP 33(b)**: FRCP 33(b)(3) requires that "[e]ach interrogatory must . . . be answered . . . in writing under oath" and FRCP 33(b)(5) requires that the "person who makes the answers must sign them." Neither Plaintiff's initial nor amended responses were answered under oath or signed by Plaintiff and, therefore, Defendant moves to compel compliance with FRCP 33(b).

**Document Requests & Interrogatories**: It is a fundamental principle of law that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FRCP 26(b)(1). "Relevance, for purposes of discovery, is an extremely broad concept." *Fox v. Cheminova, Inc.*, 2006 WL 508087 (E.D.N.Y. Mar. 1, 2006). Therefore, pursuant to FRCP 37(a)(3)(B), Defendant moves to compel complete responses to the following:

---

[1] References to "Decl. ¶ __" are to the Declaration of Craig S. Friedman and "Ex. _" refers to the exhibits thereto. A copy of the Amended Complaint, dated March 27, 2008, is Exhibit K to this declaration.

Medical Treatment: Plaintiff seeks damages for "severe mental anguish and emotional distress" as well as "physical and mental injuries" allegedly caused by Defendant. (Compl. ¶ D.) Doc. Req. No. 7 seeks all "documents relating to treatment provided by each . . . health care provider" identified. Plaintiff named four treating physicians, (Ex. D.), but produced only portions of her disability benefits application and one day of treatment notes from a single doctor. Defendant provided Plaintiff with authorizations to send to these physicians, but Plaintiff failed to return them. (Ex. F.) Therefore, Defendant moves to compel Plaintiff to complete authorizations for each physician. *Tota v. Bentley*, 2008 WL 495508, at *3 (W.D.N.Y. Feb. 21, 2008) (granting motion to compel completion of medical records authorization where plaintiff claimed medical conditions caused by defendant's conduct).

Doc. Req. No. 15 seeks all "documents concerning the treatment or counseling of Plaintiff . . . for any injury, illness or condition allegedly caused" by Defendant. In response, Plaintiff stated that "[c]urrently, requested documents do not exist." This is inconsistent with her response to Interrogatory No. 6, in which she named four physicians who treated her for conditions allegedly caused by Defendant. Therefore, Defendant moves to compel the production of documents responsive to Req. No. 15.

Plaintiff's Efforts To Mitigate Damages: Interrogatory No. 9 asks Plaintiff to "identify the name of each potential employer [she has] contacted for the purpose of obtaining employment subsequent to [her] employment with Scotts," the employer's name, address, the names of persons contacted, and documents relating to her efforts to obtain such employment. Interrogatory No. 10 seeks the same information for "each employer that has offered [Plaintiff] employment," and Interrogatory No. 11 seeks such information for "each employer for whom [Plaintiff has] worked (including self-employment)." Plaintiff did not object to any of these interrogatories. Instead, for each, Plaintiff responded that she "has been disabled since on or about January 10, 2005 as a result to [sic] the injuries she suffered while performing her job duties for the Defendant." This statement, however, is non-responsive. Therefore, Defendant moves to compel a complete response to these interrogatories.

Doc. Request No. 10 seeks "[a]ll documents relating to any workers' compensation or unemployment compensation claims filed or payments received." In response, Plaintiff only provided documents regarding her application for workers' compensation benefits. Therefore, Defendant moves to compel production of all documents responsive to Request No. 10.

Doc. Request No. 11 seeks all "documents relating to any application by [Plaintiff] for disability benefits of any kind, . . . and any disability benefits . . . received to date." In response, Plaintiff produced applications for long term disability and short term disability benefits and documents reflecting payments from the State of New York. She has not provided documents showing the amount of benefits she received from disability carriers or Social Security. Therefore, Defendant moves to compel production of all documents responsive to Request No. 11.

Doc. Request No. 13 seeks all "documents concerning wages, benefits, and terms and conditions of employment offered to or received by Plaintiff in connection with any work performed or made available to Plaintiff from 2005 to the present, including . . . self-employment." In response, Plaintiff produced only her performance evaluations from Scotts, copies of Scotts' employment policies, and a job description. None of these documents concern wages, benefits

or terms and conditions of employment subsequent to Plaintiff's employment with Scotts. As discussed earlier, Plaintiff has failed to identify any of her employers subsequent to Scotts and, as a result, Defendant does not know for sure whether Plaintiff has been employed subsequent to her employment with Scotts. Therefore, to the extent Plaintiff has applied for employment or has been employed subsequent to her employment with Scotts, Defendant moves to compel production of all documents responsive to Request No. 13.

Doc Request No. 14 seeks all "documents concerning any income, salary, and/or benefits paid to Plaintiff from any source from 2005 through the present, including . . . income tax returns (including all W-2 forms and schedules . . .) for tax years 2005 through the present." Plaintiff does not object but states that the "[r]equested documents do not exist." This response is not believable because Plaintiff has received disability benefits since 2005.

<u>Plaintiff's Claims</u>: Doc. Request No. 2 seeks "[a]ll documents relating to each of the allegations in [Plaintiff's] complaint and the defenses in Defendant's Answer." In response, Plaintiff refers to all documents produced. This response is deficient because she failed to provide the great majority of the documents she identified in her April 30, 2008 Initial Disclosure Pursuant To FRCP 26(a), in which she listed twenty-one categories of documents in her "possession, custody, or control" that she may use to support her claims and defenses. (Ex. L.) Plaintiff, however, has failed to produce many of the documents listed, including "[s]alary information of Plaintiff and her co-workers," "[s]torage facility records for Plaintiff and her co-workers," the Defendant's policies on "merchandisers," "raises," "bonuses," and "incentives," and the "sales numbers for Plaintiff and her co-workers." Therefore, Defendant moves to compel the production of documents listed in Plaintiff's initial disclosures.

<u>Witness Statements</u>: Interrogatory No. 8 asks Plaintiff to identify "each oral or written statement [Plaintiff has] obtained from any person regarding the subject matter of this action, including the names and addresses of the person who gave the statement and the date the statement was obtained." Plaintiff objects on the grounds that "it is vague and ambiguous, broad in scope, too general and lacks specificity." Plaintiff's objection is without merit. This interrogatory clearly asks Plaintiff to identify oral and written statements she has obtained, and is narrowly tailored to the subject matter of this action—the claims and allegations contained in the complaint. Therefore, Defendant moves compel Plaintiff to comply with Interrogatory No. 8.

<u>Failure To "Identify" Witnesses</u>: Interrogatory No. 1 asks Plaintiff to "[i]dentify all persons whom you know or believe to possess knowledge or information relating to any of the allegations, claims, or defenses in this case." "Identify" is defined as giving the "person's full name, present or last known address" and, for a natural person, "the present or last known place of employment." Although Plaintiff's response lists the names of twenty-four natural persons, she failed to provide addresses or places of employment. Therefore, Defendant moves to compel the production of the addresses and places of employment of those named in the response.

Dated: July 25, 2008  
      New York, New York

JONES DAY  
 /s/ Craig S. Friedman  
Craig S. Friedman (CF-1988)  
222 East 41st Street  
New York, New York 10017  
(212) 326-3939

3