UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA JACKSON,<br><br>　　　　Plaintiff,<br><br>　-against-<br><br>THE SCOTTS COMPANY<br><br>　　　　Defendant. | 08 Civ. 1064 (LAK) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND EXPENSES**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)(5)(A)**

　　　　　　　　　　　　　　　　　　　　Craig S. Friedman (CF-1988)
　　　　　　　　　　　　　　　　　　　　csfriedman@jonesday.com
　　　　　　　　　　　　　　　　　　　　Matthew W. Lampe (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　mwlampe@jonesday.com
　　　　　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　　　　　222 East 41st Street
　　　　　　　　　　　　　　　　　　　　New York, New York 10017
　　　　　　　　　　　　　　　　　　　　(212) 326-3939
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant

**PRELIMINARY STATEMENT**

On July 10, 2008, Defendant The Scotts Company LLC ("Scotts" or "Defendant") moved, pursuant to Federal Rule of Civil Procedure ("FRCP") 37(a), to compel Plaintiff Maria Jackson's ("Plaintiff" or "Jackson") production of (i) a computation of each category of damages she is seeking, and (ii) the documents or other evidence on which each computation is based. The Court granted this motion on July 21, 2008.

FRCP 37(a)(5)(A) states that, if a FRCP 37(a) motion is granted, "the court must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." As both Plaintiff and her attorney, Sandra Frelix, Esq., are culpable for the conduct which necessitated the motion, the Court should compel them to pay the attorneys' fees and expenses incurred by Defendant in making the successful July 10 motion.

**BACKGROUND AND PROCEDURAL HISTORY**

On July 10, 2008, and pursuant to FRCP 37(a), Defendant filed a motion to compel Plaintiff's production of (i) a computation of each category of damages she is seeking, and (ii) the documents or other evidence on which each computation is based. (Friedman Decl., Ex. A.)[1] In the motion, Defendant showed that Plaintiff failed to fulfill her FRCP 26(a) obligation to provide a computation of damages and the documents supporting that computation. (*Id.*) Further, Defendant detailed its good faith attempts to obtain this most basic of discovery and the repeated broken promises of Ms. Frelix that such discovery was forthcoming. (*Id.*) The Court granted Defendant's motion on July 18. (July 18 Order.)[2]

---

[1] References to "Friedman Decl." are to the Declaration of Craig S. Friedman, dated July 30, 2008.

[2] A copy of the Court's July 18 Order is Exhibit B to the Declaration of Craig S. Friedman.

**ARGUMENT**

**THE COURT SHOULD COMPEL PLAINTIFF AND MS. FRELIX TO REIMBURSE DEFENDANT FOR THE ATTORNEYS' FEES AND EXPENSES INCURRED IN MAKING THE JULY 10, 2008 MOTION TO COMPEL**

FRCP 37(a)(5)(A) states that, if a FRCP 37(a) motion is granted, "the court must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Attorneys' fees and expenses are plainly warranted because, as discussed above, the Court granted Defendant's July 10 FRCP 37(a) motion to compel.

Both Plaintiff and Ms. Frelix should be required to pay these fees because Plaintiff's pleadings show that the conduct of both "necessitated the motion." Specifically, Plaintiff's June 21, 2008 supplemental disclosure shows that she bears some responsibility for the failure to comply with FRCP 26(a) (Friedman Decl., Ex. C.) In the June 21 disclosure, Plaintiff states that she could not afford to hire an expert to calculate her damages and that she was "unwilling to allow [Ms. Frelix] to calculate Plaintiff's damages because this is not [Ms. Frelix's] area of expertise." (*Id*). This, on its face, indicates that Plaintiff was aware of her FRCP 26(a) obligations and instructed her attorney not to prepare the disclosure anyway.

Ms. Frelix's culpability is obvious. She made repeated representations to counsel for Defendant, over the course of two months, that Plaintiff would, in fact, comply with her FRCP 26(a) obligations. (Friedman Decl., Ex. A.) However, at each turn, she broke her agreements. (*Id.*) Instead, she submitted supplemental Rule 26(a) disclosures that failed to comply with the rule in any meaningful way and, instead, contained a litany of changing excuses for the failure to comply. (*Id.*)

Ms. Frelix's culpability is also apparent from the face of the supplemental FRCP 26(a) disclosure. Rather than explain to Plaintiff that such a disclosure is required pursuant to FRCP

- 2 -

26(a) regardless of ability to hire an expert, the disclosure states that Ms. Frelix "agrees with Plaintiff's . . . position." (*Id.*)  Ms. Frelix impermissibly endorses her client's erroneous view that she is somehow immune from the requirements of FRCP 26(a).  Ms. Frelix's endorsement of her client's misunderstanding is all the more egregious because she is a member of the bar of this Court and is presumably familiar with the Federal Rules of Civil Procedure.  As such, she should not have joined in and endorsed her client's misunderstanding.

Further, Plaintiff states that she "and her husband refuse to jeopardize any recovery that they are entitled to because they allowed a non-expert calculate the damages in this case." (*Id.*)  In reality, just the opposite is true and Ms. Frelix bears responsibility for failing to inform Plaintiff of the falsity of this position.  This is because in choosing to not comply with FRCP 26(a), Plaintiff has done nothing but jeopardize any potential recovery.  (July 18 Order) ("Should plaintiff fail to comply [with the Court's order to produce a computation of damages], she may be precluded from introducing evidence of her damages in this action.")

## **CONCLUSION**

For the foregoing reasons, pursuant to FRCP 37(a)(5)(A), the Court should compel Plaintiff and Ms. Frelix to reimburse Scotts for the expenses, costs, and attorney's fees incurred in making its July 10, 2008 motion to compel discovery, and further grant Defendant fourteen days from the date of this Court's ruling to submit a bill of costs, and an accompanying affidavit,

demonstrating the exact sums for which it seeks reimbursement, as well as any further relief as the Court may deem appropriate.

Dated: July 30, 2008                    JONES DAY

                                              /s/ Craig S. Friedman

                                  Craig S. Friedman (CF-1988)
                                  csfriedman@jonesday.com
                                  Matthew W. Lampe (*pro hac vice*)
                                  mwlampe@jonesday.com
                                  222 East 41st Street
                                  New York, New York 10017-6702
                                  (212) 326-3939
                                  Attorneys for Defendant

NYI-4108538v2