UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA JACKSON,<br><br>       Plaintiff,<br><br> -against-<br><br>THE SCOTTS COMPANY<br><br>       Defendant. | 08 Civ. 1064 (LAK) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO
PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OF DAMAGES**

Craig S. Friedman (CF-1988)
csfriedman@jonesday.com
Matthew W. Lampe (*pro hac vice*)
mwlampe@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017
(212) 326-3939
Attorneys for Defendant

**PRELIMINARY STATEMENT**

Federal Rule of Civil Procedure ("FRCP") 26(a) requires a party to provide a computation of each category of damages claimed as well as the documents or other evidence upon which each category is based. Despite the repeated good faith efforts of Defendant The Scotts Company LLC ("Scotts" or "Defendant") over the course of more than two months, Plaintiff Maria Jackson ("Plaintiff" or "Jackson") failed to provide the required computation or the documents to support a computation.

Accordingly, on July 10, 2008, Scotts moved to compel Plaintiff's compliance with FRCP 26(a). On July 18, 2008, the Court granted the motion. Moreover, in its July 18 Order, the Court warned Plaintiff that, should she fail to provide a computation and the supporting documents by July 29, 2008, she "may be precluded from introducing evidence of her damages in this action."

Now, July 29, 2008 has come and gone and Plaintiff has failed to comply with the Court's July 18 Order and continues her defiance of FRCP 26(a). Although Plaintiff provided a computation of her economic loss, she has failed to produce even a single document supporting or otherwise justifying the figures contained in that computation. In addition, although Plaintiff states she is entitled to specific dollar amounts for "pain and suffering" and punitive damages, she makes no attempt whatsoever to show how she computed these figures.

In spite of the plain language of both FRCP 26(a) and the Court's July 18 Order, as well as the Court's warning that failure to comply may result in the preclusion of evidence of damages, Plaintiff has failed to produce a complete computation of her damages or any documents to support her computation. Therefore, pursuant to both FRCP 37(c)(1) and FRCP 37(b)(iii), the Court should preclude Plaintiff from introducing evidence of her damages in this action.

## BACKGROUND AND PROCEDURAL HISTORY

A.  **Federal Rule Of Civil Procedure 26(a) Requires Plaintiff To Produce A Computation Of Damages And The Documents Supporting That Computation**

Pursuant to FRCP 26(a)(1)(A)(iii), "a party must, without awaiting a discovery request, provide to other parties . . . a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying . . . the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

B.  **Plaintiff Fails To Produce A Computation Of Damages, Or Documents Supporting Such A Computation, Despite Defendant's Repeated Good Faith Efforts**

On April 7, 2008, the parties held the FRCP 26(f) conference and, as a result, Plaintiff's FRCP 26(a) initial disclosures were due April 21, 2008. (Friedman Decl. ¶ 3.)[1] Plaintiff failed to produce any disclosures as of this date. (Friedman Decl., Ex. B.) Plaintiff did not submit her initial disclosures until May 2, 2008 and, in those disclosures, Plaintiff stated she "is unable to accurately estimate her economic losses at this time without discovery." (Friedman Decl., Ex. C.) On May 7, 2008, Defendant informed Plaintiff by letter that no discovery is required to compute at least initial projections of alleged damages because Plaintiff is aware of the income she received from Scotts and is the only party with information and documents on the income and benefits she received subsequent to her employment with Scotts. (Friedman Decl., Ex. D.)

On May 20, 2008, Plaintiff's attorney, Sandra Frelix, Esq., agreed to provide a supplemental disclosure. (Friedman Decl., Ex. E.) In the supplemental disclosure, rather than provide a computation of damages and the documents supporting those claims, Plaintiff stated that she "is unable to accurately estimate her economic losses . . . without the assistance of an

---

[1] References to "Friedman Decl. ¶ __" are to the Declaration of Craig S. Friedman, signed on August 18, 2008, and "Ex. _" refers to the exhibits thereto. A copy of the Amended Complaint, dated March 27, 2008, is Exhibit A to this declaration.

economist or accountant" and that she would provide the computation "along with the relevant documents as soon as that information is made available . . . from either the economist or the accountant." (Friedman Decl., Ex. F.)  Defendant responded by letter, pointing out that such an expert is not necessary for either a basic calculation of lost wages and other damages or the production of documents supporting her damages claims because documents such as her tax returns, W-2s, and medical bills would be in her possession.  (Friedman Decl., Ex. G.)

On June 10, counsel for Defendant spoke with Ms. Frelix and reiterated Defendant's position that an expert is unnecessary for a basic computation of damages or to produce the supporting documents.  (Friedman Decl. ¶ 10.)  Ms. Frelix did not dispute Defendant's position and she agreed to produce a computation of damages, and the supporting documents, by June 23.  (Friedman Decl., Ex H.)  On June 23, Plaintiff served by mail a supplemental disclosure which, contrary to Ms. Frelix's prior agreement, contained no computation or documents.  (Friedman Decl., Ex. I.)  Instead, Plaintiff stated that she could not hire an expert due to "financial hardship" and was "unwilling to allow" Ms. Frelix to calculate the damages because it is not her "area of expertise" and because Ms. Frelix would be "acting with grave incompetence" if she were to calculate damages.  (*Id.*)

C.     **On July 10, Defendant Moves To Compel Plaintiff's Compliance With FRCP 26(a)**

In light of Plaintiff's continued failure to comply with the plain requirements of FRCP 26(a), on July 10, 2008, Defendant moved to compel Plaintiff's production of (i) a computation of each category of damages she is seeking, and (ii) the documents or other evidence on which each computation is based.  (Friedman Decl., Ex. J.)  Defendant also asked the Court to warn Plaintiff that, should she fail to do so, she would be precluded from introducing evidence of damages at the trial of this action.  (*Id.*)

- 3 -

**D.     The Court Grants Defendant's Motion To Compel And
        Orders Plaintiff To Comply With FRCP 26(a) By July 29**

Plaintiff did not respond to Defendant's motion to compel, which the Court subsequently granted on July 18. (July 18 Order.)[2] The Court ordered that "[o]n or before July 29, 2008, plaintiff shall serve defendant with (i) a computation of each category of damages she is seeking, and (ii) the documents or other evidence on which each computation is based." (*Id.*) The Court warned that, "[s]hould Plaintiff fail to comply, she may be precluded from introducing evidence of her damages in this action." (*Id.*)

**E.     On July 29, The Plaintiff Submits A Computation Of
        Certain Alleged Damages But No Supporting Documents**

On July 29, 2008, Plaintiff sent by fax a document entitled "Plaintiff's Initial Disclosure Pursuant to F.R.C.P. 26(a) Computation Of Damages." (Friedman Decl., Ex. L.) In this document, with no further explanation, Plaintiff states that she is seeking "pain and suffering damages" in the amount of "$2,000,000 per year for 40 years totaling $80,000,000" and $20,000,000 in punitive damages. (*Id.*) For her economic loss, she refers to an attached, unsigned letter bearing the letterhead of "Gary Marcus, Certified Public Accountant." (*Id.*) The letter includes calculations of damages in various categories, including "Salary," "Bonus," "Vehicle," "Telephone," and "Insurance." (*Id.*) Plaintiff did not provide any documents to support these calculations. (Friedman Decl. ¶ 15.)

---

[2] A copy of the Court's July 18, 2008 Order is Exhibit K to the Declaration of Craig S. Friedman.

# ARGUMENT

## THE COURT SHOULD PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OF HER DAMAGES IN THIS ACTION

**A.    Applicable Legal Principles**

Pursuant to FRCP 37(c)(1), where a party "fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Likewise, under FRCP 37(b)(2)(iii) if a party "fails to obey an order to provide or permit discovery," the court may prohibit the offending party "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."  Where a party fails to provide a computation of damages or the document supporting such a computation as required by FRCP 26(a), a court may bar the offending party from introducing evidence of damages during the course of the action.  *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296-97 (2d Cir. 2006) (affirming preclusion of introduction of evidence of damages for failure to comply with FRCP 26(a)); *24/7 Records, Inc. v. Sony Music Entertainment*, 03 Civ. 3204, 2008 WL 2791522, at *9 (S.D.N.Y. July 18, 2008) (same).

**B.    In Failing To Produce Documents Supporting Her Computation Of Damages, Plaintiff Has Violated FRCP 26(a) And The Court's July 18 Order**

Here, despite their plain language, Plaintiff has failed to comply with both FRCP 26(a) and the Court's Order of July 18.  Although Plaintiff finally provided a computation of her economic loss (more than three months after the FRCP deadline to do so), Plaintiff has failed to provide even a single document to support this computation.  Plaintiff claims that she "was forced to purchase" a sports utility vehicle "at a cost of $60,000, for which she must make payments of $800 per month for six years."  Plaintiff, however, has provided no purchase contract, receipts of payment, or anything at all to support this computation (let alone the fact

that she owns an SUV).  Similarly, she claims that she is entitled to $150 in gas expenses per week and $4,000 per year for automobile insurance, but has failed to produce even a single receipt to show a purchase of gasoline or an insurance payment.  She further claims that she is entitled to "cell phone costs [of] $200 per month or $2400 per year," but she did not produce a single bill from a cellular provider to show this is the true cost or any proof that she ever paid this amount.  She likewise claims that she "had to borrow $143,000 on an equity loan and $64,292 from credit cards," but offers no documentation to support these figures.  Plaintiff's computation also states that Scotts paid her an annual salary of $40,000 and a bonus of $23,000, but she has provided no documents, such as W-2s or income tax returns, to justify these claims.  Production of such documents is especially important where, as here, Plaintiff claims she received a salary ($40,000) different than that reflected in the records of Scotts ($33,600).  (Friedman Decl., Ex. M.)

Plaintiff's failure to produce evidence or other documentation supporting these calculations is all the more amazing given that a Certified Public Accountant was purported to have prepared this calculation.  Presumably, Plaintiff provided the CPA with documentation to support each of these calculations.  Plaintiff, however, has failed to provide any such documents to Defendant.  As a result, she has failed to comply with FRCP 26(a) and the Court's July 18 Order.

C.     **Plaintiff Has Failed To Provide A Computation Of Her "Pain And Suffering" And Punitive Damages**

In addition to providing information on her alleged economic loss, in her computation Plaintiff makes the conclusory statement that she seeks "pain and suffering damages" in the amount of "$2,000,000 per year for 40 years totaling $80,000,000" as well as "20,000,000 in punitive damages from the Defendant."  (Friedman Decl., Ex. L.)  Plaintiff, however, has made

- 6 -

no attempt whatsoever to show how she computed these figures. Likewise, she has failed to provide even a single medical bill to justify these sums. As a result, Plaintiff has failed to comply with FRCP 26(a) and the Court's July 18 Order.

**D.    The Court Is Justified In Precluding Plaintiff From Introducing Evidence Of Damages**

Plaintiff has plainly failed to comply with FRCP 26(a) and the Court's July 18 Order. *Supra*. This, alone, justifies the Court in precluding Plaintiff from introducing evidence of damages. *Design Strategy, Inc*, 469 F.3d at 296-97 (affirming preclusion of introduction of evidence of damages for failure to comply with FRCP 26(a)). The Court, however, is further justified in granting this remedy because it specifically warned Plaintiff that "she may be precluded from introducing evidence of her damages in this action" should she fail to comply with the July 18 Order. In spite of this warning, Plaintiff did not comply with the July 18 Order. Instead, Plaintiff blatantly ignored this Court's instruction to serve "the documents or other evidence on which each computation is based."

The remedy of preclusion is further justified by the fact that Defendant is prejudiced by Plaintiff's continued failure to produce the documents supporting her damages claims. Discovery concludes on September 5—less than three weeks from now—yet Plaintiff has failed to provide this most basic of discovery. (April 11 Order.)[3] As a result, Plaintiff has prevented Scotts from fully preparing its defense of the instant case. For example, as Plaintiff has failed to provide the documents supporting her damages claims, Defendant has been unable to fully depose Plaintiff on this subject. Moreover, Plaintiff's failure to comply with FRCP 26 and this

---

[3] A copy of the Court's April 11, 2008 Consent Scheduling Order is Exhibit N to the Declaration of Craig S. Friedman.

Court's order has inflated Defendant's cost of defending this matter.  Defendant, once again, must resort to costly motion practice to obtain basic discovery.

In addition, the remedy of preclusion is especially appropriate in light of the long history of bad faith conduct on the part of Plaintiff's counsel in the instant case.  (July 3 Order.)[4]  The failure to produce documents supporting Plaintiff's computation of damages is yet another example of a willful failure to comply with the Federal Rules of Civil Procedure and this Court's orders.  This shows that a lesser sanction, such giving a second warning on the consequences of failure to produce these documents, will not yield results.  As a result, the Court is entirely justified in precluding Plaintiff from introducing evidence of her damages.

## CONCLUSION

For the foregoing reasons, pursuant to FRCP 37(c)(1) and/or FRCP 37(b)(2)(iii), the Court should preclude Plaintiff from introducing evidence of her damages in this action.

Dated:  August 18, 2008                    JONES DAY

                                                /s/ Craig S. Friedman
                                           _____
                                           Craig S. Friedman (CF-1988)
                                           csfriedman@jonesday.com
                                           Matthew W. Lampe (*pro hac vice*)
                                           mwlampe@jonesday.com
                                           222 East 41st Street
                                           New York, New York 10017-6702
                                           (212) 326-3939
                                           Attorneys for Defendant

---

[4] A copy of the Court's July 3, 2008 Order is Exhibit O to the Declaration of Craig S. Friedman.