UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA JACKSON,<br><br>        Plaintiff,<br><br>   -against-<br><br>THE SCOTTS COMPANY<br><br>        Defendant. | 08 Civ. 1064 (LAK)<br><br>**DEFENDANT'S NOTICE OF MOTION FOR LEAVE TO DEPOSE PLAINTIFF SUBSEQUENT TO DISCOVERY CUTOFF AND TO EXTEND DEADLINE TO FILE JOINT PRETRIAL ORDER** |

      PLEASE TAKE NOTICE that, upon the annexed Declaration of Craig S. Friedman, dated September 5, 2008, with the exhibits thereto, Defendant The Scotts Company LLC will move this Court pursuant Fed. R. Civ. P. ("FRCP") 16(b) (i) for leave to depose Plaintiff subsequent to the September 5, 2008 discovery cutoff, and (ii) to extend the deadline to file the joint pretrial order and move for summary judgment, contained in the Consent Scheduling Order, from October 10, 2008 to a date 35 days from the completion of Plaintiff's deposition.

**Background**

      On August 12, 2008, counsel for Defendant, Craig Friedman, conducted Plaintiff's deposition. (Decl. ¶ 2.)[1] The parties stipulated that the deposition would continue August 19, 2008. (Ex. A.) This was agreement was made, in part, so that Defendant could question Plaintiff about documents that she had failed to produce as of August 12. (*Id.*) On August 15, 2008, Plaintiff's counsel, Sandra Frelix, telephoned Mr. Friedman and said Plaintiff could not appear on August 19 due to emergency hernia surgery scheduled for that day. (Decl. ¶ 3.)

      On August 19, 2008, Ms. Frelix told Mr. Friedman that Plaintiff's surgery was postponed because Plaintiff developed a respiratory illness. (Decl. ¶ 4.) Mr. Friedman and Ms. Frelix agreed it would be best to continue the deposition prior to the September 5, 2008 discovery cutoff. (*Id.*) Counsel agreed that Plaintiff would appear for the second day of her deposition on September 4, 2008. (*Id.*) Mr. Friedman confirmed the agreement in a letter the following day. (Ex. B.) On August 21, 2008, Ms. Frelix sent a letter stating that September 4, 2008 was a "tentative" date for the deposition and indicated that Plaintiff "was re-scheduled to have surgery on September 1, 2008 and thus, may not have the ability to sit for a deposition. (Ex. C.) Ms. Frelix did not communicate further with counsel for Defendant regarding the scheduling of September 4 for the continuation of Plaintiff's deposition. (Decl. ¶ 4.)

      On September 4, 2008, Plaintiff and her attorney did not appear for Plaintiff's deposition. (Decl. ¶ 5) When reached by telephone, Ms. Frelix told Mr. Friedman that she had sent him a doctor's note indicating that Ms. Frelix was out of work until September 8, 2008 due to illness. (*Id.*; Ex. D.) She said this note was "self-explanatory" that Plaintiff would not appear on September 4. (Decl. ¶ 5.) Mr. Friedman said he received the note by facsimile, that he believed

---

[1] References to "Decl." and "Ex." are to the Declaration of Craig S. Friedman and the exhibits thereto.

the "8" of September 8 in the note was a "3," and that Ms. Frelix never informed him that Plaintiff would not appear for the deposition on September 4. (*Id.*) Mr. Friedman proposed that the parties jointly seek leave from the Court to complete Plaintiff's deposition subsequent to the September 5 discovery cutoff. (*Id.*) Ms. Frelix stated that, instead, she would agree to an extension of the discovery cutoff. (*Id.*) She said she needed an extension because she was waiting to depose Defendant's witnesses until after the completion of Plaintiff's deposition. (*Id.*) Mr. Friedman noted that Plaintiff did not notice a single deposition and that her there was no excuse for her failure to do so by September 4 because she had been long aware of the identities of Defendant's witnesses. (*Id.*) The parties could not agree on this point. (*Id.*) Ms. Frelix also said Plaintiff was recovering from pneumonia and was not physically well enough to sit for a deposition. (*Id.*) Ms. Frelix said she had "no idea" when Plaintiff would be well enough for a deposition, but would inform counsel for Defendant when she finds out. (*Id.*)

**Argument**

Under FRCP 16(b)(4), a scheduling order may be modified "only for good cause and with the judge's consent." Likewise, the April 11, 2008 Consent Scheduling Order may be amended "only upon a showing of good cause not foreseeable as of the date thereof." (Ex. E.)

Here, the Court has good cause to allow Defendant to complete Plaintiff's deposition subsequent to the conclusion of discovery. Plaintiff's deposition began on August 12, 2008. Plaintiff agreed to continue the deposition, but illnesses of Plaintiff and her counsel (which were not foreseeable in April) have prevented Plaintiff from appearing by September 5, 2008. An extension of the discovery cutoff is unnecessary because Defendant merely seeks to complete what it timely began but could not complete due to the illnesses of Plaintiff and her counsel. By contrast, an extension of the discovery cutoff would allow Plaintiff to avoid the consequences of her failure to notice a single deposition. Therefore, Defendant requests that it be allowed to complete Plaintiff's deposition subsequent to the September 5, 2008 discovery cutoff.

The Court, likewise, has good cause to adjust the Consent Scheduling Order's October 10, 2008 deadline to file the joint pretrial order and any motions for summary judgment. Plaintiff has agreed to appear for the continuation of her deposition, but has not provided any timeframe on when she will be physically well enough to appear. Indeed, her counsel said she had "no idea" when Plaintiff—who is purportedly recovering from pneumonia and must thereafter undergo hernia surgery—will be able to sit for a deposition. As a result, it is unknown whether Plaintiff's deposition can be completed with sufficient time for the parties to prepare the joint pretrial order or any motions for summary judgment. As a result, Defendant requests that the Court adjourn the deadline from October 10, 2008, to a date 35 days from the completion of Plaintiff's deposition. This is the same length of time between the completion of discovery (September 5) and the deadline to file the joint pretrial order (October 10) in the Consent Scheduling Order. (Ex. E.)

Dated: September 5, 2008  
      New York, New York

JONES DAY  
 /s/ Craig S. Friedman  
Craig S. Friedman (CF-1988)  
222 East 41st Street  
New York, New York 10017  
(212) 326-3939