UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA JACKSON,<br><br>   Plaintiff,<br><br>-against-<br><br>THE SCOTTS COMPANY<br><br>   Defendant. | 08 Civ. 1064 (LAK)<br><br>**DECLARATION OF<br>CRAIG S. FRIEDMAN<br>IN SUPPORT OF DEFENDANT'S<br>MOTION FOR LEAVE TO DEPOSE<br>PLAINTIFF SUBSEQUENT TO<br>DISCOVERY CUTOFF AND TO<br>EXTEND DEADLINE TO FILE<br><u>JOINT PRETRIAL ORDER</u>** |

   CRAIG S. FRIEDMAN declares as follows:

   1  I am a member of the bar of this Court and an associate of Jones Day, counsel to Defendant The Scotts Company LLC. I am fully familiar with this proceeding and the matters set forth herein. I submit this declaration in support of Defendant's motion for leave to depose Plaintiff subsequent to the discovery cutoff and to extend the deadline to file the joint pretrial order.

   2.  On August 12, 2008, I conducted Plaintiff's deposition. During the deposition, the parties agreed on the record that Plaintiff would appear for the continuation of her deposition. The parties agreed that Plaintiff would appear on August 19, 2008 for the second day of her deposition. Attached as Exhibit A are excerpts from the transcript of Plaintiff's deposition reflecting the agreement of the parties on the record.

   3.  On August 15, 2008, I received a telephone call from Plaintiff's attorney, Sandra Frelix, and she informed me that Plaintiff could not appear for her deposition on August 19 because Plaintiff had been scheduled to undergo emergency hernia surgery that day. Ms. Frelix and I agreed to speak again on August 19 to discuss the scheduling of the continuation of Plaintiff's deposition.

   4.  On August 19, 2008, I spoke with Ms. Frelix by telephone. She informed me that Plaintiff had developed a respiratory illness and, as a result, Plaintiff's August 19 hernia surgery was postponed. I told Ms. Frelix that it would best to continue Plaintiff's deposition prior to the September 5 discovery cutoff and Ms. Frelix agreed. Ms. Frelix and I agreed that Plaintiff would appear at my office for the continuation of her deposition on September 4, 2008. Ms. Frelix told me that Plaintiff may not be able to appear on that date because her hernia surgery was tentatively scheduled for September 1, 2008. Attached as Exhibit B is a copy of the August 20, 2008 letter I sent Ms. Frelix confirming Plaintiff's deposition for September 4, 2008. Attached as Exhibit C is a copy of the August 21, 2008 letter Ms. Frelix sent to me confirming September 4, 2008 for the continuation of Plaintiff's deposition. I received no further communications from

Ms. Frelix regarding the scheduling of September 4, 2008 for the continuation of Plaintiff's deposition.

      5.      On September 4, 2008, Plaintiff and her counsel did not appear for her deposition. I telephoned Ms. Frelix and asked her why she and her client did not appear. She told me that she had previously sent me a doctor's note reflecting that Ms. Frelix was out of work until September 8, 2008. I informed her that I received the doctor's note by facsimile, and that I believed the "8" of September 8 in the note was unclear and that I thought it was a "3." I told her, regardless, that she had never informed me that Plaintiff would not be appearing for her deposition on September 4. Ms. Frelix said her note was "self explanatory" that she and Plaintiff would not be appearing for the deposition. I then proposed to Ms. Frelix that the parties make a joint request to the Court for leave to conduct Plaintiff's deposition subsequent to the September 5, 2008 discovery cutoff. Ms. Frelix said that she would agree, instead, to an extension of the discovery cutoff. Ms. Frelix said she needed an extension of the discovery cutoff because she had been waiting to depose Defendant's witnesses until after the conclusion of Plaintiff's deposition. I told Ms. Frelix that Plaintiff had not noticed a single deposition to date. I informed her that an extension was unnecessary because she had long been aware of the identities of Defendant's witnesses but had failed to notice a deposition anyway. I told Ms. Frelix that such an extension is unnecessary and that a more limited request to continue the deposition subsequent to the discovery cutoff would suffice. Ms. Frelix and I did not come to an agreement on this point. Next, Ms. Frelix and I discussed Plaintiff's availability to appear for the continuation of her deposition. Ms. Frelix said that Plaintiff was recovering from pneumonia and that she had "no idea" when Plaintiff would be physically well enough to appear for a deposition. Ms. Frelix told me she would telephone me when she gets this information.

      6.      Attached as Exhibit D is a copy of the September 2, 2008 facsimile I received from Ms. Frelix. Page two of the facsimile contains the doctor's note that Ms. Frelix mentioned during our September 4, 2008 conversation.

      7.      Attached as Exhibit E is a copy of the Consent Scheduled Order 'so ordered' by the Court on April 11, 2008.

      I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 5th day of September, 2008.
New York, New York


                                                       /s/ Craig. S. Friedman
                                                        Craig S. Friedman

# EXHIBIT A

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------x

MARIA JACKSON,

            Plaintiff,

   - against -                     08-civ-1064

                                   (LAK)

THE SCOTTS COMPANY,

            Defendant.

------------------------------------------x

         10:00 a.m.

         August 12, 2008

         222 East 41st Street

         New York, New York

   DEPOSITION of MARIA JACKSON, the Plaintiff in the above entitled matter, taken by Defendant, before Suzanne F. Moore, a Registered Professional Reporter, Certified Realtime Reporter and Notary Public of the State of New York.

Page 422

1    MARIA JACKSON
2    the Miracle-Gro in Naples.
3    A    Okay.
4    Q    These were the pictures.
5    A    May I?
6         MR. FRIEDMAN: I'll get copies
7    and mark them. Because I asked for
8    copies of the field goat post, and I
9    got this in response, so I was a little
10   confused.
11        MS. FRELIX: Let's see.
12        MR. FRIEDMAN: Can we please
13   mark this as Exhibit 16. These are
14   color photographs.
15   A    Did you ask for pictures of the
16   cake?
17   Q    If you have them, too, please.
18   A    Okay, and cake, cake displays.
19        MR. FRIEDMAN: Off the record.
20        (At this point in the proceedings
21   there was a recess, after which the
22   deposition continued as follows:)
23        MR. FRIEDMAN: Back on the
24   record now, it's about 5:45 p.m. We
25   have had a long day and we appreciate

Page 423

1    MARIA JACKSON
2    the hard work of Sue, our court
3    reporter today.
4         What we will do is go for another
5    45 minutes or so, until 6:30. At that
6    time we will be done for the day, but
7    the record will not be closed.
8         The parties have tentatively
9    agreed to come back at the offices of
10   Jones Day on Tuesday, one week from
11   today, Tuesday, August 19th, to continue
12   the deposition at 8:00 a.m. right here,
13   same place, and then, the parties have
14   agreed to come back for a third day
15   after Defendant receives all the
16   outstanding document requests and
17   interrogatories that it is owed.
18        And Plaintiff has told me she
19   will be providing me copies of all her
20   medical records, tax returns and other
21   documents I've asked for during the
22   course of today.
23   Q    Is that correct Ms. Jackson?
24   A    Yes, it is.
25   Q    Okay, thank you.

Page 424

1    MARIA JACKSON
2         MR. FRIEDMAN: And then we will
3    come back for a third day for the
4    purposes of just discussing those
5    documents and any last outstanding
6    items, and then that will be that.
7         And with that, can you please
8    mark Defendant's Exhibit number 16.
9         (The above described photographs
10   were marked Defendant's Exhibit 16 for
11   identification.
12        MR. FRIEDMAN: What we've marked
13   are four pages of color photos, and at
14   the bottom you see they bear what are
15   called Bates numbers, handwritten
16   P 166, P 167, P 168 and P 169, and that
17   just shows that they were produced to
18   my client by your attorney.
19        What they were represented to me
20   as were the pictures from the field goal
21   post contest.
22        THE WITNESS: These are not
23   pictures from the field goal post.
24        MS. FRELIX: No, they were not
25   presented as the field goal contest.

Page 425

1    MARIA JACKSON
2         MR. FRIEDMAN: You can check
3    your responses, but it doesn't matter
4    now.
5    Q    Was are these pictures of?
6    First question, first page, P 166, it appears
7    to be a person in a blue outfit sitting on a
8    bed. Who is that person?
9    A    This person, her last name is
10   Badger.
11   Q    Do you know her first name?
12   A    I do, but I can't recall it
13   right now.
14   Q    Tina?
15   A    Actually, her name is Athena,
16   that's why I get the names mixed up.
17   Q    Is Tina Badger the same person
18   as Athena Badge?
19   A    They're the same.
20   Q    Who took these photos?
21   A    I did.
22   Q    Oh, you did. Where were these
23   photos taken?
24   A    While we were in Naples, 2004
25   conference.

# EXHIBIT B

# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017
TELEPHONE: 212 326-3939 • FACSIMILE: 212 755-7306

Direct Number: (212) 326-3414
csfriedman@jonesday.com

JP012279
906346-011032

August 20, 2008

<u>VIA FACSIMILE (212) 862-8212</u>

Sandra D. Frelix, Esq.
110 Wall Street, 11th Floor
New York, New York 10005

        Re:    <u>Jackson v. The Scotts Company
                  08 Civ. 1064 (LAK)</u>

Dear Ms. Frelix:

I am writing to confirm our agreement, entered into during our telephone conversation earlier today, that Plaintiff will appear at my offices for the continuation of her deposition on Thursday, September 4th at 8:30 a.m.

You further agreed that Plaintiff will produce all outstanding documents that Defendant has requested, including those I specifically requested during the first day of Plaintiff's deposition. I informed you that, should I not receive all outstanding documents by Friday, August 22, Defendant may be required to depose Plaintiff for a third day. You said that you understood this and that Plaintiff would appear for a third day if necessary.

Moreover, as a courtesy, attached are additional medical records authorizations for Plaintiff to complete. At her deposition, Plaintiff testified that she had received treatment from the doctors and health care providers listed in the attached authorizations (although Plaintiff failed to reveal this information in Defendant's interrogatories on the subject).

Please telephone me if you have any questions.

                                        Very truly yours,

                                        Craig S. Friedman

Attachments

NYI-4115133v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

# EXHIBIT C

SANDRA D. FRELIX, P.C.
110 WALL STREET
11TH FLOOR
NEW YORK, NEW YORK 10005
212-859-3509
212-862-8212 FAX

## FACSIMILE TRANSMITTAL SHEET

| TO: Craig S. Friedman, Esq. | FROM: Sandra Frelix, Esq. |
|---|---|
| COMPANY: Jones Day | DATE: August 21, 2008 |
| FAX NUMBER: 212-755-7306 | TOTAL NO. OF PAGES INCLUDING COVER: 2 |
| PHONE NUMBER: 212-326-3414 | SENDER'S REFERENCE NUMBER: |
| RE: Maria Jackson v. The Scotts Company | YOUR REFERENCE NUMBER: Index #: 08 Civ. 1064 (LAK) |

☐ URGENT  ☐ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

NOTES/COMMENTS:

.

CONFIDENTIALITY NOTICE: Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this facsimile message is attorney privileged and confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone and return the original message to us at the above address via the U.S. Postal Service at our expense. Thank you.

**SANDRA D. FRELIX, ESQ.**
ATTORNEY AT LAW
110 WALL STREET, 11th FLOOR
NEW YORK, NEW YORK 10005
212.859.3509 Office
212.862.8212 Fax
917.572.3806 Cell

August 21, 2008

**VIA FACSIMILE**
Craig S. Friedman, Esq.
JONES DAY
222 East 41st Street
New York, New York 10017

Re: Maria Jackson v. The Scotts Company, Index #: 08 Civ. 1064 (LAK)

Dear Mr. Friedman:

Pursuant to our telephone conversation yesterday we agreed to the tentative date of Thursday September 4, 2008 at 8:30 a.m. to continue Mrs. Jackson's deposition. As you know, she was re-scheduled to have surgery on September 1, 2008 and thus, may not have the ability to sit for a deposition.

If you have any questions or concerns regarding the foregoing please contact me immediately.

Very truly yours,

Sandra D. Frelix, Esq.

# EXHIBIT D

# SANDRA D. FRELIX, P.C.
## 110 WALL STREET
## 11TH FLOOR
## NEW YORK, NEW YORK 10005
## 212-859-3509
## 212-862-8212 FAX

### FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Craig S. Friedman, Esq. | Sandra Frelix, Esq. |
| **COMPANY:** Jones Day | **DATE:** September 2, 2008 |
| **FAX NUMBER:** 212-755-7306 | **TOTAL NO. OF PAGES INCLUDING COVER:** 2 |
| **PHONE NUMBER:** 212-326-3414 | **SENDER'S REFERENCE NUMBER:** |
| **RE:** Maria Jackson v. The Scotts Company | **YOUR REFERENCE NUMBER:** Index #: 08 Civ. 1064 (LAK) |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

**NOTES/COMMENTS:**

.

**CONFIDENTIALITY NOTICE:** Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this facsimile message is attorney privileged and confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone and return the original message to us at the above address via the U.S. Postal Service at our expense. Thank you.

ARNOLD SCHONFELD, M.D., P.C.
57 WEST 57TH STREET, SUITE 511-512
NEW YORK, NY 10019
(212) 246-0366
DEA # AS 1759148
LIC. # 80015

OFFICE HOURS: BY APPOINTMENT

NAME: Mr. S. Freux
ADDRESS:                              AGE:
                                      DATE 8/26/08

Rx ILLEGAL IF NOT SAFETY BLUE BACKGROUND

℞

Pt was sick and hospitalized
She will be out of work
from Aug 21 to Sept 3 '08

THIS PRESCRIPTION WILL BE FILLED GENERICALLY
UNLESS PRESCRIBER WRITES 'd a w' IN THE BOX BELOW.

Refills _____ times
NR _____ Label _____

Dispense As Written

5BCD1147213

# EXHIBIT E

KARAN, S.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/08

RECEIVED
APR 1 1 2008
JUDGE KAPLAN'S CHAMBERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA JACKSON,

    Plaintiff,

-against-

THE SCOTTS COMPANY

    Defendant.

08 Civ. 1064 (LAK)

### Consent Scheduling Order

Upon consent of the parties, it is hereby ORDERED as follows:

1. No additional parties may be joined after May 12, 2008.

2. No amendments to the pleadings will be permitted after May 12, 2008.

3. The parties shall make required Rule 26(a)(2) disclosures with respect to:

   (a) expert witnesses on or before June 9, 2008;

   (b) rebuttal expert witnesses on or before July 14, 2008.

4. All discovery, including any depositions of experts, shall be completed on or before September 5, 2008.

5. A joint pretrial order in the form prescribed in Judge Kaplan's individual rules shall be filed on or before October 10, 2008.

6. No motion for summary judgment shall be served after the deadline fixed for submission of the pretrial order. The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pretrial order on time.

7. If any party claims a right to trial by jury, proposed voir dire questions and jury instructions shall be filed with the joint pretrial order.

8. Each party or group of parties aligned in interest shall submit not less than ten (10) days prior to trial (a) a trial brief setting forth a summary of its contentions and dealing with

any legal and evidentiary problems anticipated at trial, and (b) any motions in limine.

9. This scheduling order may be altered or amended only on a showing of good cause not foreseeable as the date hereof. Counsel should not assume that extensions will be granted as a matter of routine.

Dated: April 11, 2008

_____
Lewis A. Kaplan
United States District Judge

CONSENTED TO:

SANDRA D. FRELIX, ESQ.

By: _____
Sandra D. Frelix (SF-0421)
110 Wall Street, 11th Floor
New York, New York 10005
(212) 859-3509

*Attorneys for Plaintiff*

JONES DAY

By: _____
Craig S. Friedman (CF-1983)
Matthew W. Lampe (*pro hac vice* application pending)
222 East 41st Street
New York, New York 10017
(212) 326-3939

*Attorneys for Defendant*

- 2 -